Case 1:22-cv-00748-PLM-PJG   ECF No. 4,   PageID.25   Filed 08/16/22   Page 1 of 1

FILED - GR
August 16, 2022 4:29 PM
CLERK OF COURT
U.S. DISTRICT COURT
WESTERN DISTRICT OF MICHIGAN
BY:JMW  SCANNED BY: JW /8-16

Plaintiff moves, pursuant to Rule 65 of the Federal Rules of Civil Procedure, for entry of a Temporary Restraining Order (TRO) and Preliminary Injunction enjoining Defendants Smith and Wren from enforcing the terms of the Letter (see attached) prohibiting me from entering Newaygo County Parks, pending entry of a final judgment in this action.

This Motion is based on the following grounds:

1) On August 5, 2022, I had a conversation with an individual on the Dragon Trail in Newaygo County Parks regarding his use of a motorized bicycle on the Dragon Trail.
2) Following that conversation, I received a phone call from Nicholas Smith, Director of Newaygo County Parks and Recreation, during which he stated that I was banned from all Newaygo County parks. Several days later I received the attached Letter stating that I was banned. I did not receive procedural due process (notice, an opportunity to be heard, and an impartial tribunal) before being prohibited from entering Newaygo County parks. Further details of these conversations and events are set forth in my Complaint.
3) By banning me from Newaygo County parks without due process, Defendants Smith and Wren are violating my 14th Amendment right not to be deprived of the liberties of freedom of expression and access to public fora without due process. *See Joseph Burstyn, Inc. v. Wilson*, 343 U.S. 495, 500 (1952) (free speech is "within the liberty safeguarded by the Due Process Clause of the Fourteenth Amendment from invasion by state action.") Defendants Smith and Wren are also violating my substantive 1st Amendment rights to free expression and access to the park, a traditional public forum.
4) There is a substantial likelihood that I will establish these 1st and 14th Amendment violations at trial.
5) I am suffering irreparable injury as a result of these ongoing violations of my civil rights. *See Mayerova v. Eastern Michigan University*, 346 F. Supp. 3d 983, 998 (E.D. Mich. 2018) ("there is 'a presumption of an irreparable injury when a plaintiff has shown a violation of a civil rights statute.'")
6) A Temporary Restraining Order is necessary to preserve the status quo and to prevent the ongoing harm resulting from these civil rights violations.
7) Any harm to Defendants that would result from enjoining the enforcement of the terms of the Letter—i.e., allowing me to visit the park pending resolution of this action—is outweighed by the harm I am facing from these ongoing violations of my civil rights.
8) Granting this Motion will serve the public's interest in protection of individual civil liberties and rights.
9) I provided notice of my intent to seek this injunctive relief to Michael Homier, attorney for Newaygo County, via email on August 10, 2022. I have not received a substantive response.

1:22-cv-748
**Paul L. Maloney**
**United States District Judge**

8-16-2022