UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

| | |
|---|---|
| LANE MYERS, )<br>   Plaintiff, )<br> )<br>-v- )<br> )<br>CHRISTOPHER WREN, *et al.* )<br>   Defendants. )<br> ) | No. 1:22-cv-748<br><br>Honorable Paul L. Maloney |

## ORDER DENYING MOTION FOR TEMPORARY RESTRAINING ORDER

This matter is before the Court on Plaintiff Lane Myers's motion for a temporary restraining order ("TRO") enjoining Defendants from enforcing the terms of a letter from the Newaygo County Parks and Recreation Commission prohibiting Plaintiff from entering any property owned or operated by the Commission (ECF No. 4) For the following reasons, the Court will deny the motion.

Plaintiff's complaint alleges the following facts (*see* ECF No. 1). On August 5, 2022, Plaintiff was riding his bicycle on the Dragon Trail on the property of a Newaygo County Park. On his ride, he encountered an individual on an electric motorcycle. Apparently when Plaintiff and this individual approached each other, they had to swerve off the trail and they fell off their bike and motorcycle. Plaintiff then informed the individual that motor vehicles are not permitted on the trail and offered to show him signs notifying riders of this prohibition. The individual allegedly did not care, told Plaintiff he would continue to ride his motorcycle on the trail, and took off down the trail.

Plaintiff then continued his ride down the trail. Somewhere near the Sandy Beach Park, Plaintiff encountered the motorcycle rider again. The rider then stated "Where are you going? The police are on their way." Plaintiff alleges that Sergeant Frericks of the Newaygo County Sheriff's Department, a named defendant in this matter, arrived at the park and talked to Plaintiff. Plaintiff says that he informed Sergeant Frericks about the motorcycle's violation of the trail's no-motor-vehicle policy, but the Sergeant said he would not be enforcing the violation of the policy and that Plaintiff was free to go.

Then one hour later, Plaintiff received a call from Defendant Nicholas Smith, the Director of Parks and Recreation for Newaygo County, who informed Plaintiff that, based on his conduct on the Dragon Trail earlier that day, he was prohibited from entering a Newaygo County Park.[1] Plaintiff allegedly asked for a hearing, but he was denied. He asserts that, through numerous other communications with county representatives, he asked for "an opportunity to be heard," and all these requests have been denied or ignored.

On August 9, 2022, Plaintiff received a letter from Defendant Smith on behalf of the Newaygo County Park & Recreation Commission (the "Commission") (ECF No. 1-1), reiterating what he and Plaintiff talked about over the phone on August 5. The letter informed Plaintiff that his conduct on the Dragon Trail had violated the Newaygo County Parks Ordinance #1/2020 Section 18 b & c, (the "Ordinance") which states:

> Section 18: Personal conduct
> No person shall:

---

[1] Plaintiff's complaint specifically states that Defendant Smith informed Plaintiff that he "was being 'trespassed from Newaygo County parks.'" (ECF No. 1 at PageID.6). The presumes that Plaintiff means that he was informed he is prohibited from entering a Newaygo County Park, and that if he did so, he would be trespassing.

2

>b. Engage in any violent, abusive, loud, boisterous, vulgar, lewd, wanton, obscene, or otherwise disorderly conduct tending to create a breach of the peace, or disturb or annoy others, while on any Commission property.
>
>c. Interact in a violent, abusive, loud, boisterous, vulgar, lewd, wanton, obscene, or otherwise disorderly manner towards Commission Staff, park customers, or other members of the public on Commission property.

(ECF No. 1-1). Because Plaintiff violated this ordinance, the letter stated that Plaintiff is prohibited from entering Commission-owned property, and if he did so, "it will be considered trespassing, law enforcement will be contacted, and you will be prosecuted" (*Id.*).

Based on these facts, Plaintiff filed the present matter, alleging violations of his First, Fourth, Fifth, and Fourteenth Amendment rights. He also seeks a temporary restraining order and preliminary injunction enjoining Defendants from enforcing Plaintiff's ban from entering Commission-owned property (ECF No. 4).

### A. Procedural Requirements

As a preliminary matter, Plaintiff has not met the requisite procedural requirements necessary for this Court to issue a TRO. The Court may not issue a TRO without written or oral notice to the adverse party unless specific facts in an affidavit or a verified complaint show that irreparable injury will result before the adverse party can be heard in opposition. Fed. R. Civ. P. 65(b)(1)(A). Also, Plaintiff must certify in writing any efforts made to give notice to the other party and why it should not be required. Fed. R. Civ. P. 65(b)(1)(B). First, Plaintiff has not filed any affidavits or a verified complaint attesting to the allegations in the complaint. The fillable-form-complaint that Plaintiff used fails to contain any provision asserting that Plaintiff attests or swears to the allegations in the complaint, and it thus fails to constitute a verified complaint. Second, Plaintiff has not included a certification of any effort

3

made to give notice, nor has he given any reason why notice should not be required. The motion for a TRO can be denied on procedural grounds alone.

### B. Standard for a TRO

The decision to grant or deny a temporary restraining order falls within the discretion of a district court. *See Ohio Republican Party v. Brunner*, 543 F.3d 357, 361 (6th Cir. 2008) ("The district court's decision to grant a temporary restraining order, when appealable, is reviewed by this court for abuse of discretion."). Under Rule 65, a court may issue a temporary restraining order, without notice to the adverse party, only if two conditions are met. Fed. R. Civ. P. 65(b)(1). First, the moving party must establish specific facts through an affidavit or a verified complaint showing that an immediate and irreparable injury will result to the moving party before the adverse party can be heard in opposition to the motion. Fed. R. Civ. P. 65(b)(1)(A). Second, the counsel for the moving party must certify in writing any efforts made to give notice and the reasons why notice should not be required. Fed. R. Civ. P. 65(b)(1)(B). In addition, the court must consider each of four factors: (1) whether the moving party demonstrates a strong likelihood of success on the merits; (2) whether the moving party would suffer irreparable injury without the order; (3) whether the order would cause substantial harm to others; and (4) whether the public interest would be served by the order. *Ohio Republican Party*, 543 F.3d at 361 (quoting *Northeast Ohio Coalition for Homeless & Serv. Emps. Int'l Union v. Blackwell*, 467 F.3d 999, 1009 (6th Cir. 2006)). The four factors are not prerequisites that must be met, but they are interrelated concerns that must be balanced together. *See Northeast Ohio Coalition*, 467 F.3d at 1009.

4

Beginning with irreparable harm, Plaintiff has failed to make this showing. An irreparable harm is an extraordinary harm that cannot be properly compensated by money damages. *See Winter v. NRDC*, 555 U.S. 7, 22 (2008). Plaintiff argues that there is a presumption of irreparable injury when a plaintiff's civil rights have been violated (ECF No. 4 (citing *Mayerova v. Eastern Mich. Univ.*, 346 F. Supp. 3d 983, 998 (E.D. Mich. 2018))). But for the reasons articulated below, Plaintiff has failed to show that Defendants violated any of his civil or constitutional rights. There is no irreparable harm where no violation of Plaintiff's rights has occurred. *See, e.g., Bonnell v. Lorenzo*, 241 F.3d 800, 809 (6th Cir. 2001) (explaining that if success on the merits is unlikely, courts are not required to issue an injunction); *Elrod v. Burns*, 427 U.S. 347, 373 (1976) (finding irreparable injury where the plaintiffs were likely to succeed on the merits of their First Amendment claim). Moreover, Plaintiff has not asserted that his injuries cannot properly be remedied by compensatory damages. *See Bonnell*, 241 F.3d at 825 ("[W]here the injury is purely economic in nature, [injunctive relief] is not necessary in any event."). Therefore, the Court finds that Plaintiff has failed to demonstrate the presence of an irreparable injury absent the issuance of a TRO.

Regarding the first factor, a showing of likelihood of success on the merits, Plaintiff has also failed to satisfy his burden. Plaintiff's primary complaint is that he has been banned from all Newaygo County Parks without due process. While the Fourteenth Amendment prohibits states from depriving any person of life, liberty, or property without due process of the law, such protected property interests "'are not by the Constitution. Rather, they are created and their dimensions are defined by' an independent source such as state statutes or rules entitling the citizen to certain benefits." *Goss v. Lopez*, 419 U.S. 565 (1975) (quoting

5

*Bd. of Regents v. Roth*, 408 U.S. 564, 577 (1972)). In order to be entitled to procedural due process protections, Plaintiff must prove that the benefit he is allegedly being deprived of—access to the Newaygo County Parks—is a property interest created by state law. Plaintiff has provided no authority showing that he has a protected property interest in using Newaygo County Parks. Thus, Plaintiff is unlikely to succeed on the merits of his Fourteenth Amendment claim.

Plaintiff is also unlikely to succeed on the merits of his First Amendment claim. He broadly asserts that Defendants have violated his rights to free speech, assembly, and access to public lands by enforcing the Ordinance that permits the County to exclude him from public property (ECF No. 1 at PageID.4). However, "[g]enerally speaking, a municipality enjoys considerable flexibility to establish laws governing personal conduct for the enjoyment of public places or restricting access to public areas." *Embry v. City of Cloverport*, No. 3:02CV-560-H, 2004 WL 191613, at *2 (W.D. Ky. Jan. 22, 2004). Moreover, the right to access public fora is not unlimited. *See Lutz v. City of York*, 899 F.2d 255, 269 (3d Cir. 1990) ("Unlimited access to public fora or roadways would not result in maximizing individuals' opportunity to engage in protected activity, but chaos."). Plaintiff has failed to show that he has an unlimited right to access Newaygo County Parks, and the Court declines to reach such a conclusion in an order contemplating the issuance of a TRO.

As for Plaintiff's argument that the Ordinance violates his free speech rights, Plaintiff has failed to show (or even allege) that the Ordinance does not pass intermediate scrutiny. In cases where the state enforces content-neutral regulations to public fora, the regulation must pass intermediate scrutiny. *Perry Educ. Ass'n v. Perry Local Educators' Ass'n*, 460 U.S.

6

Case 1:22-cv-00748-PLM-PJG   ECF No. 7, PageID.34   Filed 08/22/22   Page 7 of 8

37, 45 (1983) ("The state may also enforce regulations of the time, place, and manner of expression which are content-neutral, are narrowly tailored to serve a significant government interest, and leave open ample alternative channels of communication."). The Ordinance, which restricts some forms of protected speech—i.e., loud, boisterous, and lewd speech—likely passes intermediate scrutiny by achieving the significant government purpose of regulating the conduct in public parks so that the public can fully enjoy these public places. Again, Plaintiff is unlikely to succeed on the merits of this substantive claim.

Finally, the last two factors—whether others and the public interest would be served by a TRO—weigh against issuing the order. Defendants prohibited Plaintiff from entering Newaygo County Parks due to Plaintiff's disruptive behavior—behavior that would negatively impact individuals trying to use the public parks. The public could be harmed by Plaintiff's disruptive behavior if he is permitted to enter Commission-owned property.

In sum, a TRO is an extraordinary remedy that should be reserved for emergent situations where an individual may suffer an irreparable harm during the time required to give notice to the opposing party. *See Hacker v. Fed. Bureau of Prisons*, 450 F. Supp. 2d 705, 710 (E.D. Mich. 2006). Not only has Plaintiff failed to demonstrate any exigent circumstances requiring the issuance of a TRO, but he has also failed to even allege that he may suffer some harm in the time that he would otherwise be required to give notice to Defendants. Given that all factors weigh in favor of denying Plaintiff's motion for a temporary restraining order, Plaintiff's motion is denied.

Accordingly,

7

**IT IS HEREBY ORDERED** that Plaintiff's motion for a temporary restraining order (ECF No. 4) is **DENIED.**

**IT IS SO ORDERED.**

Date: August 22, 2022                                       /s/ Paul L. Maloney
                                                                            Paul L. Maloney
                                                                            United States District Judge