UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

---

| | |
|---|---|
| LANE MYERS | Case No: 1:22-cv-00748 |
| Plaintiff, | |
| v. | Hon. Paul L. Maloney |
| CHRISTOPHER WREN, NICHOLAS SMITH and UNKNOWN FRERIKS, | **DEFENDANTS' STATUS REPORT** |
| Defendants. | |

---

| | |
|---|---|
| Lane Myers | Michael D. Homier (P60318) |
| Pro Se | Leslie A. Dickinson (P78850) |
| 1583 Grange Rd | FOSTER, SWIFT, COLLINS & |
| Trenton, MI 48183 | SMITH, P.C. |
| (313) 587-1880 | Attorneys for Defendants |
| | 1700 E. Beltline Ave NE, Suite 200 |
| | Grand Rapids, MI 49525 |
| | (616) 726-2200 |

---

## DEFENDANTS' STATUS REPORT

Defendants' counsel scheduled a telephone conference with Plaintiff on September 26, 2022 to coordinate preparation of a Joint Status Report pursuant to this Court's September 13, 2022 Order for Scheduling Conference. At the beginning of the call, Plaintiff advised he was recording the call and intended to post the recording on YouTube. Accordingly, Defendants' counsel terminated the call and the parties were not able to agree on or prepare a Joint Status Report. Defendants file their own status report as follows:

A Rule 16 Scheduling Conference is scheduled for   October 4, 2022 at 3:00 pm, before Hon. Phillip J. Green. Appearing for the parties as counsel will be:

   For Defendant:    Michael Homier and/or Leslie Dickinson

1.     Jurisdiction:   The basis for the Court's jurisdiction is: Plaintiff alleges that this court has jurisdiction under 28 U.S.C. § 1983. Defendants leave Plaintiff to his proofs.

2.         Jury or Non−Jury:  Defendants rely on Plaintiff's jury demand but only as to any damage claims. Defendants state that Plaintiff is not entitled to a jury trial as to any equitable or injunctive relief under the Seventh Amendment, FRCP 2, 38(a), and 28 USC. *See, e.g. Black v Boyd,* 248 F2d 156, 162 (6th Cir 1957).

3.      Judicial Availability: Defendants agree to have a United States Magistrate Judge conduct any and all further proceedings in the case, including trial, and to order the entry of final judgment.

4.      Statement of the Case:

<u>Defendants' Statement</u>: This lawsuit arose because Plaintiff verbally harassed, yelled at, and chased down another park visitor, Ethan Wright, for riding an electric mountain bike on a public park trail in Newaygo County (the "County"). As a result of his actions, the County Parks Department prohibited Plaintiff from entering county park property. Like his ambush of Mr. Wright, it is now abundantly clear from Plaintiff's behavior over the last several weeks that Plaintiff's sole goal of filing this lawsuit is to harass and berate County employees and force the County to waste taxpayer dollars in defense of this frivolous lawsuit. Plaintiff has hounded County employees (including those not a party to this lawsuit), officials, and its attorney with dozens of text messages, emails, and social media posts/comments with threats, demands, and other nonsensical messages in a clear effort to harass and intimidate the County and its employees and officials. As the Court has already identified in its Order denying Plaintiff's motion for a temporary restraining order and preliminary injunction, Plaintiff's claims are meritless.

Plaintiff filed his Complaint pro se on August 16, 2022 along with a Motion for a Temporary Restraining Order and Preliminary Injunction to "enjoin Defendants Smith and Wren from enforcing the terms of the [Trespass Letter] prohibiting [Plaintiff] from entering Newaygo County Parks".  The Court correctly denied Plaintiff's Motion on August 22, 2022 because (1) Plaintiff failed to make a showing of irreparable harm, (2) Plaintiff is unlikely to succeed on the merits of his claims and (3) allowing the Plaintiff to enter the parks with his disruptive behavior could negatively impact and harm individuals trying to use the public parks. Defendants filed their answer and affirmative defenses on September 12, 2022. A Rule 16 Scheduling Conference is set for October 4, 2022. Defendants will seek to dismiss the Complaint.

5.      Prospects of Settlement:      The status of settlement negotiations is:

The Parties have not yet engaged in any meaningful settlement negotiations.

6.      Pendent State Claims: This case does not include pendent state claims.

7.      Joinder of Parties and Amendment of Pleadings:  Defendants do not expect to file any motions for joinder of parties to this action or motions to amend the pleadings.

8.      Disclosures and Exchanges:
        (a)     FED. R. CIV. P. 26(a)(1) requires initial disclosures unless the Court orders otherwise. Defendants propose the following schedule for Rule 26(a)(1) disclosures:

>The parties will provide the other party with their Rule 26(a)(1) disclosures by **October 31, 2022**
>
>Defendants expect to be able to furnish the names of defendants' expert witness(es) **December 31, 2022**.
>
>It would not be advisable in this case to exchange written expert witness reports as contemplated by FED. R. CIV. P. 26(a)(2).
>
>The parties are unable to agree on voluntary production at this time.

9. Discovery:  Defendants believe that all discovery proceedings can be completed by **February 10, 2023**.

>Defendants recommend the following discovery plan:
>
>>The parties propose no special limitations on the number of depositions, interrogatories, or requests for admissions for this case beyond those limitations already specified by the Federal Rules of Civil Procedure.  The parties propose no special modification of deposition time limits for this case.

10. Disclosure or Discovery of Electronically Stored Information:

>Defendants do not anticipate discovery of any ESI.

11. Assertion of Claims of Privilege or Work−Product Immunity After Production: Defendants recommend the following plan for assertion of claims of privilege or work-product immunity after production:

>The parties agree that, in the event of inadvertent production of information claimed as privileged or subject to work-product or trial-preparation protection, the producing party must notify the receiving party of the inadvertent production.  After notification, the receiving party must return the information, and may not use it or disclose it to third-parties until the claim is resolved.  If disclosed before an assertion of privilege or immunity is made, appropriate steps to recall must be taken.  The receiving party may submit the information to the Court to decide if it is protected or privileged as claimed and, if so, whether a waiver has occurred.  The producing party must submit its claim on a timely basis.

12. Motions: Defendants acknowledge that W.D. Mich. LCivR 7.1(d) requires the moving party to ascertain whether the motion will be opposed, and in the case of all nondispositive motions, counsel or pro se parties involved in the dispute shall confer in a good−faith effort to resolve the dispute. In addition, all nondispositive motions shall be accompanied by a separately filed certificate.

The following dispositive motions are contemplated by Defendants:

    Motion for Summary Judgment:

Defendants anticipate that all dispositive motions will be filed by **March 31, 2023.**

13.    Alternative Dispute Resolution:  In the interest of conserving judicial resources, Defendants acknowledge that the Court will require the parties to participate in some form of Alternative Dispute Resolution.

Defendants recommend that this case be submitted to the following method(s) of alternative dispute resolution:
        Defendants: Voluntary Facilitative Mediation
For the local rules regarding all forms of ADR used in this district and for lists of mediators, case evaluators and arbitrators, see the Court's website at www.miwd.uscourts.gov.

14.    Length of Trial:    Counsel estimate the trial will last approximately 1 day for defendant's case

15.    Electronic Document Filing System: Counsel are reminded that Local Civil Rule 5.7(a) requires attorneys to file and serve all documents electronically, by means of the Court's CM/ECF system, unless the attorney has been specifically exempted by the Court for cause or a particular document is not eligible for electronic filing under the rule. The Court expects all counsel to abide by the requirements of this rule. Pro se parties (litigants representing themselves without the assistance of a lawyer) must submit their documents to the Clerk on paper, in a form complying with the requirements of the local rules. Counsel opposing a pro se party must file documents electronically but serve pro se parties with paper documents in the traditional manner.

Dated: September 26, 2022

        FOSTER, SWIFT, COLLINS & SMITH, P.C.

        By_____
        Michael D. Homier (P60318)
        Leslie A. Dickinson (P78850)
        Attorneys for Defendants
        1700 East Beltline, N.E., Suite 200
        Grand Rapids, MI 49525
        (616) 726-2230

83934:00016:6675635-1