FILED - GR
September 29, 2022 2:50 PM
CLERK OF COURT
U.S. DISTRICT COURT
WESTERN DISTRICT OF MICHIGAN
BY:JMW   SCANNED BY: KB /9/29

UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

LANE MYERS

    Plaintiff,

v.

CHRISTOPHER WREN, NICHOLAS SMITH and UNKNOWN FRERIKS,

    Defendants.

Case No: 1:22-cv-00748

Hon. Paul L. Maloney

**JOINT STATUS REPORT**

Lane Myers
Pro Se
1583 Grange Rd
Trenton, MI 48183
(313) 587-1880

Michael D. Homier (P60318)
Leslie A. Dickinson (P78850)
FOSTER, SWIFT, COLLINS & SMITH, P.C.
Attorneys for Defendants
1700 E. Beltline Ave NE, Suite 200
Grand Rapids, MI 49525
(616) 726-2200

## JOINT STATUS REPORT

A Rule 16 Scheduling Conference is scheduled for   October 4, 2022 at 3:00 pm, before Hon. Phillip J. Green. Appearing for the parties as counsel will be:

    For Plaintiff:    Lane J. Myers

    For Defendant:    Michael Homier and/or Leslie Dickinson

1.    Jurisdiction:   The basis for the Court's jurisdiction is: This court has jurisdiction under 28 U.S.C. § 1983.

2.    Jury or Non–Jury:  Plaintiff Statement: No conversation has taken place because defense counsel refuses to engage in one. Defense continues to misrepresent Plaintiffs position on this. Plaintiff demands a jury trial on all claims, including claims of injunctive relief. This court has jurisdiction under 28 U.S.C. § 1332.

Defense statement: This case is to be tried before a jury as to any damage claims, and by the Court as to any equitable or injunctive relief. This court has jurisdiction under 28 U.S.C. § 1332.

3. Judicial Availability: Plaintiff Statement: No conversation has taken place because the defense refuses to engage in one. Defense continues to misrepresent Plaintiffs position on this. Plaintiff DOES NOT AGREE to have a United States Magistrate Judge conduct any and all further proceedings in the case, including trial, and to order the entry of final judgment.

Defense Statement:The parties agree to have a United States Magistrate Judge conduct any and all further proceedings in the case, including trial, and to order the entry of final judgment.

4. Statement of the Case: This case involves:

Plaintiff's Statement: This lawsuit arose because Ethan Wright was knowingly riding his motorized bicycle illegally on the Dragon Trail in Newaygo County, in clear violation of posted laws. Mr.Wright's unlawful and self serving behavior caused a collision with the Plaintiff on the Dragon trail. Upon standing up and walking past each other, Plaintiff realized Mr. Wright was in violation of the law and informed Mr. Wright he was in clear violation of the law, as allowed under the 1st Amendment. Mr Wright began to discuss why he does not agree with the law making motorized bikes illegal. At this time the Plaintiff began to record the conversation, and has provided that to defendants and their counsel, and will be introducing as evidence. At the end of the conversation Mr Wright sped off on his motorized bicycle and called 911 alleging Plaintiff was chasing him and yelling at him. Plaintiff has GPS data, heart rate data, the testimony of Mr. Wright himself on the police bodycam, as well as the 911 call to show that Plaintiff was 16 minutes behind Mr. Wright over 3 miles,not chasing him. Upon arriving at Sandy Beach park Plaintiff encountered Mr. Wright and Sgt Freriks of the Newaygo County Sheriff. Plaintiff instructed Sgt Freriks he has video of his conversation with Mr Wright so make sure he does an

investigation to gather the facts. Sgt Freriks told the Plaintiff he was free to go at this time and was not required to provide his personal information because he was not accused of any crime or violations. Sgt. Freriks then had a conversation with Mr. Wright and not one time during his entire investigation into why Mr. Wright called 911 did he ask a single question related to the Plaintiff or his alleged actions or interactions with Mr. Wright. This is all visible on the police bodycam footage. Another objective piece of evidence. Deputy Kalinowski also on the scene did not ask Mr Wright a single question about the allegations of the Plaintiff chasing or threatening him, in fact he spent 5 minutes calling Plaintiff a crazy lunatic, as well as other forms of defamation, and invading Plaintiffs privacy. All visible on his own police bodycam footage. Then based on no investigation, and clearly from the deputies bias against Plaintiff,, the deputies violated Plaintiffs 4th and 5th amendment rights against illegal searches of private information stored in government records, and self incrimination. This occurred when the deputies accessed Plaintiffs information stored in public records without a written request from another agency, or Plaintiffs permission. They then gave that to another agency acting under the color of state. As covered in USC 5. As the defense has even acknowledged in their own filings, Plaintiff was not detained, searched, or arrested because no crime had taken place. Plaintiff was not accused of any unlawful behavior, or if Plaintiff was, it was in violation of the unlawful park ordinance. Plaintiff also refused to provide his name and information at the scene invoking Plaintiffs right to remain silent and plead the 5th. They then violated those protections under the 5th amendment when they gave away Plaintiffs personal information to another agency without a written request or Plaintiffs permission. 14th amendment violations occurred when the park chose to use an unconstitutional park ordinance to deprive Plaintiff of the Liberty of using free speech, publicly assemble, right to public fora, without due process afforded when attempting to take away life,

liberty, or property. Plaintiff believes there is overwhelming objective evidence to support Plaintiffs claim, as well as completely disprove any and all statements from the defense. Although the TRO was denied, Plaintiff believes that the court did not correctly interpret the facts alleged in it, and believes upon further scrutiny by the court this claim will have tremendous merit despite any and all attempts by the Defense to discredit the claim. Losing a TRO and still winning the lawsuit happens all the time. Defendants have had over 50 days to settle this case outside of court intervention.

Defendants' Statement:This lawsuit arose because Plaintiff verbally harassed, yelled at, and chased down another park visitor, Ethan Wright, for riding an electric mountain bike on a public park trail in Newaygo County (the "County"). As a result of his actions, the County Parks Department prohibited Plaintiff from entering county park property. Like his ambush of Mr. Wright, it is now abundantly clear from Plaintiff's behavior over the last several weeks that Plaintiff's sole goal of filing this lawsuit is to harass and berate County employees and force the County to waste taxpayer dollars in defense of this frivolous lawsuit. Plaintiff has hounded County employees (including those not a party to this lawsuit), officials, and its attorney with dozens of text messages, emails, and social media posts/comments with threats, demands, and other nonsensical messages in a clear effort to harass and intimidate the County and its employees and officials. As the Court has already identified in its Order denying Plaintiff's motion for a temporary restraining order and preliminary injunction, Plaintiff's claims are meritless.

Plaintiff filed his Complaint pro se on August 16, 2022 along with a Motion for a Temporary Restraining Order and Preliminary Injunction to "enjoin Defendants Smith and Wren from enforcing the terms of the [Trespass Letter] prohibiting [Plaintiff] from entering Newaygo County Parks". The Court correctly denied Plaintiff's Motion on August 22, 2022 because (1) Plaintiff failed to make a showing of irreparable harm, (2) Plaintiff is unlikely to succeed on the merits of his claims and (3) allowing the Plaintiff to enter the parks with his disruptive behavior could negatively impact and harm individuals trying to use the public parks. Defendants filed their answer and affirmative defenses on September 12, 2022. A Rule 16 Scheduling Conference is set for October 4, 2022. (Defendants will seek to dismiss the Complaint.

5. Prospects of Settlement: The status of settlement negotiations is:

Plaintiff Statement: Defense has had over 50 days with all the information to settle this outside of court intervention. Defense continues to misrepresent Plaintiffs position on this.

Defense statement:
The Parties have not yet engaged in any meaningful settlement negotiations.

6.  Pendent State Claims: Plaintiff statement: The defendants and defense counsel have been notified on multiple occasions of the Plaintiffs intent to file a State Claim for Defamation of Character against Deputy Kalinowski, and Sgt Freriks of the Newaygo County Sheriff department. This claim is pending the release of more discovery that the defendants have refused to turn over for over 50 days. Defense continues to misrepresent Plaintiffs position on this.

Defense statement:This case does not include pendent state claims.

7.  Joinder of Parties and Amendment of Pleadings:
Plaintiff Statement: Plaintiff has notified defendants,possible defendants and defense counsel on numerous occasions about their intent to amend the claim and add more defendants as well as possible monetary damages pending the release of more discovery. Defense continues to misrepresent Plaintiffs position on this.

Defense Statement:The parties do not expect to file any motions for joinder of parties to this action or motions to amend the pleadings.

8.  Disclosures and Exchanges:
    (a)  FED. R. CIV. P. 26(a)(1) requires initial disclosures unless the Court orders otherwise. The parties propose the following schedule for Rule 26(a)(1) disclosures:

    Plaintiff Statement: The Plaintiff has been requesting information related to Rule 26a1 disclosures for over 50 days prior to this Schedule 16 conference without a single response from defendants, defense counsel, or possible defendants to be added under rule 26 disclosures. Plaintiff needs either more time or the defense to cooperate and turn over discovery they have been withholding up to this point. Plaintiff is willing to meet the defense proposed Oct 31 deadline provided the defense turns over some readily available discovery the defendants have already denied under FOIA. Defense continues to misrepresent Plaintiffs position on this.

    Specifically, but not limited to -
    Bodycam footage from Deputy Kalinowski during a July 2nd conversation in the lobby of the Newaygo County Sheriff Department. At approximately 12:15pm. Deputy Kalinowski refers to this conversation in the bodycam on August 5th proving its existence.

    Bodycam footage from Sgt Freriks during a July 5th conversation standing outside the main entrance of the newaygo sheriff department at approximately 11am. Sgt. Freriks refers to it in his bodycam footage on August 5th proving its existence.

Defense Statement: The parties will provide the other party with their Rule 26(a)(1) disclosures by **October 31, 2022**

(b)     Plaintiff Statement: The plaintiff expects to be able to furnish the names of the plaintiff's expert witness(es) by Jan 31st, 2023___.

Defense Statement: Defendant expects to be able to furnish the names of defendant's expert witness(es) by    .

(c)     Plaintiff Statement: No conversation has taken place because the defense counsel refused to engage in one. Plaintiff agrees to exchange reports if an expert witness is retained.

Defense Statement: It would not be advisable in this case to exchange written expert witness reports as contemplated by FED. R. CIV. P. 26(a)(2).

(d)     Plaintiff Statement: The plaintiff has since first contact with defendants amd defense counsel not only been 100 percent transparent about the contents of his claim, he has provided and will continue provide multiple pieces of objective evidence showing the validity of his claims. Defense counsel has been in possession of fact based objective evidence for over 50 days. Plaintiff has requested numerous pieces of information with not so much as even a reply saying no. Complete silence. A conversation about voluntary production has never even taken place due to defense counsel being unwilling to have one, due to them not even taking this claim serious. Defense continues to misrepresent Plaintiffs position on this.

Defense Statement: The parties are unable to agree on voluntary production at this time.

9.    Discovery:  Plaintiff Statement: No conversation about discovery has taken place because as noted several times already defense counsel has refused to engage in any discussion about it. Plaintiff can show the court numerous attempts to talk to defense counsel about Discovery prior to filing this claim, and continuing after that, up until this conference. In order to agree on a deadline for Discovery that would require the defense to engage in one and then act in good faith by producing the discovery in a timely manner. Which up until this point they have made no attempts to do. Plaintiff is open to the possibility of a shorter time for discovery pending the cooperation of the defendants and defense counsel. Defense continues to misrepresent Plaintiffs position on this.

Defense Statement: The parties believe that all discovery proceedings can be completed by **March 31, 2023**.

The parties recommend the following discovery plan:

> The parties propose no special limitations on the number of depositions, interrogatories, or requests for admissions for this case beyond those limitations already specified by the Federal Rules of Civil Procedure. The parties propose no special modification of deposition time limits for this case.

10.    Disclosure or Discovery of Electronically Stored Information:

Plaintiff Statement: No conversation has taken place because defense refuse to engage in one. Plaintiff is requesting many documents that are electronically stored including but not limited to; emails, bodycam footage, radio calls, electronic records requests, phone conversations, gps data, heart rate data, cell phone video, text messages, facebook posts, and other things. Plaintiff has been forthcoming with defense about this for over 50 days. The defense continues to misrepresent the Plaintiffs position in this report.
 Defense Statement:  The parties have discussed the production of electronically stored information and suggest that such information be handled as follows:


The parties do not anticipate discovery of any ESI.

11.    Assertion of Claims of Privilege or Work−Product Immunity After Production:

Plaintiff Statement: No conversation has taken place in regards to this because defense counsel has refused to engage in one. Defense continues to misrepresent Plaintiffs position in this report. Plaintiff agrees to Defense statement, with the right to always file a motion later to amend.

> Defense Statement:The parties agree that, in the event of inadvertent production of information claimed as privileged or subject to work-product or trial-preparation protection, the producing party must notify the receiving party of the inadvertent production.  After notification, the receiving party must return the information, and may not use it or disclose it to third-parties until the claim is resolved.  If disclosed before an assertion of privilege or immunity is made, appropriate steps to recall must be taken.  The receiving party may submit the information to the Court to decide if it is protected or privileged as claimed and, if so, whether a waiver has occurred.  The producing party must submit its claim on a timely basis.


12.    Motions: The parties acknowledge that W.D. Mich. LCivR 7.1(d) requires the moving party to ascertain whether the motion will be opposed, and in the case of all nondispositive motions, counsel or pro se parties involved in the dispute shall confer in a good−faith effort to resolve the dispute. In addition, all nondispositive motions shall be accompanied by a separately filed certificate.

Plaintiff statement: No conversation has taken place because the defense counsel refuses to engage in one. Plaintiff contemplates a Motion for Summary judgment. Plaintiff plans to contest any dispositive motions with an immediate response. Plaintiff agrees to the April 30 2023 timeline.

Defense statement:
The following dispositive motions are contemplated by each party:

    Plaintiff:

    Defendant: Motion for Summary Judgment:

The parties anticipate that all dispositive motions will be filed by **April 30, 2023.**

13.     Alternative Dispute Resolution: In the interest of conserving judicial resources, the parties acknowledge that the Court will require the parties to participate in some form of Alternative Dispute Resolution.

Indicate what discovery, if any, is needed prior to conducting alternative dispute resolution in order to make alternative dispute resolution most effective. Indicate a preferred time frame for conducting alternative dispute resolution.

Plaintiff Statement: Plaintiff requests the following pieces of discovery prior to any ADR. No conversation has taken place because defense counsel refuse to engage in one. Defense continues to misrepresent Plaintiffs position on this. Plaintiff wishes to engage in mediation as soon as possible once discovery is complete.

    Specifically, but not limited to -
    Bodycam footage from Deputy Kalinowski during a July 2nd conversation in the lobby of the Newaygo County Sheriff Department. At approximately 12:15pm. Deputy Kalinowski refers to this conversation in the bodycam on August 5th proving its existence.

    Bodycam footage from Sgt Freriks during a July 5th conversation standing outside the main entrance of the newaygo sheriff department at approximately 11am. Sgt. Freriks refers to it in his bodycam footage on August 5th proving its existence.

Defense Statement:

The parties recommend that this case be submitted to the following method(s) of alternative dispute resolution:

        Plaintiff: Voluntary Facilitative Mediation

        Defendant: Voluntary Facilitative Mediation

For the local rules regarding all forms of ADR used in this district and for lists of mediators, case evaluators and arbitrators, see the Court's website at www.miwd.uscourts.gov.

14. Length of Trial:   Counsel estimate the trial will last approximately ___ days total, allocated as follows:

_3___ days for plaintiff's case,

0.5 days for defendant's case

15. Electronic Document Filing System: Counsel are reminded that Local Civil Rule 5.7(a) requires attorneys to file and serve all documents electronically, by means of the Court's CM/ECF system, unless the attorney has been specifically exempted by the Court for cause or a particular document is not eligible for electronic filing under the rule. The Court expects all counsel to abide by the requirements of this rule. Pro se parties (litigants representing themselves without the assistance of a lawyer) must submit their documents to the Clerk on paper, in a form complying with the requirements of the local rules. Counsel opposing a pro se party must file documents electronically but serve pro se parties with paper documents in the traditional manner.

_____
Lane Myers
Pro Se
1583 Grange Rd
Trenton, MI 48183
(313) 587-1880


FOSTER, SWIFT, COLLINS & SMITH, P.C.

By_____
Michael D. Homier (P60318)
Leslie A. Dickinson (P78850)
Attorneys for Defendants
1700 East Beltline, N.E., Suite 200
Grand Rapids, MI 49525
(616) 726-2230

83934:00016:6675635-1