# EXHIBIT B

 Gmail

**Lane Myers <meyerlansky879@gmail.com>**

---

## No trespassing order
2 messages

---

**Lane Myers** <meyerlansky879@gmail.com>
To: nicks@co.newaygo.mi.us

Sat, Aug 6, 2022 at 10:25 AM

Hello, I received a call on Friday August 5th at approximately 3:30 pm in regards to my alleged conduct on a Newaygo County Park property. I was informed by a man who identified himself as Nick Smith, Director of Park and Recreation for Newaygo county, that based on his conversation with a sheriff deputy that I was being "trespassed from Newaygo County parks". He then ended the call.

I'm seeking written notification of this alleged incident, the rules or regulations violations im alleged to have committed, documentation of the investigation into my alleged conduct, and a letter stating that I'm not allowed to enter Newaygo County public property during lawful hours and conduct authorized recreational activities based on the findings of the investigation into the alleged incident.

Next im seeking an appeal of this decision and an opportunity to present evidence and testimony in defense of these allegations. This is my official notice of appeal on August 6th 2022.

I'm requesting these documents through email.

Thank you for your time and consideration in this manner.

Lane Myers

---

**Lane Myers** <meyerlansky879@gmail.com>
To: Carolyn.Bloodworth@cmsenergy.com

Fri, Aug 12, 2022 at 5:09 PM

Here's the email I sent the Director of Parks and Rec the next day after he called. No response to this day.
[Quoted text hidden]

---

 **Gmail**

Lane Myers <meyerlansky879@gmail.com>

## Contact Information
11 messages

**Homier, Michael** <MHomier@fosterswift.com>
To: "meyerlansky879@gmail.com" <meyerlansky879@gmail.com>

Tue, Aug 9, 2022 at 9:41 AM

Per our phone conversation,


Michael D. Homier

**Attorney**

**Foster Swift Collins & Smith PC**

**1700 East Beltline, N.E., Suite 200**

**Grand Rapids, MI 49525-7044**

**Phone: 616.726.2230; 517.371.8120**

**Mobile/Text: 517.285.4251**

**Fax: 517.367.7120**

**mhomier@fosterswift.com**

**www.fosterswift.com**


**Lane Myers** <meyerlansky879@gmail.com>
To: "Homier, Michael" <MHomier@fosterswift.com>

Wed, Aug 10, 2022 at 11:21 AM

Hello Michael, the library wasn't open yesterday but it is today, I am getting that video to you today. I was able to show the video to Bryan Kolk who is the Chairman of the Board Of Commissioners though. He said he would make some phone calls and try and take care of this.

I also received a letter from the Parks and Rec Director yesterday.

In this letter,...

Its mailed to an address that doesn't exist.

My legal residence is in Tucson.

I am visiting my friend in Newaygo County.

It confirms that there was a ban without due process. He called and banned me and never even asked me my side of the story. He admits to calling me in this letter.

It threatens arrest and prosecution for violation of the warning.

It says due to my actions, but doesn't state what those actions are alleged to be.

It lists a park ordinance. In that park ordinance in and of itself is a violation of the 1st amendment against regulation of the content of speech. You can regulate volume, not content. There is no legal definition of vulgar. Boisterous is not illegal.

Violent, abusive, obscene, disorderly are all certainly not allowed.

So which actual rule am I accused of breaking? Which definition of the park policy?

The police found no evidence of violent, abusive, obscene, disorderly conduct.

I'm not even actually still sure what I am accused of. This letter certainly doesn't detail an investigation or any findings of guilt.

This letter does not offer me a chance to appeal, which I dont have to ask for.

Its on County letterhead, signed by a county employee, therefore that is considered acting under the color of State.

Thats not even mentioning how he got my (incorrect) personal information from the Deputy.

At this point I have sent FOIA requests for the bodycam footage of the responding Deputies to gain access to the conversation between the Deputy and Nick Smith. The email correspondence between Nick Smith, and Chris Wren. Any and all references to the name, image, and likeness of "Lane Myers" in any county emails, phone calls, radio dispatches, or any other official documents.

There is no police report of my alleged behavior, just a call for service.

Based on all this information I feel this can all be interpreted as a violation of my 1st and 14th amendment. Both the free speech and the due process clause.

Furthermore, on the very same list of rules that lists the alleged ordinance I violated, it says non motorized use only, including any variation of electric bicycles.

So the complainant was violating a clearly marked rule, openly said he doesn't care what the rules are, park staff and sheriff deputies witnessed it. No enforcement was given.

I may or may not have violated a park rule, and without due process or explanation, I am trespassed.

One last thing and ill finish up.

The property is actually owned by Consumers and leased to Parks and Recs. That makes Consumers an actor of the state. That means any legal remedies to this would include Consumers as a defendant. Consumers has a very strictly enforced Non Motorized Use only policy. Therefore by not enforcing the violation that led to my trespassing order, they would be breaking their lease agreement with Comsumers to enforce the Non Motorized Use policy on their land.

Thank you for your time in this matter.
[Quoted text hidden]



**20220810_105057.jpg**
2439K

---

**Lane Myers** <meyerlansky879@gmail.com>                                    Wed, Aug 10, 2022 at 12:07 PM

To: "Homier, Michael" <MHomier@fosterswift.com>

Hello Michael, I just was told that my only option for recourse is to sue Newaygo County by Jim Maike, District 4 commissioner, and member of the Parks and Rec board. Its unfortunate that my only option to receive due process under protected constitutional rights is to sue the Government that is attempting to take them away.

I'm seeking use of the park through due process. If we have to litigate I have to ask for costs and attorney fees just to get injunctive relief against Newaygo County to enforce due process.

The sign at the park itself could also be interpreted as a 14th amendment violation because no state can create policies that take away constitutionality protected rights. Thats without me ever even having been accused of anything. Just the policy and the sign in and of itself could be interpreted as that. Just like they have the no recording allowed portion of the sign covered at the courthouse.

I really just want a chance to have due process with the government employees allegedly I violated park rules. This isn't about money or anything else.

I want to use the park. The County says I'm not allowed, because I violated the rules. They won't tell me how I violated the rules or how I can appeal. All attempts to seek a resolution through due process were met by "if I don't like it sue the County". I would like to be able to show the court that I at least made a reasonable attempt to handle this through established policies and due process.

The sheriff told me I have to FOIA my own call for service. You do not have to FOIA your own "case" report. There is no police report available.

Basically it doesn't seem like a lot of these County employees understand that they are working under the Color of State and they can't just do whatever they want.

Can we please set up a meeting prior to me being compelled to seek a TRO, and 1983 claim against the County? Thank you.

On Tue, Aug 9, 2022, 9:41 AM Homier, Michael <MHomier@fosterswift.com> wrote:
[Quoted text hidden]

---

**Lane Myers** <meyerlansky879@gmail.com>                                      Wed, Aug 10, 2022 at 12:49 PM
To: Jacob Samborski <samborje@gmail.com>

[Quoted text hidden]



**20220810_105057.jpg**
2439K

---

**Lane Myers** <meyerlansky879@gmail.com>                                       Wed, Aug 10, 2022 at 1:55 PM
To: "Homier, Michael" <MHomier@fosterswift.com>

Hello Michael, here is the video.

This video occurred after the complainant came around the corner at a high rate of speed on his motorcycle, and made us both swerve off the trail and fall down.

When we stood up, I noticed he was riding a motorcycle and said are you aware that motorcycles are not allowed out here. He said he didn't see that on the sign. So I pulled out my phone to start recording and this is the conversation we had.

I also have GPS data to confirm the location of the conversation was not even on Newaygo County parks property, as well as my travel direction and speeds relative to his accusation of "chasing him". Chasing means attempt to capture. He's the Boy who Cried Wolf and he's dragged the County into it.

I'm also including a picture of the sign that he said doesn't say no electric bicycles. Thank you

 **20220805_131554.mp4**

On Tue, Aug 9, 2022, 9:41 AM Homier, Michael <MHomier@fosterswift.com> wrote:
[Quoted text hidden]

---

**3 attachments**

 **20220809_171815.jpg**
2458K

 **20220809_171812.jpg**
2124K

 **20220809_171810.jpg**
2334K

---

**Homier, Michael** <MHomier@fosterswift.com>                          Wed, Aug 10, 2022 at 2:11 PM
To: Lane Myers <meyerlansky879@gmail.com>
Cc: "Zint, Amanda" <AZint@fosterswift.com>

Got it. Thanks Lane. I will be in touch.

[Quoted text hidden]

---

**Lane Myers** <meyerlansky879@gmail.com>                             Wed, Aug 10, 2022 at 2:48 PM

To: "Homier, Michael" <MHomier@fosterswift.com>

Thank you Michael I appreciate your time invested in this. Here's a picture of the email I sent Nick Smith also a few days ago. Thanks and look forward to hearing from you.

[Quoted text hidden]



**Screenshot_20220810-144729_Gmail.jpg**
491K

---

**Lane Myers** <meyerlansky879@gmail.com>                                Fri, Aug 12, 2022 at 5:04 PM
To: Carolyn.Bloodworth@cmsenergy.com

Here's the emails I sent the Countys lawyer.

---------- Forwarded message ---------
From: **Lane Myers** <meyerlansky879@gmail.com>
Date: Wed, Aug 10, 2022, 11:21 AM
Subject: Re: Contact Information
To: Homier, Michael <MHomier@fosterswift.com>


[Quoted text hidden]



**20220810_105057.jpg**
2439K

---

**Lane Myers** <meyerlansky879@gmail.com>                                Fri, Aug 12, 2022 at 5:07 PM
To: Carolyn.Bloodworth@cmsenergy.com

Here's another one

---------- Forwarded message ---------
From: **Lane Myers** <meyerlansky879@gmail.com>
Date: Wed, Aug 10, 2022, 12:07 PM
Subject: Re: Contact Information
To: Homier, Michael <MHomier@fosterswift.com>


[Quoted text hidden]

**Lane Myers** <meyerlansky879@gmail.com>                                Fri, Aug 12, 2022 at 5:08 PM
To: Carolyn.Bloodworth@cmsenergy.com

Another one. The only response was. I'll be in touch.

---------- Forwarded message ---------
From: **Lane Myers** <meyerlansky879@gmail.com>
Date: Wed, Aug 10, 2022, 1:55 PM
Subject: Re: Contact Information
To: Homier, Michael <MHomier@fosterswift.com>

[Quoted text hidden]

### 3 attachments



**20220809_171815.jpg**
2458K



**20220809_171812.jpg**
2124K



**20220809_171810.jpg**
2334K

**Lane Myers** <meyerlansky879@gmail.com>                          Tue, Aug 16, 2022 at 10:47 AM
To: Carolyn.Bloodworth@cmsenergy.com

Hello Michael, do you have an address I can put on the summons to serve this complaint? I'm also seeking a TRO in ex parte, and this is your notice. Thank you.
[Quoted text hidden]



# Office of Administration

1087 Newell, PO Box 885
White Cloud, Michigan 49349
Phone: (231) 689-7234
Fax: (231) 689-7205

**Sent Via E-mail**
meyerlansky879@gmail.com

August 16, 2022

Lane Myers
meyerlansky879@gmail.com

Dear Mr. Myers

Re:   Freedom of Information Act FOIA #22-242A
      Invalid Request

By email dated August 6, 2022, Newaygo County received your request for the following documents related to your "alleged conduct on a Newaygo County Park property":

- written notification of this alleged incident
- the rules or regulations violations im [sic] alleged to have committed
- documentation of the investigation into my alleged conduct
- and a letter stating that I'm not allowed to enter Newaygo County public property during lawful hours and conduct authorized recreational activities based on the findings of the investigation into the alleged incident.

Because you are requesting public records, the County must process your request under the Freedom of Information Act.  Pursuant to the FOIA, a request from a person (unless the person is indigent and such indigency is demonstrated by affidavit as required by the FOIA), must include the requesting person's complete name, address, and contact information, and, if the request is made by a person other than an individual, the complete name, address, and contact information of the person's agent who is an individual. An address must be written in compliance with United States Postal Service addressing standards. Contact information must include a valid telephone number or electronic mail address.

Your request does not contain the contact information as required by the FOIA; therefore, the County will not process your request at this time.

Sincerely,

Christopher Wren
County Administrator/FOIA Coordinator

## FREEDOM OF INFORMATION ACT (EXCERPT)
### Act 442 of 1976

**15.240 Options by requesting person; appeal; actions by public body; receipt of written appeal; judicial review; civil action; venue; de novo proceeding; burden of proof; private view of public record; contempt; assignment of action or appeal for hearing, trial, or argument; attorneys' fees, costs, and disbursements; assessment of award; damages.**

Sec. 10. (1) If a public body makes a final determination to deny all or a portion of a request, the requesting person may do 1 of the following at his or her option:

(a) Submit to the head of the public body a written appeal that specifically states the word "appeal" and identifies the reason or reasons for reversal of the denial.

(b) Commence a civil action in the circuit court, or if the decision of a state public body is at issue, the court of claims, to compel the public body's disclosure of the public records within 180 days after a public body's final determination to deny a request.

(2) Within 10 business days after receiving a written appeal pursuant to subsection (1)(a), the head of a public body shall do 1 of the following:

(a) Reverse the disclosure denial.

(b) Issue a written notice to the requesting person upholding the disclosure denial.

(c) Reverse the disclosure denial in part and issue a written notice to the requesting person upholding the disclosure denial in part.

(d) Under unusual circumstances, issue a notice extending for not more than 10 business days the period during which the head of the public body shall respond to the written appeal. The head of a public body shall not issue more than 1 notice of extension for a particular written appeal.

(3) A board or commission that is the head of a public body is not considered to have received a written appeal under subsection (2) until the first regularly scheduled meeting of that board or commission following submission of the written appeal under subsection (1)(a). If the head of the public body fails to respond to a written appeal pursuant to subsection (2), or if the head of the public body upholds all or a portion of the disclosure denial that is the subject of the written appeal, the requesting person may seek judicial review of the nondisclosure by commencing a civil action under subsection (1)(b).

(4) In an action commenced under subsection (1)(b), a court that determines a public record is not exempt from disclosure shall order the public body to cease withholding or to produce all or a portion of a public record wrongfully withheld, regardless of the location of the public record. Venue for an action against a local public body is proper in the circuit court for the county in which the public record or an office of the public body is located has venue over the action. The court shall determine the matter de novo and the burden is on the public body to sustain its denial. The court, on its own motion, may view the public record in controversy in private before reaching a decision. Failure to comply with an order of the court may be punished as contempt of court.

(5) An action commenced under this section and an appeal from an action commenced under this section shall be assigned for hearing and trial or for argument at the earliest practicable date and expedited in every way.

(6) If a person asserting the right to inspect, copy, or receive a copy of all or a portion of a public record prevails in an action commenced under this section, the court shall award reasonable attorneys' fees, costs, and disbursements. If the person or public body prevails in part, the court may, in its discretion, award all or an appropriate portion of reasonable attorneys' fees, costs, and disbursements. The award shall be assessed against the public body liable for damages under subsection (7).

(7) If the court determines in an action commenced under this section that the public body has arbitrarily and capriciously violated this act by refusal or delay in disclosing or providing copies of a public record, the court shall order the public body to pay a civil fine of $1,000.00, which shall be deposited into the general fund of the state treasury. The court shall award, in addition to any actual or compensatory damages, punitive damages in the amount of $1,000.00 to the person seeking the right to inspect or receive a copy of a public record. The damages shall not be assessed against an individual, but shall be assessed against the next succeeding public body that is not an individual and that kept or maintained the public record as part of its public function.

**History:** 1976, Act 442, Eff. Apr. 13, 1977;—Am. 1978, Act 329, Imd. Eff. July 11, 1978;—Am. 1996, Act 553, Eff. Mar. 31, 1997; —Am. 2014, Act 563, Eff. July 1, 2015.

**Popular name:** Act 442

**Popular name:** FOIA



# Office of Administration

1087 Newell, PO Box 885
White Cloud, Michigan 49349
Phone: (231) 689-7234
Fax: (231) 689-7205

August 16, 2022

Mr. Lane Myers
1583 Grange Rd.
Trenton, MI  48183

Dear Mr. Myers:

Re: Freedom of Information Act FOIA #22-242B
    Granted in Part; Denied in Part

Newaygo County received your Freedom of Information Act ("FOIA") request dated August 15, 2022.

## 1. Dispatch tape & CAD Report regarding incident at Sandy Beach Park on August 5, 2022

The County has granted your request in part.   However, the requested records contain exempt information that is exempt from disclosure and must be redacted as follows:

> In addition, the County exempts from disclosure any Law Enforcement Information Network ("LEIN") information obtained through the LEIN system.  That information is exempt from disclosure by statute, the CJIS Policy Council Act.  MCL 28.211 et seq.  Section 13(1)(d) of the FOIA permits a public body to exempt "records or information specifically described and exempted from disclosure by statute."  MCL 15.243(1)(d).

## 2. Body Camera DVD regarding incident at Sandy Beach Park on August 5, 2022

Same as #1 above.

## 3. Email correspondence between Nick Smith & Chris Wren regarding incident at Sandy Beach Park on August 5, 2022, and any county emails, phone calls, or any other official documents not limited to those requested.

The County has granted your request in part.   However, the requested records contain exempt information that is exempt from disclosure and must be redacted as follows:

> (a)  Certain information, such as identifying information about individuals, birth dates, personal addresses, driver's license number, social security number, and telephone number contained in the requested record is exempt from disclosure pursuant to MCL 15.243(1)(a) and (b)(iii).  Disclosure of that information in the requested record would result in a clearly unwarranted invasion of the individuals' privacy under Section 13(1)(a) and an unwarranted invasion of privacy under Section

13(1)(b)(iii).  See also, *Mager v Dept of State Police*, 460 Mich 184; 595 NW2d 142 (1999).
(b)   The County is also withholding information or records subject to attorney-client privilege.
 MCL 15.243 Section 13(1)(g) permits the County to exempt. " The exempt material has been
separated from the non-exempt material pursuant to Section 14 of the FOIA.

**The County has determined that the total cost of processing and finalizing this request is $ 29.89 .**
**(See attached Detailed Itemization Sheet.)**

Since your request has been denied in part, you have the right to (1) submit to the head of the public body a
written appeal that specifically states the word "appeal" and identifies the reason or reasons for the
reversal of the disclosure denial or (2) seek judicial review of this decision, as stated in Section 10 of the
Michigan Freedom of Information Act, MCL 15.240 (see attachment).  Further, you have the right to seek
attorney fees and damages as provided in Section 10 (see attachment) if the court determines that the
County has not complied with this section and orders disclosure of all or a portion of the public record.

Please be advised that the County's FOIA Policies and Procedures and written summary are available on the
County's website at www.newaygocountymi.gov.

Should you have any questions, please feel free to contact me.

Christopher Wren
County Administrator/FOIA Coordinator

# Nick Smith

| | |
|---|---|
| **From:** | Nick Smith |
| **Sent:** | Friday, August 5, 2022 6:03 PM |
| **To:** | Christopher Wren; doug |
| **Cc:** | mguzzman15; Connie Parks; adminsec - Deb Berger |
| **Subject:** | 8.5.22 Myers Incident and Trespass |
| **Attachments:** | 8.5.22 Myers Incident report and trespass.pdf |

Good evening,

  Please see the attached incident report for your information and records.  Mr. Myers stated he would return to the Park with his lawyer, to which I explained he had trespassed, law enforcement would be contacted, and he would be prosecuted for trespassing if he returned.  Deputies know the situation, and our Park Manager will contact Central Dispatch if Mr. Myers returns.  Please let me know if you have any further questions.  Thank you and have a great weekend.

**Nick Smith, Parks and Recreation Director**
**County of Newaygo**
4684 Evergreen Drive (M-37)
Newaygo, MI 49337
Telephone- 231.689.7349
www.newaygocountymi.gov/departments/parks/parks-recreation/
www.thedragon.us/

 

------------------Important Notice------------------

This message, including any attachments, contains confidential information intended only for a specific individual and purpose. It contains information which is private and legally protected by law. If you are not the intended recipient, please contact the sender immediately by reply e-mail and destroy all copies. You are hereby notified that any disclosure, copying, distribution or use of the contents of this transmission, or the taking of any action or reliance thereon, is strictly prohibited.

**Christopher Wren**

| | |
|---|---|
| **From:** | Christopher Wren |
| **Sent:** | Wednesday, August 10, 2022 12:04 PM |
| **To:** | Dan Evans; Nick Smith |
| **Subject:** | RE: Lane Meyers? |
| **Attachments:** | 8.5.22 Myers Incident report and trespass.pdf |

Here you go

Christopher Wren
County Administrator
Newaygo County
1087 Newell Street, P.O. Box 885
White Cloud, MI  49349
231-689-7203

**From:** Dan Evans <evans@cityofwhitecloud.org>
**Sent:** Wednesday, August 10, 2022 12:02 PM
**To:** Nick Smith <nicks@co.newaygo.mi.us>; Christopher Wren <ChrisW@co.newaygo.mi.us>
**Subject:** Lane Meyers?

So, I've had this young man call me multiple times asking for me to arrest him because he is trespassing at a county park.  He said that he is at a park and his attorney is there to video record him being arrested.  He told me that White Cloud PD was CC'ed on a trespassing warning notice from some incident that happened at Sandy Beach.  I've checked the law enforcement reporting system and see that there is no police report from the Sheriff's Office (he told me he talked with a Sheriff's Deputy and that deputy told him that he is "OK").

The reason I'm contacting you is that he said that he talked with both of you.  Would someone please forward me the trespass letter?


Dan Evans
Chief of Police
White Cloud Police Department
12 N. Charles St.
P.O. Box 607
White Cloud, MI. 49349
231-689-1696 (office)
231-689-2001 (fax)
evans@cityofwhitecloud.org

## Nick Smith

| | |
|---|---|
| **From:** | Nick Smith |
| **Sent:** | Monday, August 8, 2022 1:55 PM |
| **To:** | Christopher Wren; doug |
| **Cc:** | mguzzman15; Connie Parks |
| **Subject:** | RE: 8.5.22 Myers Incident and Trespass |
| **Attachments:** | Terri Bailey Statement on Myers incident 8.8.22.pdf |

Good afternoon,

I wanted to reach out and update everyone on the situation.  Mr. Myers is repeatedly calling Sandy Beach, Parks Headquarters, and this morning County Administration.  When my staff answered the phone, he would yell at them and talk about his lawyer and that what we were doing was illegal.  I have instructed our staff not to answer the phone when he calls and to call Central Dispatch if he shows up in person.

I just returned from the post office where I sent the trespass warning letter as certified mail, so we have proof it was sent, and we will receive proof if Mr. Myers accepts the letter.

I also asked Terri, who witnessed the incident before the Sherriff's Deputies arrived, to provide a written statement.  Please see Terri's attached statement.  Terri explained on the phone that she felt Mr. Myers was out of control when she witnessed the above incident on Friday at the Park's front gate, where all the public could see and hear everything.

I apologize in advance for the language in this statement, but we wanted to document the language used.

Let me know if you have any questions or concerns.  Thank you.

**Nick Smith, Parks and Recreation Director**
**County of Newaygo**
4684 Evergreen Drive (M-37)
Newaygo, MI 49337
Telephone- 231.689.7349
www.newaygocountymi.gov/departments/parks/parks-recreation/
www.thedragon.us/

 

------------------Important Notice------------------
This message, including any attachments, contains confidential information intended only for a specific individual and purpose. It contains information which is private and legally protected by law.  If you are not the intended recipient, please contact the sender immediately by reply e-mail and destroy all copies.  You are hereby notified that any disclosure, copying, distribution or use of the contents of this transmission, or the taking of any action or reliance thereon, is strictly prohibited.

**From:** Nick Smith
**Sent:** Friday, August 5, 2022 6:03 PM
**To:** Christopher Wren <ChrisW@co.newaygo.mi.us>; doug <doug@harmoninc.net>

**Response Times**

**Assigned**   08/05/22 13:34:22
**Enroute**   08/05/22 13:39:17
**Arrived**   08/05/22 13:52:16
**Leaving**
**Arrived At**
**Completed** 08/05/22 14:27:25


**IR / External Agency Numbers**


**Command Log** Filter: All Commands | Details: Hidden | Units: All Units | Revised Entries: Shown

08/05/22 13:30:57 | Eichenberg, Robert | New CFS
08/05/22 13:31:22 | Eichenberg, Robert | CALLER ON BIKE
08/05/22 13:31:32 | Eichenberg, Robert | SUBJ CHASING HIM
08/05/22 13:31:51 | Eichenberg, Robert | BEACAUSE CALLER IS ON EBIKE
08/05/22 13:32:42 | Eichenberg, Robert | CALLER IS APPROACHING SANDY BEACH
08/05/22 13:33:05 | Eichenberg, Robert | CALLER IS ON DRAGON TRAIL
08/05/22 13:33:46 | Eichenberg, Robert | OTHER SUBJ THREATENED CALLER
08/05/22 13:34:22 | Trudgeon, Sara | 215N | Dispatch
08/05/22 13:35:03 | Trudgeon, Sara | 216N | Dispatch
08/05/22 13:39:17 | Degen, Dan | 216N | Enroute
08/05/22 13:39:21 | Degen, Dan | 215N | Enroute
08/05/22 13:42:16 | Trudgeon, Sara | trail rules section c states no variants of electronic bicycles
08/05/22 13:49:58 | Trudgeon, Sara | at the front entrance of sandy beach off 30th st by the cabin
08/05/22 13:51:16 | Trudgeon, Sara | other guy hanging in the area
08/05/22 13:52:16 | Degen, Dan | 215N | On Scene
08/05/22 13:52:57 | Degen, Dan | 216N | On Scene
08/05/22 13:56:07 | Degen, Dan | 215N | On Scene
08/05/22 14:19:45 | Freriks, CJ | ████ called and reported that Lane was harassing him and threatening him since he was on an E-Bike. ████ didn't know the rules for e-bikes on the dragon trail. ████ was advised that no e-bikes are to be on the trail. Nick Smith with the parks was notified and arrived on scene. Smith was going to trespass Lane due to threating and swearing on the trail.
08/05/22 14:26:33 | Degen, Dan | 215N | Available (Location: In Service)
08/05/22 14:27:25 | Degen, Dan | 216N | Available (Location: In Service)


**CLQ**

**Requested At**
**Sent To**
**Status**
**Received At**
**Location**
**Accuracy**

Parks and Recreation Director Nick Smith (Director Smith) received a call from Park Manger Theresa Bailey (Manager Bailey) at 1:53 PM, on 8/5/22, stating there was a biker at the Sandy Beach County Park Office Stating that a crazy person on the Dragon Trail (Michigan's Dragon at Hardy Dam) was chasing him and that he contacted 911 and was meeting the police at the gate.

While waiting for the Deputies, the individual chasing the biker, later identified as Lane Jeffery Myers (Mr. Myers), came up to the office and started swearing at the Park Manager. Mr. Myers then left the office and started swearing loudly at the other guy before Deputies arrived.

Deputy Kalinowski and Deputy Sergeant Freriks arrived, deescalated the situation, and Mr. Myers left the area.

Director Smith then arrived and talked to Manager Bailey about the situation and the Deputies. Director Smith explained to the Deputies that Mr. Myers was in violation of the Newaygo County Park Ordinance and was out of line by chasing the individual on the bike, so Mr. Myers would be formally trespassed from all parks and properties owned or operated by the Newaygo County Parks and Recreation Commission which included the Dragon Trail within Newaygo County.  Director Smith then Contacted Parks Board Chairman Doug Harmon (Chairman Harmon) to discuss the situation. Chairman Harmon agreed, given the circumstance, that Mr. Myers should be formally trespassed.

At 3:32 pm on 8/5/22, Director Smith contacted Mr. Myers via phone and explained that he was in violation of the Newaygo County Parks Ordinance and, given the situation, he may no longer enter any park or property owned or operated by the Newaygo County Parks and Recreation Commission and that if Mr. Myers did law enforcement would be contacted and Mr. Myers would prosecuted for trespassing. Mr. Myers stated that he was on his way to Sandy Beach County Park with his lawyer, to which Director Smith once again explained that Mr. Myers may not enter the property or Law Enforcement would be contacted.

Director Smith then contacted Central Dispatched and explained to Sargent Frerkis that Director Smith had verbally advised Mr. Myers that he is trespassed from all Parks and Properties owned or operated by Newaygo County Parks Commission.  Director Smith explained that Mr. Myers stated he would be returning to the park even after Director Smith told him law enforcement would be contacted if Mr. Myers entered the property. Director Smith advised Sargent Frerkis that the Park Manager would call Central Dispatch if Mr. Myers returned, and requested that Mr. Myers be charged with trespassing if that happens.  Sargent Frerkis advised that he would let the next shift Sargent know of the situation should Mr. Myers Return to the park later that day.

Director Smith wrote the formal trespass warning letter and submitted a copy to Park Manager Bailey, the Newaygo County Sheriff's Office, and the Newaygo County Prosecuting Attorney's Office.  Director Smith will send a copy of the trespass warning letter to Mr. Myers via certified mail when Director Smith returns to the office on Monday, 8/8/22.  Please see an attached copy of the formal trespass warning letter.

 Gmail

**Lane Myers <meyerlansky879@gmail.com>**

## Lying police chiefs
1 message

**Lane Myers** <meyerlansky879@gmail.com>                                    Thu, Sep 15, 2022 at 9:47 PM
To: "evans@cityofwhitecloud.org" <evans@cityofwhitecloud.org>

Hello Mr. Evans, I received a copy of an email between yourself and Christopher Wren as part of my federal lawsuit against him. Im attaching a copy of the email. I just wanted to remind you that as I stated when we spoke on the phone, that our calls were recorded. Michigan is a 1 party consent state.

Not only did you materially represent what I said, you fabricated a complete story out of nowhere. You also conveniently left out the part where you threatened to ask the prosecutor to put charges on me for simply calling you.

As I'm sure you are aware, anything you say can and will be used against you.

Thank you,
Lane Myers

 Gmail

Lane Myers <meyerlansky879@gmail.com>

## Failed leadership
1 message

**Lane Myers** <meyerlansky879@gmail.com>
To: "doug@harmoninc.net" <doug@harmoninc.net>

Sun, Sep 18, 2022 at 6:43 PM

You failed in your duties as a leader of men. Accountability is what comes next.

I will be at the October meeting with plenty to say!

https://www.facebook.com/100000776433665/posts/pfbid02g6DbeHifRyxna8zTuvEBJYF
uVZL8VLFUycXay8p85rhsQTyv9QnmwfJDS51r4vUml/?app=fbl

 Gmail

Lane Myers <meyerlansky879@gmail.com>

---

## Today's lesson in Federal Law
1 message

**Lane Myers** <meyerlansky879@gmail.com>
To: "Homier, Michael" <MHomier@fosterswift.com>

Tue, Sep 27, 2022 at 12:20 PM

Where's the written request for my private information between Nick Smith and the Newaygo County Sheriff Dept? There isn't one. Stick to the facts of the case and not make up fairy tales to try and convince the judge. Facts.

---



**IMG_0571.jpg**
415K

 Gmail

Lane Myers <meyerlansky879@gmail.com>

---

## Deputy Identification
1 message

**Lane Myers** <meyerlansky879@gmail.com>                                    Wed, Sep 28, 2022 at 2:00 PM
To: Chadp@co.newaygo.mi.us

Can you please provide the name and badge number of the Newaygo County Sheriff Deputy who refused to provide his information when requested, and attempted to take away my first amendment rights. He also spent at least 5 minutes leaving the front door of the Newaygo County Courthouse unguarded while harassing me instead of helping me or calling backup so he could keep watch of the door still. How many people walked right past the metal detector while he was harassing me instead of helping? This is only part 1 of the encounter also. I need his information to add it to my ongoing Federal lawsuit against Bob Mendham and 2 other Deputies of the Newaygo County Sheriff Department.

https://youtu.be/hbzD2WnBWGs

Thank you,
Lane Myers

 Gmail

**Lane Myers <meyerlansky879@gmail.com>**

## Transparency
1 message

**Lane Myers** <meyerlansky879@gmail.com>                                    Wed, Sep 28, 2022 at 2:27 PM
To: ChrisW@co.newaygo.mi.us

Not only am I relentless, I am right. You will be proven to be a liar. As i have stated to you directly and publicly. Put your money where your mouth is and sue me for Defamation if im lying. The truth will set you free.

https://youtu.be/Oehry1JC9Rk

 **Gmail**

Lane Myers <meyerlansky879@gmail.com>

---

## New Filings
1 message

**Lane Myers** <meyerlansky879@gmail.com>                                        Thu, Sep 29, 2022 at 6:35 AM
To: "Homier, Michael" <MHomier@fosterswift.com>

Today I will be filing the joint status report with the actual facts, my motion for electronic filing, and my response to your 11 claim, as well as my own 11 claim against you.

Here's a preview of my 11 response. This is being sent as a courtesy to show you that you are barking up the wrong tree.

If you want to play legal games. You will lose. Every single filing and piece of paper in this case is being posted for public consumption. If you want to be the Attorney who made up the lies to defend cops who broke the law. Its going to follow you forever. Michael Homier, the lawyer who actually attempted to defend this behavior!

Remember. We could have settled this at any time outside of the court and I have been telling you that since Aug 9th. With proof.

Restore my rights to the park, investigate the Deputies for possible violations of law or department policies, and change the ordinance so it is not vague and unconstitutional.

I will be attaching this exact email to my 11 today. You have all the information you need to settle this case outside of the courtroom. File that.


https://docs.google.com/document/d/1CtCOxUNy4RX2r2Y0dcdQZdAlcMjdMd6M/edit?usp=drivesdk&ouid=
107079177895616126886&rtpof=true&sd=true

10/11/2022
Case 1:22-cv-00748-PLM-PJG   ECF No. 21-2, PageID.119   Filed 10/11/22   Page 24 of 54
Gmail - Knowledge is power

 Gmail

Lane Myers <meyerlansky879@gmail.com>

## Knowledge is power
1 message

**Lane Myers** <meyerlansky879@gmail.com>
To: "Homier, Michael" <MHomier@fosterswift.com>

Thu, Sep 29, 2022 at 8:00 AM

The FBI did raid my house in October of 1987, live on the Channel 5 evening News. They lied on the affadvit for the search warrant and the case was thrown out. They seized everything my family owned. Live on the evening News. They made accusations to the public live on the news. They lied to the judge. Live on the evening News. They shamed my family for over 20 years and harrased them. Live on the evening News.

They were lying. They tried to cover it up. They got caught. My family's attorney became a judge because he got so much attention from our case.

You on the other hand will be working as a public defender after this case. I suggest you research your opponents a lot better before cooking up a bunch of lies for public officials. File that.

https://mlive.com/news/2021/11/police-raids-and-high-times-money-and-marijuana-start-flying-in-part-3-of-pinconning-paralyzer-podcast.html



**Screenshot_20220928-171901_Chrome.jpg**
596K

 Gmail

**Lane Myers <meyerlansky879@gmail.com>**

## Notice of Intent
2 messages

**Lane Myers** <meyerlansky879@gmail.com>
To: Chadp@co.newaygo.mi.us, bobm@co.newaygo.mi.us

Thu, Sep 29, 2022 at 6:36 PM

This to notify the following parties of the intent to litigate against them if conditions are not met.

Bob Mendham Sheriff of Newaygo County
Chad Palmiter Undersheriff of Newaygo County

I am requesting the following conditions be met or litigation will ensue against both parties as named.

!. I am requesting an investigation into the actions of Sgt Freriks and Deputy Kalinowski at Sandy Beach Park on August 5th 2022 during their response to a 911 call. They are already being sued in Federal Court for their actions.  A failure to initiate an investigation to see if they broke any laws or department policies by the end of business Friday September 29th 2022 will result in both named parties being added to the Federal Lawsuit for civil rights violations under Sec 1983 US Code, Creating a culture that promotes civil rights violations, lack of discipline for civil rights violations. Refusal to identify members of the department. Refusal to turn over police reports and body cam footage, lack of institutional control. Ill be asking for significant damages also.Thats just a start. Hopefully you catch my vibe.

2. Im going to again request the name and badge number of the Deputy in this video who refused to provide his information as required under Michigan Law. Failure to provide the requested information by the end of business Friday September 29th 2022 will result in a lawsuit in State Court for violations of State Law.
https://youtu.be/hbzD2WnBWGs

#. Im going to again ask for the report number and bodycam of 2 conversations that took place between myself and members of the Newaygo County Sheriff Dept. Failure to provide these by the end of the day will lead to additional claims in Federal Court. As well as a judge ordering you to hand them over anyways.

A. The first conversation took place between myself and Deputy Kalinowski, Deputy Sitzema, and another unknown Deputy on July 2nd 2022 at 12:15pm in the lobby of the Newaygo County Sheriff Dept. It lasted approximately 30 minutes. Deputy Kalinowski refers to this conversation in his Aug 5th 2022 bodycam footage confirming the presence of this evidence.

B. The second conversation took place between myself and Sgt. Freriks on July 5th 2022 at approximately 11am standing outside the lobby of the Sheriff Dept. This conversation lasted approximately 10 minutes. Sgt Freriks refers to this conversation in his August 5th 2022 bodycam footage confirming its existence.

Its time to put your money where your mouth is. Failure to meet these conditions in the time requested will also lead in the commencement of recall campaign against you. You have nowhere to run, and nowhere to hide. You are elected by the people and have sworn an oath to uphold the Constitution of the United States. If you don't want to uphold the constitution turn your badges in.

Lane Myers

**Lane Myers** <meyerlansky879@gmail.com>
To: Jacob Samborski <samborje@gmail.com>

Thu, Sep 29, 2022 at 6:38 PM

[Quoted text hidden]

 Gmail

Lane Myers <meyerlansky879@gmail.com>

## Notice of intent to litigate
2 messages

**Lane Myers** <meyerlansky879@gmail.com>
To: doug@harmoninc.net

Fri, Sep 30, 2022 at 7:37 AM

This to notify the following parties of the intent to litigate against them if conditions are not met.

Doug Harmon Chairman Newaygo County Parks and Recreation Commission.

I am writing this letter to inform you that if my right to use Newaygo County Parks is not restored immediately, as well as begin an immediate investigation against Nick Smith, Parks Director, into violations of my 4th amendment rights, I will be adding you as a defendant in my Federal Lawsuit against several Newaygo County employees or officials. You were acting under the color of state as defined in Sec. 1983 US Code, when you directed Nick Smith to ban me from Newaygo County parks based on his violations of my civil rights as well as an unlawful park ordinance. Not my actual behavior. You have had over 50 days to remedy this without court intervention. That has not taken place. No substantive discussions have occurred because you have refused to engage in them. This is your notice of my intent to litigate against you and the Newaygo county parks for a significant amount of damages. You have until the end of business on September 29th 2022 to notify that my conditions have been met.

Heres some legal arguments to help you understand how the ordinance is unconstitutional. The counties lawyer is extremely unprepared for this legal battle, and if you put your faith in them, thats your mistake.

W **Rule 11 Response.docx**

Lane Myers

**Lane Myers** <meyerlansky879@gmail.com>
To: Jacob Samborski <samborje@gmail.com>

Fri, Sep 30, 2022 at 7:37 AM

[Quoted text hidden]

 **Gmail**

Lane Myers <meyerlansky879@gmail.com>

## Notice of Intent to Litigate
1 message

**Lane Myers** <meyerlansky879@gmail.com>
To: "bryankcp@gmail.com" <bryankcp@gmail.com>

Fri, Sep 30, 2022 at 10:39 AM

This to notify the following parties of the intent to litigate against them if conditions are not met.

Newaygo County, Christopher Wren Newaygo County Administrator

This is to notify you that if the following conditions are not met by the end of the business day Friday September 29th 2022, I will be amending my claims against Newaygo County, adding you as a defendant, and asking for $2,000,000 dollars in damages.

The following conditions are to be met:

1. Restore my right to Newaygo County Parks immediately
2. Initiate a 3rd party investigation into the following Newaygo County Employees, or Officials for violations of my civil rights acting under the Color of State as defined in Section 1983 of US Code.

Christopher Wren- for failure to uphold my civil rights, and overseeing a culture of civil rights violations, and failing to act. Unlawful enforcement of Newaygo Park Ordinance 18. Failing to discipline County employees for violations of State and Federal Laws. Failure to turn over documents in FOIA requests. Illegally stopping me from attending a public meeting as allowed under the public meetings act. Wasting taxpayers resources defending these allegations.

Nick Smith- Initiating a ban against me based on an unlawful Newaygo Park Ordinance, violations of my rights to privacy under the 4th, 5th amendment, violations of the 14th amendment against equal protection and due process denying Liberty. Refusing to agree to any alternative dispute resolution outside of a Federal Lawsuit. Instructing public officials to not communicate with me denying my right to alternative dispute resolution. Failure to enforce the Newaygo County Park Ordinance against motorized vehicles. Unlawful enforcement of Newaygo Park Ordinance 18.

Sgt. Freriks-Violations of my 4th and 5th amendment rights against privacy and self incrimination. Defamation of character (slander). Failure to enforce the Newaygo County Park Ordinance against motorized vehicles. Unlawful enforcement of Newaygo Park Ordinance 18.

Deputy Kalinowski-Violations of my 4th and 5th amendment rights against privacy and self incrimination. Defamation of character (slander). Failure to enforce the Newaygo County Park Ordinance against motorized vehicles. Unlawful enforcement of Newaygo Park Ordinance 18.

Theresa Bailey- Violations of my 1st,4th,5th,14th amendment rights for falsifying statements in relation to my Park ban. Lying to public officials.

Connie Parks- Violations of my 1st,4th,5th,14th amendment rights by falsifying statements in relation to my Park Ban. Lying to Public Officials.

Doug Harmon- Violations of my 1st,4th,5th,14th amendment rights for instructing Nick Smith to ban me from Newaygo County Parks in violation of my civil rights. Failing to engage in Alternative Dispute resolution outside of Federal Court. Unlawful enforcement of Newaygo Park Ordinance 18.

Dan Evans- for threatening to have the prosecutor press charges on me for calling the White Cloud Police Department public number and asking him a question related to my Parks ban.

Jim Maike- Violations of my 1st,4th,5th,14th amendment rights by failing to act in his position of District 4 commissioner to stop civil rights violations against me. Refusing to engage in Alternative Dispute Resolution outside of Federal Court.

Bryan Kolk- Violations of my 1st,4th,5th,14th amendment rights by failing to act in his position of Chairman of the Board of commissioners to stop civil rights violations against me. Refusing to engage in Alternative Dispute Resolution outside of Federal Court. Unlawful enforcement of Newaygo Park Ordinance 18.

Bob Mendham- Failure to discipline his deputies, failure to provide the name of his deputy as required under state law, unlawful enforcement of Newaygo Park Ordinance 18, failure to uphold Newaygo County Park Ordinance against motorized vehicles. Ordering his employees to violate my rights to public records in violation of state and federal law.

Chad Palmiter- Failure to discipline his deputies, failure to provide the name of his deputy as required under state law, unlawful enforcement of Newaygo Park Ordinance 18., failure to uphold Newaygo County Park Ordinance against motorized vehicles. Ordering his employees to violate my rights to public records in violation of state and federal law.

3. Bring Newaygo County Park Ordinance #01/2020 section 18 b & c into immediate compliance with State and Federal law as defined by the constitution of each.

You have had over 50 days in your official capacity acting under the color of state to rectify your decisions and the actions of your employees. You have not made one single attempt to engage in substantive discussions around my claims. After showing you my video of the interaction you did nothing about it. You told me I could write a letter to apologize and ask to be able to use the Park. Thats not how this works as you have now found out. You have a duty to uphold the Constitution of the United States and the State of Michigan while acting under the color of state.

It is for these reasons, as well as more that will be articulated in Federal Court. I am notifying you of my intent to add more County Employees and add $2,000,000 in damages to my claim if these conditions are not met in the timeline as discussed.

Here is some legal arguments to help you understand why the ordinance is unconstitutional, and your continued enforcement against me is going to lead to significant damages against the county. I can tell you right now your lawyer is not prepared for the legal arguments at hand here, so relying on them will leave you with a judgement against you. You will have nobody to blame but yourself.

*******Defendants contend that Plaintiff's First Amendment claim lacks merit. The Ordinance is as follows:

> No person shall:
> (b) Engage in any violent, abusive, loud, boisterous, vulgar, lewd, wanton, obscene, or otherwise disorderly conduct tending to create a breach of the peace, or disturb or annoy others, while on any Commission property.
> (c) Interact in a violent, abusive, loud, boisterous, vulgar, lewd, wanton, obscene, or otherwise disorderly manner towards Commission Staff, park customers, or other members of the public on Commission property.

Defendants argue that the Ordinance does not violate the First Amendment because "a municipality enjoys considerable flexibility to establish laws governing personal conduct for the enjoyment of public places or restricting access to public areas." *See Embry v. City of Cloverport*, No. 3:02CV-560-H, 2004 WL 191613, at *2 (W.D. Ky. Jan. 22, 2004). Defendants further argue that this Ordinance "unquestionably passes intermediate scrutiny," as is required for content-neutral regulations on public fora. Defendants further argue that the government may protect public fora from "excessive noise." *See Ward v. Rock Against Racism*, 491 U.S. 789, 806 (1984).

"The state may [] enforce regulations of the time, place, and manner of expression which are content-neutral, are narrowly tailored to serve a significant government interest, and leave open ample alternative channels of communication." *Perry Educ. Ass'n v. Perry Loc. Educators' Ass'n*, 460 U.S. 37, 45 (1983). For the following reasons, it is far from clear that the Ordinance is content-neutral, narrowly tailored, or that it leaves open ample alternative channels of communication.

First, the Ordinance is not content-neutral on its face. To the contrary, it prohibits "vulgar," "lewd," "wanton," and "obscene" conduct, which appears to be a prohibition of certain conduct based on its content. Such prohibitions are not "content-neutral."

Nor is the Ordinance narrowly-tailored. It prohibits a broad range of conduct, including that which is "loud" or "boisterous." Defendants have not explained how prohibiting loud or boisterous conduct is narrowly-tailored to serve a significant government interest, because they cannot. The government does not have a significant interest in prohibiting "loud" or "boisterous" conduct in an outdoor public park. To the contrary, people play music, gather with friends and family, throw parties, and play games in the park. Some of these activities must, by necessity, include conduct that could be defined as "loud" or "boisterous." The Ordinance also prohibits conduct that would tend to "disturb or annoy others" but does not define what that standard is. No one has alleged that Plaintiff was "excessively noisy," nor does the Ordinance explicitly ban excessive noise. *See Members of City Council of City of Los Angeles v. Taxpayers for Vincent*, 466 U.S. 789, 806 (1984) (referring to case that upheld ordinance prohibiting "loud and raucous sound trucks" based on governmental interest in protecting citizens from "unwelcome noise"); *Rock Against Racism*, 491 U.S. at 796 (repeated complaints of excessive noise justified restriction on musical performance and did not violate free speech).

Lastly, the Ordinance clearly does not leave open ample alternative channels of communication, as evidenced by its enforcement against Plaintiff. If Plaintiff's communications with Mr. Wright about the prohibition against electronic bicycles on the Dragon Trail violates the Ordinance, then how shall anyone communicate with individuals who violate the prohibition against electronic bicycles? Are they required to use a certain tone of voice or a certain word choice, and if so, what is it? The evidence shows that Plaintiff and Mr. Wright engaged in a civil, consensual conversation in which Mr. Wright voluntarily participated. Mr. Wright could have ridden away at any time. Instead, he chose to remain and speak with Plaintiff, and to debate the merits of the prohibition against electronic bicycles, as the video shows. If Plaintiff violated the Ordinance during that interaction, the Ordinance does not leave open ample alternative channels of communication. In fact, no one thus far has articulated exactly how Plaintiff violated the Ordinance, and that is because any attempt to do so will reveal the unconstitutionality of the Ordinance.

The case relied upon by Defendants and this Court, *Embry v. City of Cloverport*, No. 3:02CV-560-H, 2004 WL 191613 (W.D. Ky. Jan. 22, 2004), supports Plaintiff's position. In that case, the

court overruled an ordinance that established a curfew for individuals to travel through and enjoy Cloverport's public areas. The court in that case stated that "the right of intrastate travel is a fundamental one" and therefore restrictions "must be narrowly tailored to achieve a compelling goal." *Id.* at *2. The court found the ordinance overly broad because it prohibited conduct that was "neither criminal nor disruptive," and provided examples of alternative ordinances that could be established instead, which would be "more acceptable because they do not broadly proscribe or threaten to proscribe legitimate activity." *Id.* at 3. The court further described the ordinance as "so broad and vague that an ordinary citizen could never quite know what reason for wandering about town law enforcement officials might accept" and found that the City had never "established any consistent guidelines" for enforcement of the Ordinance. *Id.* at *4. This analysis applies perfectly to the Ordinance at issue here. The Ordinance Plaintiff has allegedly violated could be enforced to prohibit conduct that is neither criminal nor disruptive, such as music or boat motors, or even heated conversations. The Ordinance threatens to proscribe legitimate activity, such as communicating with other park users about park rules, which could certainly "disturb or annoy" the individual who was violating the park rules, as occurred here. Furthermore, Defendants have not shown that they have established any consistent guidelines for enforcement of the Ordinance, and it appears that enforcement is entirely arbitrary. The arbitrary nature of the enforcement is further supported by the absence of any process for appealing a determination that one has violated the Ordinance.

For an Ordinance to not be found unconstitutionally overbroad and vague, it must "(1) define the offense with sufficient clarity such that an ordinary person would understand what conduct is prohibited and (2) establish standards that allow non-arbitrary enforcement." *Embry*, 2004 WL 191613, at *4 (citing *Kolender v. Lawson*, 461 U.S. 352, 357 (1983). The Ordinance does neither. It does not define the stated offenses with sufficient clarity such that an ordinary person could understand what conduct is prohibited. For example, what constitutes "loud" conduct? Is there a certain decibel level above which an individual violates the Ordinance? If so, an individual who revs her boat motor on Hardy Pond likely violates the Ordinance. Is "boisterous" conduct such as playing games prohibited? And what constitutes "vulgar" or "lewd" conduct? An ordinary person has no notice as to what conduct is permissible under the Ordinance, and therefore has no way to modify or adjust their behavior to comply with it. Likewise, the Ordinance does not establish standards that allow non-arbitrary enforcement. Conduct that "tends to disturb or annoy" someone may, to someone else, be perfectly acceptable. This is the case here, where Plaintiff's communications to

Mr. Wright were solely regarding Mr. Wright's use of an electronic bicycle on the Dragon Trail. If Plaintiff's communication with Mr. Wright regarding his use of a prohibited electronic bicycle on the Dragon Trail would tend to "disturb or annoy" Mr. Wright, and thus would violate the Ordinance, then how should one go about communicating to a trail user that his conduct of riding a prohibited electronic bicycle is endangering other trail users and destroying the trail? If Plaintiff does not stand up for the right of other trail users to ride the trail free from the threat of electronic bicycles—which are prohibited for a reason, including that they endanger riders on non-motorized bicycles—then who will? Defendants' poorly considered defense of this lawsuit shows that they have not thought through the merits and implications of Plaintiff's claims.

This is the irony of Defendants' defense of this case—Plaintiff's "conduct" that led to improper enforcement of the unconstitutional Ordinance against him was Plaintiff's attempt to preserve public safety and communicate with other trail users about rules that are specifically designed to maintain public safety on the Dragon Trail. For this, Plaintiff has been labeled a "crazy lunatic." Mr. Wright literally knocked Plaintiff off his bicycle by coming around a corner on the Dragon Trail at an uncontrolled speed on his electronic bicycle. It is unsurprising that Plaintiff was, in fact, disturbed and annoyed by Mr. Wright's use of an electronic bicycle and his refusal to acknowledge that electronic bicycles are prohibited. When Plaintiff admonished Mr. Wright for riding an e-bike, Mr. Wright attempted to explain why e-bikes are not that bad and should be allowed—despite the clear signage indicating that they are prohibited.

Defendants appear to be prioritizing Mr. Wright's emotionally-driven reaction to Plaintiff's clear and direct communications regarding the rule against e-bikes, over the actual public safety threat posed by Mr. Wright's decision to ride an e-bike. Unlike the Ordinance at issue here, the rule against e-bikes is objective and clearly enforceable based on non-arbitrary standards. And while Plaintiff is not a law enforcement official and has no ability to enforce the rules, he consistently communicates with other trail users regarding trail rules that affect all users, as any responsible trail user should. Safe use of the Dragon Trail, in compliance with applicable rules, benefits all trail users.

This Court should not be swayed by the warped perspective that Defendants bring to this case, likely as a result of Mr. Wright's disingenuous and unsupported Affidavit and his emotional reaction to Plaintiff's reasonable communications. What has actually happened is that Plaintiff— who had no ability, or duty, to restrict or monitor his communications with Mr. Wright in accordance

with the Ordinance, due to the Ordinance being unconstitutionally vague and overbroad—is being improperly punished because Mr. Wright, who violated a Park rule in a manner that placed other trail users in physical danger, claims to be a victim. Plaintiff was acting in the public interest and prioritizing the safety of trail users when he communicated to Mr. Wright that e-bikes are not allowed and engaged Mr. Wright in a conversation about the reasons why. Banning Plaintiff from the Dragon Trail has the effect of undermining public safety on the trail, not supporting it. Defendants now act against the public interest by continuing to assert that Mr. Wright did nothing wrong, and that Plaintiff was in the wrong. "Emotional" safety cannot, and should not, take precedence over physical safety.

It is unsurprising that Plaintiff is frustrated by these misguided perspectives of his actions. If citizens are prohibited from communicating with other members of the public regarding rules that are designed for the safety and well-being of all users of outdoor recreation areas, such areas will quickly become even more chaotic and dangerous than they already are. Plaintiff's communications to Mr. Wright served to reinforce order and safety on the Dragon Trail, not undermine it. The public is harmed, not benefitted, by Plaintiff's removal from Newaygo County Parks. It was Mr. Wright who should have received a citation for violating a Rule in a manner that placed other members of the public, including Plaintiff, in physical danger. Plaintiff has attempted to communicate these obvious conclusions to Defendants prior to filing this lawsuit, to no avail. Now Plaintiff has been forced to bring this lawsuit to reinstate his right to use the Dragon Trail, which should never have been taken from him in the first place. Defendants should immediately restore Plaintiff's ability to access Newaygo County Parks and the Dragon Trail.

 **Gmail**

Lane Myers <meyerlansky879@gmail.com>

## Notice of Intent to Litigate
3 messages

**Lane Myers** <meyerlansky879@gmail.com>
To: ChrisW@co.newaygo.mi.us

Fri, Sep 30, 2022 at 10:19 AM

This to notify the following parties of the intent to litigate against them if conditions are not met.

Newaygo County, Christopher Wren Newaygo County Administrator

This is to notify you that if the following conditions are not met by the end of the business day Friday September 29th 2022, I will be amending my claims against Newaygo County, adding you as a defendant, and asking for $2,000,000 dollars in damages.

The following conditions are to be met:

1. Restore my right to Newaygo County Parks immediately
2. Initiate a 3rd party investigation into the following Newaygo County Employees, or Officials for violations of my civil rights acting under the Color of State as defined in Section 1983 of US Code.

Christopher Wren- for failure to uphold my civil rights, and overseeing a culture of civil rights violations, and failing to act. Unlawful enforcement of Newaygo Park Ordinance 18. Failing to discipline County employees for violations of State and Federal Laws. Failure to turn over documents in FOIA requests. Illegally stopping me from attending a public meeting as allowed under the public meetings act. Wasting taxpayers resources defending these allegations.

Nick Smith- Initiating a ban against me based on an unlawful Newaygo Park Ordinance, violations of my rights to privacy under the 4th, 5th amendment, violations of the 14th amendment against equal protection and due process denying Liberty. Refusing to agree to any alternative dispute resolution outside of a Federal Lawsuit. Instructing public officials to not communicate with me denying my right to alternative dispute resolution. Failure to enforce the Newaygo County Park Ordinance against motorized vehicles. Unlawful enforcement of Newaygo Park Ordinance 18.

Sgt. Freriks-Violations of my 4th and 5th amendment rights against privacy and self incrimination. Defamation of character (slander). Failure to enforce the Newaygo County Park Ordinance against motorized vehicles. Unlawful enforcement of Newaygo Park Ordinance 18.

Deputy Kalinowski-Violations of my 4th and 5th amendment rights against privacy and self incrimination. Defamation of character (slander). Failure to enforce the Newaygo County Park Ordinance against motorized vehicles. Unlawful enforcement of Newaygo Park Ordinance 18.

Theresa Bailey- Violations of my 1st,4th,5th,14th amendment rights for falsifying statements in relation to my Park ban. Lying to public officials.

Connie Parks- Violations of my 1st,4th,5th,14th amendment rights by falsifying statements in relation to my Park Ban. Lying to Public Officials.

Doug Harmon- Violations of my 1st,4th,5th,14th amendment rights for instructing Nick Smith to ban me from Newaygo County Parks in violation of my civil rights. Failing to engage in Alternative Dispute resolution outside of Federal Court. Unlawful enforcement of Newaygo Park Ordinance 18.

Dan Evans- for threatening to have the prosecutor press charges on me for calling the White Cloud Police Department public number and asking him a question related to my Parks ban.

Jim Maike- Violations of my 1st,4th,5th,14th amendment rights by failing to act in his position of District 4 commissioner to stop civil rights violations against me. Refusing to engage in Alternative Dispute Resolution outside of Federal Court.

Bryan Kolk- Violations of my 1st,4th,5th,14th amendment rights by failing to act in his position of Chairman of the Board of commissioners to stop civil rights violations against me. Refusing to engage in Alternative Dispute Resolution outside of Federal Court. Unlawful enforcement of Newaygo Park Ordinance 18.

Bob Mendham- Failure to discipline his deputies, failure to provide the name of his deputy as required under state law, unlawful enforcement of Newaygo Park Ordinance 18, failure to uphold Newaygo County Park Ordinance against motorized vehicles, Ordering his employees to violate my rights to public records in violation of state and federal law.

Chad Palmiter- Failure to discipline his deputies, failure to provide the name of his deputy as required under state law, unlawful enforcement of Newaygo Park Ordinance 18., failure to uphold Newaygo County Park Ordinance against motorized vehicles, Ordering his employees to violate my rights to public records in violation of state and federal law.

3. Bring Newaygo County Park Ordinance #01/2020 section 18 b & c into immediate compliance with State and Federal law as defined by the constitution of each.

You have had over 50 days in your official capacity acting under the color of state to rectify your decisions and the actions of your employees. You have not made one single attempt to engage in substantive discussions around my claims. After sending you 1 email ever, you attempted to use your power and get a court order against me for harassing you. You have a duty to uphold the Constitution of the United States and the State of Michigan while acting under the color of state.

It is for these reasons, as well as more that will be articulated in Federal Court. I am notifying you of my intent to add more County Employees and add $2,000,000 in damages to my claim if these conditions are not met in the timeline as discussed.

Here is some legal arguments to help you understand why the ordinance is unconstitutional, and your continued enforcement against me is going to lead to significant damages against the county. I can tell you right now your lawyer is not prepared for the legal arguments at hand here, so relying on them will leave you with a judgement against you. You will have nobody to blame but yourself.

********Defendants contend that Plaintiff's First Amendment claim lacks merit. The Ordinance is as follows:

No person shall:

(b) Engage in any violent, abusive, loud, boisterous, vulgar, lewd, wanton, obscene, or otherwise disorderly conduct tending to create a breach of the peace, or disturb or annoy others, while on any Commission property.

(c) Interact in a violent, abusive, loud, boisterous, vulgar, lewd, wanton, obscene, or otherwise disorderly manner towards Commission Staff, park customers, or other members of the public on Commission property.

Defendants argue that the Ordinance does not violate the First Amendment because "a municipality enjoys considerable flexibility to establish laws governing personal conduct for the enjoyment of public places or restricting access to public areas." *See Embry v. City of Cloverport*, No. 3:02CV-560-H, 2004 WL 191613, at *2 (W.D. Ky. Jan. 22, 2004). Defendants further argue that this Ordinance "unquestionably passes intermediate scrutiny," as is required for content-neutral regulations on public fora. Defendants further argue that the government may protect public fora from "excessive noise." *See Ward v. Rock Against Racism*, 491 U.S. 789, 806 (1984).

"The state may [] enforce regulations of the time, place, and manner of expression which are content-neutral, are narrowly tailored to serve a significant government interest, and leave open ample alternative channels of communication." *Perry Educ. Ass'n v. Perry Loc. Educators' Ass'n*, 460 U.S. 37, 45 (1983). For the following reasons, it is far from clear that the Ordinance is content-neutral, narrowly tailored, or that it leaves open ample alternative channels of communication.

First, the Ordinance is not content-neutral on its face. To the contrary, it prohibits "vulgar," "lewd," "wanton," and "obscene" conduct, which appears to be a prohibition of certain conduct based on its content. Such prohibitions are not "content-neutral."

Nor is the Ordinance narrowly-tailored. It prohibits a broad range of conduct, including that which is "loud" or "boisterous." Defendants have not explained how prohibiting loud or boisterous conduct is narrowly-tailored to serve a significant government interest, because they cannot. The government does not have a significant interest in prohibiting "loud" or "boisterous" conduct in an outdoor public park. To the contrary, people play music, gather with friends and family, throw parties, and play games in the park. Some of these activities must, by necessity, include conduct that could be defined as "loud" or "boisterous." The Ordinance also prohibits conduct that would tend to "disturb or annoy others" but does not define what that standard is. No one has alleged that Plaintiff was "excessively noisy," nor does the Ordinance explicitly ban excessive noise. *See Members of City Council of City of Los Angeles v. Taxpayers for Vincent*, 466 U.S. 789, 806 (1984) (referring to case that upheld ordinance prohibiting "loud and raucous sound trucks" based on governmental interest in protecting citizens from "unwelcome noise"); *Rock Against Racism*, 491 U.S. at 796 (repeated complaints of excessive noise justified restriction on musical performance and did not violate free speech).

Lastly, the Ordinance clearly does not leave open ample alternative channels of communication, as evidenced by its enforcement against Plaintiff. If Plaintiff's communications with Mr. Wright about the prohibition against electronic bicycles on the Dragon Trail violates the Ordinance, then how shall anyone communicate with individuals who violate the prohibition against electronic bicycles? Are they required to use a certain tone of voice or a certain word choice, and if so, what is it? The evidence shows that Plaintiff and Mr. Wright engaged in a civil, consensual conversation in which Mr. Wright voluntarily participated. Mr. Wright could have ridden away at any time. Instead, he chose to remain and speak with Plaintiff, and to debate the merits of the prohibition against electronic bicycles, as the video shows. If Plaintiff violated the Ordinance during that interaction, the Ordinance does not leave open ample alternative channels of communication. In fact, no one thus far has articulated exactly how Plaintiff violated the Ordinance, and that is because any attempt to do so will reveal the unconstitutionality of the Ordinance.

The case relied upon by Defendants and this Court, *Embry v. City of Cloverport*, No. 3:02CV-560-H, 2004 WL 191613 (W.D. Ky. Jan. 22, 2004), supports Plaintiff's position. In that case, the

court overruled an ordinance that established a curfew for individuals to travel through and enjoy Cloverport's public areas. The court in that case stated that "the right of intrastate travel is a fundamental one" and therefore restrictions "must be narrowly tailored to achieve a compelling goal." *Id*. at *2. The court found the ordinance overly broad because it prohibited conduct that was "neither criminal nor disruptive," and provided examples of alternative ordinances that could be established instead, which would be "more acceptable because they do not broadly proscribe or threaten to proscribe legitimate activity." *Id*. at 3. The court further described the ordinance as "so broad and vague that an ordinary citizen could never quite know what reason for wandering about town law enforcement officials might accept" and found that the City had never "established any consistent guidelines" for enforcement of the Ordinance. *Id*. at *4. This analysis applies perfectly to the Ordinance at issue here. The Ordinance Plaintiff has allegedly violated could be enforced to prohibit conduct that is neither criminal nor disruptive, such as music or boat motors, or even heated conversations. The Ordinance threatens to proscribe legitimate activity, such as communicating with other park users about park rules, which could certainly "disturb or annoy" the individual who was violating the park rules, as occurred here. Furthermore, Defendants have not shown that they have established any consistent guidelines for enforcement of the Ordinance, and it appears that enforcement is entirely arbitrary. The arbitrary nature of the enforcement is further supported by the absence of any process for appealing a determination that one has violated the Ordinance.

For an Ordinance to not be found unconstitutionally overbroad and vague, it must "(1) define the offense with sufficient clarity such that an ordinary person would understand what conduct is prohibited and (2) establish standards that allow non-arbitrary enforcement." *Embry*, 2004 WL 191613, at *4 (citing *Kolender v. Lawson*, 461 U.S. 352, 357 (1983). The Ordinance does neither. It does not define the stated offenses with sufficient clarity such that an ordinary person could understand what conduct is prohibited. For example, what constitutes "loud" conduct? Is there a certain decibel level above which an individual violates the Ordinance? If so, an individual who revs her boat motor on Hardy Pond likely violates the Ordinance. Is "boisterous" conduct such as playing games prohibited? And what constitutes "vulgar" or "lewd" conduct? An ordinary person has no notice as to what conduct is permissible under the Ordinance, and therefore has no way to modify or adjust their behavior to comply with it. Likewise, the Ordinance does not establish standards that allow non-arbitrary enforcement. Conduct that "tends to disturb or annoy" someone may, to someone else, be perfectly acceptable. This is the case here, where Plaintiff's communications to

Mr. Wright were solely regarding Mr. Wright's use of an electronic bicycle on the Dragon Trail. If Plaintiff's communication with Mr. Wright regarding his use of a prohibited electronic bicycle on the Dragon Trail would tend to "disturb or annoy" Mr. Wright, and thus would violate the Ordinance, then how should one go about communicating to a trail user that his conduct of riding a prohibited electronic bicycle is endangering other trail users and destroying the trail? If Plaintiff does not stand up for the right of other trail users to ride the trail free from the threat of electronic bicycles—which are prohibited for a reason, including that they endanger riders on non-motorized bicycles—then who will? Defendants' poorly considered defense of this lawsuit shows that they have not thought through the merits and implications of Plaintiff's claims.

This is the irony of Defendants' defense of this case—Plaintiff's "conduct" that led to improper enforcement of the unconstitutional Ordinance against him was Plaintiff's attempt to preserve public safety and communicate with other trail users about rules that are specifically designed to maintain public safety on the Dragon Trail. For this, Plaintiff has been labeled a "crazy lunatic." Mr. Wright literally knocked Plaintiff off his bicycle by coming around a corner on the Dragon Trail at an uncontrolled speed on his electronic bicycle. It is unsurprising that Plaintiff was, in fact, disturbed and annoyed by Mr. Wright's use of an electronic bicycle and his refusal to acknowledge that electronic bicycles are prohibited. When Plaintiff admonished Mr. Wright for riding an e-bike, Mr. Wright attempted to explain why e-bikes are not that bad and should be allowed—despite the clear signage indicating that they are prohibited.

Defendants appear to be prioritizing Mr. Wright's emotionally-driven reaction to Plaintiff's clear and direct communications regarding the rule against e-bikes, over the actual public safety threat posed by Mr. Wright's decision to ride an e-bike. Unlike the Ordinance at issue here, the rule against e-bikes is objective and clearly enforceable based on non-arbitrary standards. And while Plaintiff is not a law enforcement official and has no ability to enforce the rules, he consistently communicates with other trail users regarding trail rules that affect all users, as any responsible trail user should. Safe use of the Dragon Trail, in compliance with applicable rules, benefits all trail users.

This Court should not be swayed by the warped perspective that Defendants bring to this case, likely as a result of Mr. Wright's disingenuous and unsupported Affidavit and his emotional reaction to Plaintiff's reasonable communications. What has actually happened is that Plaintiff— who had no ability, or duty, to restrict or monitor his communications with Mr. Wright in accordance

with the Ordinance, due to the Ordinance being unconstitutionally vague and overbroad—is being improperly punished because Mr. Wright, who violated a Park rule in a manner that placed other trail users in physical danger, claims to be a victim. Plaintiff was acting in the public interest and prioritizing the safety of trail users when he communicated to Mr. Wright that e-bikes are not allowed and engaged Mr. Wright in a conversation about the reasons why. Banning Plaintiff from the Dragon Trail has the effect of undermining public safety on the trail, not supporting it. Defendants now act against the public interest by continuing to assert that Mr. Wright did nothing wrong, and that Plaintiff was in the wrong. "Emotional" safety cannot, and should not, take precedence over physical safety.

It is unsurprising that Plaintiff is frustrated by these misguided perspectives of his actions. If citizens are prohibited from communicating with other members of the public regarding rules that are designed for the safety and well-being of all users of outdoor recreation areas, such areas will quickly become even more chaotic and dangerous than they already are. Plaintiff's communications to Mr. Wright served to reinforce order and safety on the Dragon Trail, not undermine it. The public is harmed, not benefitted, by Plaintiff's removal from Newaygo County Parks. It was Mr. Wright who should have received a citation for violating a Rule in a manner that placed other members of the public, including Plaintiff, in physical danger. Plaintiff has attempted to communicate these obvious conclusions to Defendants prior to filing this lawsuit, to no avail. Now Plaintiff has been forced to bring this lawsuit to reinstate his right to use the Dragon Trail, which should never have been taken from him in the first place. Defendants should immediately restore Plaintiff's ability to access Newaygo County Parks and the Dragon Trail.

Lane Myers

---

**Lane Myers** <meyerlansky879@gmail.com>
To: Jacob Samborski <samborje@gmail.com>

Fri, Sep 30, 2022 at 10:45 AM

[Quoted text hidden]

---

**Lane Myers** <meyerlansky879@gmail.com>
To: Kat Henrichs <katclimbs33@gmail.com>

Fri, Sep 30, 2022 at 8:01 PM

---------- Forwarded message ---------
From: **Lane Myers** <meyerlansky879@gmail.com>
Date: Fri, Sep 30, 2022, 10:19 AM
Subject: Notice of Intent to Litigate
To: <ChrisW@co.newaygo.mi.us>

 Gmail

**Lane Myers <meyerlansky879@gmail.com>**

## Open Meetings Act
1 message

**Lane Myers** <meyerlansky879@gmail.com>                                    Fri, Sep 30, 2022 at 11:16 AM
To: "Homier, Michael" <MHomier@fosterswift.com>

I suggest you read this very closely and advise your clients to follow the law. Or they will have more litigation to deal with. I suggest you pay very close attention to rule (6) specifically. Then I suggest you apologize to me for attempting to violate my rights in your Rule 11 by insinuating that I was going to attend the meeting despite being banned. YES, I am going to the meeting. With the State Police on standby if Newaygo County wants to violate state law. You've been warned. If they try and stop me or arrest me at the meeting it will be $1,000,000 in damages.

Michigan Open Meetings Act

Michigan Legislature - Section 15.263

 **Gmail**

Lane Myers <meyerlansky879@gmail.com>

## Open Meetings Act
1 message

**Lane Myers** <meyerlansky879@gmail.com>                                          Fri, Sep 30, 2022 at 11:21 AM
To: ChrisW@co.newaygo.mi.us, Chadp@co.newaygo.mi.us, bobm@co.newaygo.mi.us, bryankcp@gmail.com,
doug@harmoninc.net

I suggest you read this very closely, and pay very close attention to number (6) specifically. The State Police are on
standby if you try and violate state law and interfere with my attendance at the meeting as allowed under the Open
Meetings Act. Any interference, harassment, or arrest conduct during the Oct 4th Parks and Rec Board Meeting will be
met with a $1,000,000 lawsuit against the named individuals.

Michigan Legislature - Section 15.263

Lane Myers

 Gmail

**Lane Myers <meyerlansky879@gmail.com>**

---

### Forged Affadavit
1 message

**Lane Myers** <meyerlansky879@gmail.com>                                    Fri, Sep 30, 2022 at 12:48 PM
To: "Homier, Michael" <MHomier@fosterswift.com>

Ive forwarded the Affidavit that has Ethan Wrights name on it to the Attorney General and the FBI. I believe that is a forged document and Ethan Wright did not actually sign that. My sources tell me Ethan Wrights signature look completely different. I hope that is not the case but based on your behavior up to this point and the fact you were able to get an affidavit signed within 1 hour of me threatening Rule 11 sanctions against you I have strong reason to believe that is a forged document. You also lied multiple times in your Rule 11, while failing to properly represent my position in this matter multiple times to the judge. You have now shown a clear pattern of attempting to misrepresent the truth to the judge to draw attention away from the constitutional facts in this case.

 Gmail

Lane Myers <meyerlansky879@gmail.com>

## $2,000,000 in damages

1 message

**Lane Myers** <meyerlansky879@gmail.com>
To: "Homier, Michael" <MHomier@fosterswift.com>

Fri, Sep 30, 2022 at 5:03 PM

The deadline has passed for your clients to settle this without compensation. I will be amending the claim for $2,000,000 in compensatory damages.

Your clients could have solved this for 0 dollars, and you could have saved them a lot of time, embarrassment, and now money.

 Gmail

Lane Myers <meyerlansky879@gmail.com>

## Amended Claim
1 message

**Lane Myers** <meyerlansky879@gmail.com>                                    Sat, Oct 1, 2022 at 8:17 AM
To: "Homier, Michael" <MHomier@fosterswift.com>

Because I don't want to hear you crying to the judge how you got "ambushed" 😌.

The claim is being amended.

Its now a Monell claim against Newaygo County for $20,000,000. Creating and enforcing an unconstitutional policy.

Nick Smith, Doug Harmon, Chris Wren enforced it. They are individual defendants.

Deputy Kalinowski and Freriks are being sued for 1983 claims for illegal search and seizure of my information.

Bryan Kolk is being sued because he is the final policymaker of Newaygo County.

Now I am eligible for compensatory damages, injunctive relief, and if you lose at trial or summary judgment, punitive damages.

You had over 50 days to handle this for free.

 Gmail

Lane Myers <meyerlansky879@gmail.com>

---

## Facts, bro
1 message

**Lane Myers** <meyerlansky879@gmail.com>                         Sun, Oct 2, 2022 at 10:25 AM
To: "Homier, Michael" <MHomier@fosterswift.com>

So let me get this straight. You filed a piece of paper in Federal Court that says I was not detained, searched, or arrested.

How did Nick Smith get my name and phone number to call me 15 minutes after I left the park? If I was not detained, searched, or arrested? And the Deputies did not have a written request from Nick Smith for that information, or my permission.

Thats why you will be a public defender after this case. Your arguments are trash.

 Gmail

**Lane Myers <meyerlansky879@gmail.com>**

## Reality bites
1 message

**Lane Myers** <meyerlansky879@gmail.com>                                          Sun, Oct 2, 2022 at 11:26 AM
To: "Homier, Michael" <MHomier@fosterswift.com>

Now you have to either admit that your clients banned me for an ordinance that was unconstitutional and meet my conditions in the original lawsuit. Which would be admitting to a violation of Monell, and allowing me to file a new claim for Monell and Retaliation 1983, using your clients admitting the law was bad because you overturned my ban.

Or, fight a Monell claim. So basically, you gave your clients bad legal advice. Because now they are damned if they do, damned if they don't. Of course you and your law firm will make a bunch of money 🤑, so for you it doesn't matter. I will beat every argument you can come up with because the facts always beat lies.

 Gmail

**Lane Myers <meyerlansky879@gmail.com>**

## Sandul v. Larion
1 message

**Lane Myers** <meyerlansky879@gmail.com>                                    Sun, Oct 2, 2022 at 1:37 PM
To: "Homier, Michael" <MHomier@fosterswift.com>

Heres some reading for you to understand how bad you are going to lose this case. I was banned for my speech whis is protected. It can not be taken away by a park ordinance. Creation of an Ordinance and enforcing it against me is taking away my protected speech. Thats the very definition of a Monell Claim. Furthermore, my ban was in retaliation to my protected speech. Thats a Retaliation 1983 claim. Then I still have the ability to sue the 2 deputies and Nick smith individually for 4th amendment violations. We can talk settlement anytime up to the Schedule 16 conference, after that its a full blown legal battle for millions of dollars.

Sandul v. Larion, 119 F.3d 1250 | Casetext Search + Citator

 Gmail

**Lane Myers <meyerlansky879@gmail.com>**

## Discovery
1 message

**Lane Myers** <meyerlansky879@gmail.com>                                   Sun, Oct 2, 2022 at 1:53 PM
To: "Homier, Michael" <MHomier@fosterswift.com>

Im going to need to see a record of every single person who has been banned under Rule 18 B and C. You can start that process now.

 Gmail

Lane Myers <meyerlansky879@gmail.com>

## Leonard Vs Robinson

1 message

**Lane Myers** <meyerlansky879@gmail.com>
To: "Homier, Michael" <MHomier@fosterswift.com>

Mon, Oct 3, 2022 at 12:19 PM

I suggest you read Leonard V Robinson, and start talking about settlements.

https://caselaw.findlaw.com/us-6th-circuit/1484979.html

I am going to run circles around your legal arguments.

 Gmail

Lane Myers <meyerlansky879@gmail.com>

## Depositions, Discovery, Amended Complaint

1 message

**Lane Myers** <meyerlansky879@gmail.com>
To: "Zint, Amanda" <AZint@fosterswift.com>

Mon, Oct 3, 2022 at 1:27 PM

This is to let you know about a few things.

The complaint is being amended into a Monell Claim against Newaygo County as the organization.

Then individually I am adding Bryan Kolk, Deputy David Kalinowski, Sheriff Bob Mendham, Undersheriff Chad Palmiter, Parks Chairman Doug Harmon. For individual, as well as organizational violations. So im keeping the 3 defendants I have now, plus adding those additional ones. The County is being added under a Monell 1983 Claim, the others for Retaliation 1983, as well as 1983 violations. Related to the creation and enforcement of an unconstitutional ordinance, and the behaviors of the employees at the park as well as since then.

I want to depose Deputy Kalinowski, Sgt Freriks, and Nick Smith as soon as possible. Please schedule that.

I will be turning over an extensive discovery list by tmrw also.

My Rule 11 response is being filed today.

File that

 Gmail

**Lane Myers <meyerlansky879@gmail.com>**

___

## Monell claim
2 messages

**Lane Myers** <meyerlansky879@gmail.com>                                          Sun, Oct 2, 2022 at 12:22 PM
To: "Homier, Michael" <MHomier@fosterswift.com>

Your own rule 11 filing where you tried to cite Monell that the defendant's named in the original lawsuit are not liable because of Monell is actually partially true. But thats really bad for you. Because instead of suing them individually, now I'm suing the entire County under Monell. For the unconstitutional ordinance.

Also it doesn't HAVE to be a Monell claim, in order to sue under 1983. The deputies violated my rights under the color of state. 4th amendment against illegal searches. Because as you admit in your trash Rule 11, I was never detained searched or arrested. Except I was searched, in the County records to get my name and phone number. Your arguments are trash. I was hoping to actually have like a serious high level legal battle against a law firm. This is extremely low bar legal filings.

So you're saying the defendants are not liable under Monell? But I haven't filed anything saying they were up to this point. So why are you talking about Monell in your Rule 11? That argument doesn't apply here. The deputies violated my constitutional rights. Nick Smith enforced an unlawful park ordinance. Chris Wren failed to give me due process taking away a right. Thats what I originally filed. Not a Monell.

So for you to attempt to argue that the defendants in the original lawsuit were covered under Monell is going to have lawyers all over laughing at you. Nobody accused you of a Monell! Yet.

Now, I am filing a Monell against Newaygo County for 200 million and the jury can decide how much in damages after the judge gives me a summary judgment saying that the park ordinance is unconstitutional.

Its also a retaliation 1983 claim now. I can also still sue the deputies individually for 4th amendment violations.

This is about to get really expensive for your clients. How ironic you file a Rule 11 asking me for sanctions when you are the one who will be sanctioned under Rule 11 for filing that trash Rule 11! Full of more evidence to prove my Monell claims and failure to train, several elements, as well as a Retaliation 1983. This went from 0 dollars to millions based on your bad legal advice to the county, as well as poor legal arguments.

**Lane Myers** <meyerlansky879@gmail.com>                                          Mon, Oct 3, 2022 at 11:29 PM
To: "Homier, Michael" <MHomier@fosterswift.com>

---------- Forwarded message ---------
From: **Lane Myers** <meyerlansky879@gmail.com>
Date: Sun, Oct 2, 2022, 12:22 PM
Subject: Monell claim
To: Homier, Michael <MHomier@fosterswift.com>

Your own rule 11 filing where you tried to cite Monell that the defendant's named in the original lawsuit are not liable because of Monell is actually partially true. But thats really bad for you. Because instead of suing them individually, now I'm suing the entire County under Monell. For the unconstitutional ordinance.

Also it doesn't HAVE to be a Monell claim, in order to sue under 1983. The deputies violated my rights under the color of state. 4th amendment against illegal searches. Because as you admit in your trash Rule 11, I was never detained searched or arrested. Except I was searched, in the County records to get my name and phone number. Your arguments are trash. I was hoping to actually have like a serious high level legal battle against a law firm. This is extremely low bar legal filings.

So you're saying the defendants are not liable under Monell? But I haven't filed anything saying they were up to this point. So why are you talking about Monell in your Rule 11? That argument doesn't apply here. The deputies violated my

constitutional rights. Nick Smith enforced an unlawful park ordinance. Chris Wren failed to give me due process taking away a right. Thats what I originally filed. Not a Monell.

So for you to attempt to argue that the defendants in the original lawsuit were covered under Monell is going to have lawyers all over laughing at you. Nobody accused you of a Monell! Yet.

Now, I am filing a Monell against Newaygo County for 200 million and the jury can decide how much in damages after the judge gives me a summary judgment saying that the park ordinance is unconstitutional.

Its also a retaliation 1983 claim now. I can also still sue the deputies individually for 4th amendment violations.

This is about to get really expensive for your clients. How ironic you file a Rule 11 asking me for sanctions when you are the one who will be sanctioned under Rule 11 for filing that trash Rule 11! Full of more evidence to prove my Monell claims and failure to train, several elements, as well as a Retaliation 1983. This went from 0 dollars to millions based on your bad legal advice to the county, as well as poor legal arguments.

 Gmail

**Lane Myers <meyerlansky879@gmail.com>**

## Boat Crew 2
1 message

**Lane Myers** <meyerlansky879@gmail.com>
To: "Homier, Michael" <MHomier@fosterswift.com>

Tue, Oct 4, 2022 at 10:21 AM

You can't break Boat Crew 2. Your arguments suck, you have no case, you are defending idiot public officials. You are an embarrassment to the legal profession with your cut and paste legal arguments. You could pay legal zoom for better arguments than you have articulated.

I am going to absolutely destroy your fairy tales.

https://youtu.be/oTrlRR-WB8o

 Gmail

**Lane Myers <meyerlansky879@gmail.com>**

## Mediocre, at best

1 message

**Lane Myers** <meyerlansky879@gmail.com>                                       Wed, Oct 5, 2022 at 8:19 AM
To: "Homier, Michael" <MHomier@fosterswift.com>

When are you going to use that big fancy law degree and all your little helpers ar your big boy law firm and actually come up with some half decent arguments? I hope you are prepared to take Monell to the Supreme Court if you think you're going to win this case.

I eat lawyers like you for lunch. No law degree. Straight facts, bro. The best part is all I have to do is cite case law in the Sixth and watch you get absolutely destroyed by the judge for even fighting this case.

https://youtube.com/shorts/NnbfC4BEUhs?feature=share

 Gmail

**Lane Myers <meyerlansky879@gmail.com>**

## Depositions
1 message

**Lane Myers** <meyerlansky879@gmail.com>                                    Tue, Oct 11, 2022 at 9:45 AM
To: "Homier, Michael" <MHomier@fosterswift.com>

Let's get them depositions scheduled with Deputy Kalinowski, Sgt Freriks  and Nick Smith. What are you waiting for? I asked last week. The faster we get them under oath lying the faster they can lose their jobs and make this community safe. We can't allow lying law enforcement officers who operate with a bias. What are you scared of? Besides the truth, and losing this case in spectacular fashion.

If you wanted a legal battle, you definitely picked the right person for that. Im going to systematically destroy any credibility you and your clients have. Because they are cowards and liars. You are protecting lying cowards, for money. You should move to North Korea since you don't take your responsibilities as a US Citizen to protect and uphold the constitution serious. You walk around enjoying the benefits of the very same civil rights uou are trying to take from me.

If you need some help moving to North Korea I will help you pack.

https://youtu.be/OKN8dFO_ZLA