1

2

3

4

5

6               **IN THE UNITED STATES DISTRICT COURT**

7               **FOR THE WESTERN DISTRICT OF MICHIGAN**

8

9   Lane Myers,                              No. CV-22-00748

10              Plaintiff,                    **AMENDED COMPLAINT**

11  v.

12  Christopher Wren,
    Newaygo County,
13  Newaygo County Board of Commissioners,
14  Paul Mellema,
    Bryan Kolk,
15  Burt Cooper,
16  D. Charles Trapp,
    Kenneth Delaat,
17  Brenda Bird,
18  Michael Kruithoff,
    Deborah Berger,
19  Newaygo     County     Parks     and     Rec
20  Commission,
    Newaygo County Parks and Rec Commision
21  Board,
22  Doug Harmon,
    Dale Twing,
23  D. Charles Trapp,
24  James Maike Jr,
    Mark Guzniczak,
25  Steve Hatting,
26  Charles Chandler,
    Steve Stroven,
27  John Clark,
28  Mark Pitzer,
    Janet Westfield,

Nicholas Smith,
Theresa Bailey,
Connie Parks,
Newaygo County Sheriff's Office,
Bob Mendham Sheriff,
Chad Palmiter Undersheriff
Sgt Christopher Freriks,
Deputy David Kalinowski.,

          Defendants.

NOW COMES, the Plaintiff, Lane Myers to file Complaint against the Defendants. In support thereof, he submits the following:

## PARTIES TO THE CASE

**I. The Plaintiff**

Lane Myers

1583 Grange Rd

Trenton Mi 48183

Wayne County

meyerlansky879@gmail.com

(313) 587-1880

**II. The Defendants**

    A. Municipal Defendants

Defendant Newaygo County is a municipality and a political subdivision of the State of Michigan, organized and existing under the laws of the State of Michigan. Newaygo County is a "state actor," as that term is used under the jurisprudence of 42 U.S.C. § 1983.

1087 Newell Street, PO Box 885

White Cloud 49349

Newaygo County

(231) 689-7200

- 2 -

B. Individual Defendants

At all times alleged in this Complaint, the following Defendants were supervisors and employees, employed by Newaygo County, acting within the course and scope of their employment, and under color of state law. They are "state actors," as that term is used under the jurisprudence of 42 U.S.C. § 1983.

At all times relevant to this Complaint, Defendant Christopher Wren has been the Newaygo County Administrator. He is the final policy maker for the County, and is named in his official and individual capacity.

1087 Newell Street, PO Box 885

White Cloud 49349

Newaygo County

(231) 689-7200

At all times relevant to this Complaint, Defendant Deborah Berger, has been the Administrative Secretary of Newaygo County. She is named in her official and individual capacity.

1087 Newell Street, PO Box 885

White Cloud 49349

Newaygo County

(231) 689-7200

At all times relevant to this Complaint, Defendant Bryan Kolk, has been the Chairman of the Newaygo County Board of Commissioners, and District 2 Commissioner. He is named in his official capacity.

1087 Newell Street, PO Box 885

White Cloud 49349

Newaygo County

(231 )689-7200

- 3 -

At all times relevant to this Complaint, Defendant Paul Mellema, has been District 1 Commissioner on Newaygo County Board of Commissioners. He is named in his official capacity.

1087 Newell Street, PO Box 885

White Cloud 49349

Newaygo County

(231) 689-7200

At all times relevant to this Complaint, Defendant D. Charles Trapp, has been District 3 Commissioner on Newaygo County Board of Commissioners. He is named in his official capacity.

1087 Newell Street, PO Box 885

White Cloud 49349

Newaygo County

(231) 689-7200

At all times relevant to this Complaint, Defendant James Maike Jr, has been District 4 Commissioner on Newaygo County Board of Commissioners. He is named in his official and individual capacity.

1087 Newell Street, PO Box 885

White Cloud 49349

Newaygo County

(231) 689-7200

At all times relevant to this Complaint, Defendant Kenneth Delaat, has been District 5 Commissioner on Newaygo County Board of Commissioners. He is named in his official capacity.

1087 Newell Street, PO Box 885

White Cloud 49349

Newaygo County

(231) 689-7200

At all times relevant to this Complaint, Defendant Brenda Bird, has been District 6 Commissioner on Newaygo County Board of Commissioners. She is named in her official capacity.

1087 Newell Street, PO Box 885

White Cloud 49349

Newaygo County

(231) 689-7200

At all times relevant to this Complaint, Defendant Michael Kruithoff, has been District 7 Commissioner on Newaygo County Board of Commissioners. He is named in his official capacity.

1087 Newell Street, PO Box 885

White Cloud 49349

Newaygo County

(231) 689-7200

At all times relevant to this Complaint, Defendant Burt Cooper, has been District 1 Commissioner on Newaygo County Board of Commissioners. He is named in his official capacity and individual capacity.

1087 Newell Street, PO Box 885

White Cloud 49349

Newaygo County

(231) 689-7200

At all times relevant to this Complaint, Defendant Doug Harmon, has been Newaygo County Parks and Recreation Board Chairman. He is the final policy maker for the Parks and Recreation Commission and is named in his official and individual capacity.

4684 Evergreen Drive

Newaygo, Michigan 49337

1            Newaygo County

2            (231) 689-7340

3     At all times relevant to this Complaint, Defendant Dale Twing, has been a

4 Newaygo County Parks and Recreation Commission Board Member. He is being named

5 in his official capacity.

6           4684 Evergreen Drive

7          Newaygo, Michigan 49337

8            Newaygo County

9            (231) 689-7340

10    At all times relevant to this Complaint, Defendant D. Charles Trapp, has been a

11 Newaygo County Parks and Recreation Commission Board Member. He is being named

12 in his official capacity.

13          4684 Evergreen Drive

14         Newaygo, Michigan 49337

15           Newaygo County

16           (231) 689-7340

17    At all times relevant to this Complaint, Defendant James Maike, Jr, has been a

18 Newaygo County Parks and Recreation Commission Board Member. He is being named

19 in his official and individual capacity.

20          4684 Evergreen Drive

21         Newaygo, Michigan 49337

22           Newaygo County

23           (231) 689-7340

24    At all times relevant to this Complaint, Defendant Mark Guzniczak, has been a

25 Newaygo County Parks and Recreation Commission Board Member. He is being named

26 in his official capacity.

27          4684 Evergreen Drive

28         Newaygo, Michigan 49337

1                                Newaygo County

2                                (231) 689-7340

3          At all times relevant to this Complaint, Defendant Steve Hatting, has been a

4 Newaygo County Parks and Recreation Commission Board Member. He is being named

5 in his official capacity.

6                           4684 Evergreen Drive

7                        Newaygo, Michigan 49337

8                               Newaygo County

9                               (231) 689-7340

10        At all times relevant to this Complaint, Defendant Charles Chandler, has been a

11 Newaygo County Parks and Recreation Commission Board Member. He is being named

12 in his official capacity.

13                       4684 Evergreen Drive

14                    Newaygo, Michigan 49337

15                         Newaygo County

16                         (231) 689-7340

17        At all times relevant to this Complaint, Defendant Steve Stroven, has been a

18 Newaygo County Parks and Recreation Commission Board Member. He is being named

19 in his official capacity.

20                       4684 Evergreen Drive

21                    Newaygo, Michigan 49337

22                         Newaygo County

23                         (231) 689-7340

24        At all times relevant to this Complaint, Defendant John Clark, has been a

25 Newaygo County Parks and Recreation Commission Board Member. He is being named

26 in his official capacity.

27                       4684 Evergreen Drive

28                    Newaygo, Michigan 49337

1

Newaygo County

2

(231) 689-7340

3       At all times relevant to this Complaint, Defendant Mark Pitzer, has been a

4 Newaygo County Parks and Recreation Commission Board Member. He is being named

5 in his official capacity.

6

4684 Evergreen Drive

7

Newaygo, Michigan 49337

8

Newaygo County

9

(231) 689-7340

10      At all times relevant to this Complaint, Defendant Janet Westfield, has been a

11 Newaygo County Parks and Recreation Commission Board Member. She is being named

12 in her official and individual capacity.

13

4684 Evergreen Drive

14

Newaygo, Michigan 49337

15

Newaygo County

16

(231) 689-7340

17      At all times relevant to this Complaint, Defendant Nicholas Smith has been the

18 Director of Newaygo County Parks and Recreation Commission. He is named in his

19 official and individual capacity.

20

4684 Evergreen Drive

21

Newaygo, Michigan 49337

22

Newaygo County

23

(231) 689-7340

24      At all times relevant to this Complaint, Defendant Theresa Bailey, has been a

25 Newaygo County Parks and Recreation Commission employee. She is being named in

26 her official and individual capacity.

27

4684 Evergreen Drive

28

Newaygo, Michigan 49337

Newaygo County

(231) 689-7340

At all times relevant to this Complaint, Defendant Connie Parks, has been a Newaygo County Parks and Recreation Commission employee. She is being named in her official and individual capacity.

4684 Evergreen Drive

Newaygo, Michigan 49337

Newaygo County

(231) 689-7340

C. Newaygo County Sheriff's Office (NCSO)

Sheriff Bob Mendham, Undersheriff Chad Palmiter, Sergeant Christopher Freriks, and Deputy David Kalinowski are being named in their official and individual capacities.

1035 E. James Street, PO Box 845

White Cloud, Mi 49349

Newaygo County

(231) 689-7303

At all times material herein, NCSO Defendants acted within the scope of their employment and under color of law. These Defendants engaged in wrongful conduct that allowed, caused, and/or contributed to the cause of the violations of the Plaintiff's rights. Their actions and/or inactions constitute actions of Sheriff Mendham, NCSO, and/or Newaygo County. Sheriff Mendham, NCSO, and/or Maricopa County are vicariously and directly liable for their wrongful conduct.

Plaintiff further alleges that all of the factiously named Defendants were jointly responsible for the actions, events, and circumstances underlying this lawsuit, and that they proximately caused the damages stated in this Complaint.

**JURISDICTION AND VENUE**

All previous paragraphs are incorporated. The events, acts, and/or omissions as described more fully throughout the paragraphs of this Complaint are not within the Exclusive Jurisdiction of any other Court.

42 U.S.C. § 1983 states:

> Every person who, under color of any statute, ordinance, regulation, custom, or usage, of any State or Territory or the District of Columbia, subjects, or causes to be subjected, any citizen of the United States or other person within the jurisdiction thereof to the deprivation of any rights, privileges, or immunities secured by the Constitution and laws, shall be liable to the party injured in an action at law, suit in equity, or other proper proceeding for redress, except that in any action brought against a judicial officer for an act or omission taken in such officer's judicial capacity, injunctive relief shall not be granted unless a declaratory decree was violated or declaratory relief was unavailable.

All named Defendants are Local officials acting under the color of state as defined by 42 U.S.C. § 1983.

Federal claims

1. *Monell* Claim 1983

2. Substantive First Amendment Retaliation § 1983

3. Substantive First Amendment Freedom of Speech § 1983

4. Substantive First Amendment Freedom of Assembly § 1983

5. Substantive First Amendment Right to Petition § 1983

6. Substantive Fourth Amendment Right to be free from Unreasonable Search or Seizure § 1983

7. Substantive Fourth Amendment Malicious Prosecution § 1983

8. Substantive violation Sixth Amendment Confrontation Clause § 1983

9. Procedural and Substantive Fourteenth Amendment Due Process Clause § 1983

10. Substantive violation Fourteenth Amendment Equal Protection Clause § 1983

**FACTUAL ALLEGATIONS IN SUPPORT OF PLAINTIFF'S CLAIMS**

We the People of the United States, in Order to form a more perfect Union, establish Justice, insure domestic Tranquility, provide for the common defence, promote the general Welfare, and secure the Blessings of Liberty to ourselves and our Posterity, do ordain and establish this Constitution for the United States of America.
--Preamble to the United States Constitution

### I.      Plaintiff's Interaction with Ethan Wright

On Friday, August 5th, 2022, at approximately 3 p.m. Plaintiff was riding his bicycle in Newaygo County, on the Dragon Trail, at Sandy Beach Park when he came around a corner and encountered Ethan Wright riding his electric motorcycle. Ethan Wright was unable to get his motorcycle under control and both of them were forced to swerve off the trail and fall over. Upon standing up Plaintiff saw that Ethan Wright was using an unauthorized motorized vehicle on the trail. Plaintiff informed Ethan Wright that motorcycles are not allowed on the trail. Ethan Wright stated that he did not believe that it damaged the trail. Electronic motorcycles are clearly banned from the trail and there are signs at every trail junction stating as much. Plaintiff told Ethan Wright that motorcycles are banned and it was not the appropriate time and place to argue the merits of their legality. Plaintiff indicated he would be willing to show Ethan Wright the posted signs where it clearly says Non Motorized Use only. Ethan Wright stated it does not matter what Plaintiff says, or the signs, and that he would continue to break the law, and ride the motorcycle on the trail. The rider then took off down the trail. Plaintiff has a video of this conversation on Youtube (Lane Myers) if the Court would like to view it.

### II.      Plaintiff's Interaction with Defendants Freriks and Kalinowski

Plaintiff then continued his bicycle ride from the middle of the woods back towards his start point near the Hardy Dam. Upon reaching the Sandy Beach Park road crossing several minutes later, Plaintiff encountered Ethan Wright again who stated, "Where are you going, the police are on their way." Sergeant Christopher Freriks, and Deputy David Kalinowski of the Newaygo County Sheriff Dept arrived and exited their

patrol vehicles. Plaintiff told Sgt Freriks that Ethan Wright was riding a motorcycle on the Dragon Trail, in clear violation of posted park rules. Sgt. Freriks and Deputy Kalinowski said they would not be enforcing anything, and that Plaintiff was free to go. Plaintiff was not detained or asked for his personal information at any time. Plaintiff will be introducing bodycam footage as objective evidence of this interaction.

### III.    Plaintiffs Interaction with Defendant Nicholas Smith

Approximately one hour later Plaintiff received a call regarding his alleged conduct on Newaygo County Park property. A man who identified himself as Nick Smith, Director of Parks and Recreation for Newaygo County, informed Plaintiff that based on Mr. Smith's conversation with a sheriff deputy, Plaintiff was being "trespassed from Newaygo County Parks". When Plaintiff asked for an opportunity to be heard he told him, "If you don't like it, take me to court and sue me" and ended the call.

### IV.    Plaintiff's interaction with Defendant Freriks

Upon completion of that call Plaintiff called the Newaygo County Sheriff Dept on the non-emergency line and asked to speak to Sgt Freriks. Plaintiff asked Sgt Freriks how Nick Smith got his personal information when Plaintiff was not required to, and did not, provide it at the park. Sgt Freriks stated he got Plaintiffs personal information from a previous, unrelated police contact where Plaintiff was filing a PPO on his neighbor, and provided it to Nick Smith unsolicited. Plaintiff asked him if he had a police report, or any record of an investigation of Plaintiffs alleged conduct. Sgt Freriks stated there was no police report, or record of investigation available because Plaintiff was not accused of breaking any laws. He stated that if Plaintiff wanted to know what Ethan Wright said, or obtain access to the conversation with Nick Smith, Plaintiff could FOIA it under the Michigan FOIA Act. He then ended the call. Plaintiff plans to introduce the call.

### V.    Plaintiffs Interaction with Defendant Nicholas Smith

Plaintiff then emailed Nick Smith, Director of Parks and Rec, asking for an opportunity to be heard, records regarding Plaintiffs alleged conduct, and an impartial tribunal. Plaintiff has received no response as of October 28, 2022.

**VI.     Plaintiff's Interaction with Defendant Wren and Parks**

On Monday, August 8th, 2022, Plaintiff called the office of Nick Smith, Parks and Rec Director, to request an opportunity to be heard and an impartial tribunal under procedural Due Process. Plaintiff was told by Connie the secretary that he must contact Human Resources for that. Plaintiff then called Newaygo County Human Resources and asked for a meeting with Nick Smith, Parks and Rec Director, under Due Process. Plaintiff was put on hold briefly, and then a man who identified himself as Christopher Wren, Newaygo County Administrator, came on the phone. Christopher Wren then told Plaintiff that none of his employees would meet with him, that Plaintiff would not receive Due Process, because it was County property and not a Court of law, and that if Plaintiff didn't like it, to sue him. He then hung up.

**VII.     Plaintiff notice of ban from Newaygo County Parks and Trails**

On Tuesday, August 9th, Plaintiff received a letter from Newaygo County Parks and Rec stating that due to Plaintiff's "actions" on August 5th, 2022, Plaintiff was permanently banned from all Newaygo County Parks and Rec property and trails effective immediately. The letter states that if Plaintiff enters Newaygo County Parks and Rec property he will be arrested and prosecuted for trespassing. The letter does not state what Plaintiffs alleged "actions" were. The letter states that this decision was made due to Plaintiff violating Newaygo County Parks Ordinance #01/2020 Section 18 (B)(C). Which is enforced under Michigan Public Act 261 of 1965 46.364(3) as a Misdemeanor. Plaintiff was not offered any opportunity to be heard under Due Process in a criminal proceeding regarding the alleged interactions and events that led to this decision, despite contacting multiple officials to ask for it multiple times. A copy of the letter is attached.

**VIII. Plaintiff's Interactions with Defendants Mendham, Palmiter, Berger, Kolk, Maike Jr, Harmon, Bird, Kruithuff**

After Plaintiff contacted defense counsel multiple times without response between August 9 and August 16th trying to seek a resolution before having to litigate to enforce

his rights, Plaintiff was forced to seek relief from this court to restore his rights and hold Defendants accountable for multiple civil rights violations.

Since filing the original Complaint on Aug 16th, Defendants and their counsel have not engaged in 1 single conversation related to this lawsuit with the Plaintiff. They have done nothing to try and reach any consensus or resolution. Defense counsel has done nothing but call this valid lawsuit frivolous, and file a Rule 11 motion, despite being told Plaintiff would be filing this Amended Complaint as early as Sept 15th, 2022.

## IX.     Newaygo County Patterns, Practices, and Policies

Through Plaintiff's various attempts to redress these grievances through long standing County Policies, or Michigan State and Federal law, he has been met with complete uncooperation and continued violations of his constitutional and State rights. Including, but not limited to: threat of arrest and prosecution for attending a Public meeting under the Open Meetings Act, denial of access to FOIA, denial of access to the formal complaint forms at Newaygo County Sheriff Dept, as well as continued deprivation of Due Process and the other civil rights alleged herein stemming from the original incident. Also Plaintiff has now been effectively accused, convicted, and sentenced of a Misdemeanor under Michigan PA 261 of 1965 through a Malicious Prosecution. While Plaintiff was seeking redress, evidence found during his discovery process has led to a conclusion that Newaygo Park Ordinance Rule 18(b)(c) does not meet constitutional scrutiny, as well as numerous unlawful policies and practices within various agencies of Newaygo County Government that fall under Monell, as well as First Amendment Retaliation, and other 1983 claims. Plaintiff has been denied his constitutional rights at every step of this entire process. Plaintiff has video recordings of these interactions he plans to introduce.  Plaintiff has been forced to seek relief and damages through this court.

**Newaygo County Park Ordinance 01/2020**

1    Newaygo County Park Ordinance, Rules, and Regulations

2    PREAMBLE

3    An Ordinance to regulate and control all lands, waters, and property administered by or

4    under the jurisdiction of the Newaygo County Park and Recreation Commission

5    DEFINITIONS

6    1. "Commission" shall mean the Newaygo County Parks and Recreation Commission.

7    2. "Commission Property" shall mean all lands, waters, and property administered by or

8    under the jurisdiction of the Newaygo County Parks Commission.

9    3. "Commission Staff" shall mean any individual directly employed to work by the

10   Newaygo County Parks and Recreation Department. Commission Staff includes the

11   Parks and Recreation Director, Parks Administrative Staff, and Park Operations and

12   Maintenance Staff.

13   4. "Person" or "Persons" shall mean individuals, male or female, singular or plural, firms,

14   corporations, companies, associations, entities, organizations, or any group of

15   individuals.

16   9. "Motor-Driven Vehicle" means a vehicle, motor vehicle, or vehicle operated or

17   designed for operation upon a public highway by power other than muscular strength,

18   including motorcycles. 10. "Motorcycle" means a vehicle having a saddle or seat for the

19   use of the rider, designed for operation on not more than three wheels in contact with the

20   ground, equipped with a motor that exceeds 50 cubic centimeters piston displacement.

21   11. "Off-Road Vehicle (ORV)" shall mean any motor vehicle that can be operated cross-

22   country (without the benefit of a road or trail) over land, snow, and other natural terrains.

23   ORV includes multi-track or multiwheel vehicles; all-terrain vehicles (ATVs);

24   motorcycles or related multi-wheel vehicles; amphibious machines (water-to-land and

25   back); hovercrafts; and other vehicles that use mechanical power, including 2- or 4-

26   wheel-drive vehicles that are highway registered but operated off highways or roads.

27   12. "Rules" shall mean the rules adopted by the Newaygo County Parks and Recreation

28   Commission applicable to all property administered by or under the jurisdiction of the

said Commission and all amendments thereto. These rules are enforced in compliance with the State of Michigan Public Act 261 of 1965 et seq.

SECTION 1: APPLICATION OF ORDINANCE The provisions of this ordinance shall apply to, regulate, and control all lands, waters, and property administered by, owned or under the jurisdiction of the Newaygo County Parks and Recreation Commission. These rules are enforced in compliance with the State of Michigan, PA 261 of 1965 et seq.

SECTION 9: MOTOR-DRIVEN VEHICLES

No Person Shall:

a) Operate a motor-driven vehicle of any kind or nature except on designated roads and parking areas.

b) Operate a motor-driven vehicle on any park road at speed exceeding 10 miles per hour or at any speed higher than that posted.

c) Violate provisions of the Michigan Motor Vehicle Code, Act 300 of 1949, as amended.

SECTION 10: MOTORCYCLES, SNOWMOBILES AND OFF-ROAD VEHICLES

a) No Person shall operate a non-licensed motor-driven vehicle, snowmobile, or ORV, on any Commission property, unless it is posted open for such use.

b) Any non-road licensed motor-driven vehicle, snowmobile, or ORV that is admitted for entry to Commission property, may only travel on designated roadways and parking areas.

d) Operators shall comply with all other rules and regulations governing these vehicles by Federal, State, and local laws, including, but not limited to, the Michigan Motor Vehicle Code.

SECTION 12: OPERATION OF BICYCLES

a) Bicycles shall operate as close to the right-hand side of the path, trail or roadway as conditions permit and ride single file. b) It shall be unlawful for any person to ride a bicycle in areas closed to bicycle use.

c) No Person shall operate a bicycle in a manner that endangers pedestrians, oneself, and other bicyclists.

d) Bicyclists must yield to slower-moving trail traffic, such as equestrians and pedestrians. Bicyclists must also verbally announce their presence, with a statement such as, "passing on the left!" before passing other trail users.

e) All Persons using bicycles in accordance with this ordinance shall also abide by Michigan statutes as they pertain to bicycle operation, equipment, and safety.

SECTION 18: PERSONAL CONDUCT

b) Engage in any violent, abusive, loud, boisterous, vulgar, lewd, wanton, obscene, or otherwise, disorderly conduct tending to create a breach of the peace, or disturb or annoy others, while on any Commission property.

c) Interact in a violent, abusive, loud, boisterous, vulgar, lewd, wanton, obscene, or otherwise disorderly manner towards Commission Staff, park customers, or other members of the public on Commission property.

VIOLATION OF RULES

a) In addition to any administrative penalty provided for herein, any person violating any provision of the above rules shall be guilty of a misdemeanor and upon conviction, therefore, shall be fined not more than $100. Any person violating any portion of this ordinance may also be imprisoned in the County jail for a period not exceeding 90 days, at the discretion of the court.

b) Violation of the above rules gives the Commission the right to remove the responsible individual or group without any refund. Violators may also be subject to civil penalties and trespass.


**Michigan's Dragon at Hardy Dam Rules and Regulations**

This non-motorized multi-use trail is jointly managed by the Newaygo County Parks and Recreation Commission and the Mecosta County Park Commission in partnership with Consumers Energy.

APPLICATION OF ORDINANCE

Michigan's Dragon at Hardy Dam is a linear County Park.  Where trail sections fall in Newaygo County, Ordinance #01/2020 shall apply to, regulate, and control all lands, waters, and property administered by, owned or under the jurisdiction of the Newaygo County Parks Commission pursuant to State of Michigan, PA 261 of 1965 et seq.

TRAIL RULES

c) Michigan's Dragon at Hardy Dam is closed to all equestrian, pack animal, motorized traffic, ORV traffic, including all variants of electronic bicycles.

f) Bicyclists must yield to slower-moving trail traffic, such as pedestrians. Bicyclists must also verbally announce their presence, with a statement such as, "passing on the left!" before passing other trail users.

g) All Persons using bicycles on Michigan's Dragon at Hardy Dam shall also abide by all Michigan statutes as they pertain to bicycle operation, equipment, and safety. Helmets are required while biking on the trail.

l) No Person shall cut, break, deface, engrave or otherwise damage in any manner Commission property, trails, facilities, fixtures, equipment, bridge, drain, gate, fencing, or other structures.

VIOLATION OF RULES

a) In addition to any administrative penalty provided for herein, any person violating any provision of the above rules shall be guilty of a misdemeanor and upon conviction, therefore, shall be fined not more than $100. Any person violating any portion of this ordinance may also be imprisoned in the County jail for a period not exceeding 90 days, at the discretion of the court.

b) Violation of the above rules gives the Commission the right to remove the responsible individual or group without any refund. Violators may also be subject to civil penalties and trespass.


**COUNTY AND REGIONAL PARKS (EXCERPT)**
**Act 261 of 1965**

46.364 County and regional commissions; rules; violation of rules as misdemeanor; penalty; prohibited operation of vehicle as municipal civil infraction; enforcement; park rangers; police services.

Sec. 14.

(1) A county or regional commission may adopt, amend, or repeal rules for the protection, regulation, and control of its facilities and areas with the approval of the county board or boards of commissioners.

(2) Rules shall not be contrary to or inconsistent with the laws of this state. Rules shall not take effect until all of the following occur:

(a) The elapse of 9 days after the rules are adopted by the county or regional commission.

(b) The publication of the rules once a week for 2 consecutive weeks in a newspaper of general circulation in the county in which the area or facility to which the rules apply is located.

(c) The posting of a copy of the rules near each gate or principal entrance to the area or facility.

(3) Except as provided in subsection (4), a person who violates a rule adopted by a county or regional commission is guilty of a misdemeanor punishable by a fine of not more than $100.00 and costs of prosecution or by imprisonment for not more than 90 days, or both.

(4) The operation of a vehicle on a recreational trailway at a time, in a place, or in a manner prohibited by a rule adopted by a county or regional commission is a municipal civil infraction, whether or not so designated by the rule. A civil fine ordered for a municipal civil infraction described in this subsection shall not exceed the maximum amount of a fine provided by the rule or $500.00, whichever is less. An act or omission described in this subsection is not a municipal civil infraction if that act or omission constitutes a violation or crime that is excluded from the definition of municipal civil infraction in section 113 of the revised judicature act of 1961, Act No. 236 of the Public Acts of 1961, being section 600.113 of the Michigan Compiled Laws.

Consumers Energy Corporation operates the Dragon trail in Partnership with Newaygo County Parks and Recreation Commission.

Plaintiff is filing this claim based on these facts.

## CAUSES OF ACTION

Plaintiff is entitled to maintain an action for civil rights violations against Defendants for such losses and injuries suffered due to their Policies or Conduct as alleged herein. As a result of the wrongful acts of Defendants as set forth above, Plaintiff suffered damages. The causes of action are as follows:

## COUNT ONE
### 42 U.S.C. § 1983
### Monell Liability

(Newaygo County through Defendants Wren, Mendham, Palmiter, Mellema, Kolk, Cooper, Trapp, Maike Jr, Delaat, Bird, Kruithuff, Harmon, Twing, Clark, Guzniczak, Hatting, Chandler, Stroven, Pitzer, Westfield)

The foregoing paragraphs are incorporated as if fully set forth herein.

As a proximate result of Newaygo County's unconstitutional policies, practices, acts and omissions, to include failures to train and supervise its officers, Plaintiff suffered immediate and irreparable injury, including psychological and emotional injury.

Newaygo County Policies and Practices

The Plaintiff realleges all Paragraphs, above, as if fully realleged herein.

Defendant Mendham is an official policy maker for NCSO and Newaygo County. Defendant Mendham has the authority and responsibility to establish policy for NCSO

and Newaygo County, and to properly supervise and train the officers, agents, and employees of NCSO. His actions are the actions of the County and his office.

Defendant Wren is an official policy maker for Newaygo County. Defendant Wren has the authority and responsibility to establish policy for Newaygo County, and to properly supervise and train the officers, agents, and employees of Newaygo County. His actions are the actions of the County and his office.

Defendant Palmiter is an official policy maker for Newaygo County. Defendant Palmiter has the authority and responsibility to establish policy for NCSO and Newaygo County, and to properly supervise and train the officers, agents, and employees of Newaygo County. His actions are the actions of the County and his office.

Defendants Mellema, Kolk, Cooper, Trapp, Maike Jr, Delaat, Bird, Kruithuff, are official policy makers for Newaygo County. Defendants Mellema, Kolk, Cooper, Trapp, Maike Jr, Delaat, Bird, Kruithuff have the authority and responsibility to establish policy for NCSO and Newaygo County, and to properly supervise and train the officers, agents, and employees of Newaygo County. Their actions are the actions of the County and their office.

Defendants Harmon, Twing, Clark, Guzniczak, Hatting, Chandler, Stroven, Pitzer, Westfield are official policy makers for Newaygo County Parks and Recreation Commision. Defendants Harmon, Twing, Clark, Guzniczak, Hatting, Chandler, Stroven, Pitzer, Westfield  have the authority and responsibility to establish policy for Newaygo County Parks, and to properly supervise and train the officers, agents, and employees of Newaygo County Parks. Their actions are the actions of the County and their office.

Defendants Wren, Mendham, Palmiter, Mellema, Kolk, Cooper, Trapp, Maike Jr, Delaat, Bird, Kruithuff, Harmon, Twing, Clark, Guzniczak, Hatting, Chandler, Stroven, Pitzer, Westfield acted under color of law at all times material hereto.

Defendants Wren, Mendham, Palmiter, Mellema, Kolk, Cooper, Trapp, Maike Jr, Delaat, Bird, Kruithuff, Harmon, Twing, Clark, Guzniczak, Hatting, Chandler, Stroven,

Pitzer, Westfield are named in their official capacity, pursuant to 42 U.S.C. Sect. 1983 supervisory and direct liability, for their conduct as alleged herein.

Defendants Wren, Mendham, Palmiter, Mellema, Kolk, Cooper, Trapp, Maike Jr, Delaat, Bird, Kruithuff, Harmon, Twing, Clark, Guzniczak, Hatting,  Chandler, Stroven, Pitzer, Westfield and/or Newaygo County have oversight and supervisory responsibility over the Policies, Patterns, Practices in Newaygo County, and the NCSO.

Defendants Wren, Mendham, Palmiter, Mellema, Kolk, Cooper, Trapp, Maike Jr, Delaat, Bird, Kruithuff, Harmon, Twing, Clark, Guzniczak, Hatting,  Chandler, Stroven, Pitzer, Westfield, and/or Newaygo County knew or should have known that unconstitutional policies, practices, customs, and training existed.

Defendants Wren, Mendham, Palmiter, Mellema, Kolk, Cooper, Trapp, Maike Jr, Delaat, Bird, Kruithuff, Harmon, Twing, Clark, Guzniczak, Hatting, Chandler, Stroven, Pitzer, Westfield, and/or Newaygo County permitted the implementation of inappropriate, unconstitutional, de facto policies that authorized, approved, condoned, and/or ratified unconstitutional practices and failed to adequately train and supervise their personnel in these and other relevant areas.

The wrongful conduct of these Defendants alleged herein this Complaint constitutes violations of 42 U.S.C. § 1983, in that they deprived the Plaintiff of his rights, privileges, and immunities secured to him by the Constitution and laws of the United States and their wrongful conduct was the moving force behind the violations of Plaintiffs' rights by their agents, employees, officers, and personnel.

The wrongful conduct of these Defendants alleged herein constitutes violations of the United States Constitution Amendments I, IV, VI, and XIV, in that the Plaintiff was subjected to substantive and procedural violations of his civil rights.

As a direct and proximate cause of the Defendants' wrongful conduct, Plaintiffs constitutional rights were violated and he suffered great harm.

The acts and omissions of these Defendants' acting in their official capacity for supervisory liability, as alleged herein, were malicious or reckless in disregard of the rights of the Plaintiff.

These acts and omissions include:

(1) Creating Newaygo Park Ordinance 01/2020, which violates the First Amendment on its face.

(2) Unlawfully enforcing Rule 18(b)(c) against Plaintiff in violation of his First, Sixth, and Fourteenth Amendment rights.

(3) Refusing to let Plaintiff seek redress through Due Process in violation of his Fourteenth Amendment rights.

(4) Failing to train their officers in the Fourth Amendment.

(5) Failing to provide Plaintiff an opportunity to file a formal complaint against the deputies or any Newaygo County employee.

(6) Denying Plaintiff access to the FOIA system.

(7) Threatening to arrest Plaintiff for attending an Open Public Meeting in Newaygo County.

(8) Instructing Plaintiff to take his complaints to the Michigan State Police instead of following proper NCSO policy for discipline and supervision.

(9) Failing to discipline Ethan Wright for violating State law and County Ordinance 01/2020.

(10) Failing to discipline employees for their violations of Plaintiffs constitutional rights.

(11) Retaliated against Plaintiff for his attempts to tell the relevant public officials to enforce the law against Ethan Wright, in violation of his First Amendment rights.

**COUNT TWO**

**First Amendment Retaliation Claim**

**42 U.S.C. 1983**

**(Newaygo County, All Defendants)**

The foregoing paragraphs are incorporated as if fully set forth herein.

1. Newaygo County, and/or Defendant Wren, Defendant Mellema, Defendant Kolk, Defendant Cooper, Defendant Trapp, Defendant Maike Jr, Defendant Delaat, Defendant Bird, Defendant, Kruithuff, Defendant Harmon, Defendant Twing, Defendant Clark, Defendant Guzniczak, Defendant Hatting, Defendant Chandler, Defendant Stroven, Defendant Pitzer, Defendant Westfield created, ratified, enforced Newaygo County Park Ordinance 01/2020 which contains Rule 18(b)(c). Rule 18(b)(c) does not pass constitutional scrutiny on its face. It retaliates against protected speech just by its very existence.

SECTION 18: PERSONAL CONDUCT

b) Engage in any violent, abusive, loud, boisterous, vulgar, lewd, wanton, obscene, or otherwise, disorderly conduct tending to create a breach of the peace, or disturb or annoy others, while on any Commission property.

c) Interact in a violent, abusive, loud, boisterous, vulgar, lewd, wanton, obscene, or otherwise disorderly manner towards Commission Staff, park customers, or other members of the public on Commission property.

2. Newaygo County, and/or Defendant Mendham, Defendant Palmiter, Defendant Freriks, Defendant Kalinowski, Defendant Wren, Defendant Harmon, Defendant Smith, Defendant Kolk, Defendant Maike Jr, Defendant Bailey, Defendant Parks, Defendant Berger retaliated against Plaintiff for his attempts to tell the relevant public officials to enforce the law against Ethan Wright, in violation of his First Amendment rights. Defendants retaliated against Plaintiffs protected speech in the following ways:

(1) Unlawfully enforcing Rule 18(b)(c) against Plaintiff in violation of his First, Sixth, and Fourteenth Amendment rights.

(2) Refusing to let Plaintiff seek redress through Due Process in violation of his Fourteenth Amendment rights.

(3) Failing to provide Plaintiff an opportunity to file a formal complaint against the deputies or any Newaygo County employee.

(4) Denying Plaintiff access to the FOIA system.

(5) Threatening to arrest Plaintiff for attending an Open Public Meeting in Newaygo County.

(6) Instructing Plaintiff to take his complaints to the Michigan State Police instead of following proper NCSO policy for discipline and supervision.

These are just some of the numerous ways Defendants have retaliated against Plaintiff for exercising his First Amendment rights.  Defendants all acted under the color of state as defined by Section 1983.

## COUNT THREE

### First Amendment Freedom of Speech

### 42 U.S.C. 1983

### (Newaygo County, All Individual Defendants)

The foregoing paragraphs are incorporated as if fully set forth herein.

Plaintiff used protected free speech in a traditional public forum throughout his interactions with Defendants on August 5th and subsequently in Newaygo County. Plaintiff is being punished by Defendants for his protected free speech in Newaygo County. Plaintiff is still being denied his right to use protected free speech in a traditional public forum by Defendants, due to the continuing enforcement of Newaygo County Park Ordinance Rule 18(b)(c). Defendants have violated Plaintiffs right to protected free speech either through policy, practice, or deliberate indifference to plaintiffs right of protected free speech. Defendants all acted under the color of state as defined by Section 1983.

**COUNT FOUR**

**First Amendment Freedom of Assembly 1983**

**42 U.S.C. 1983**

**(Newaygo County, All Individual Defendants)**

The foregoing paragraphs are incorporated as if fully set forth herein.

(1) Defendants' creation, as well as initial and continued enforcement of Newaygo County Park Ordinance 01/2020 Rule 18(b)(c) against Plaintiff in Newaygo County.

(2) Defendants denying Plaintiff access to Open Meetings in Newaygo County.

(3) Defendants denying Plaintiff access to Traditional Public Forums in Newaygo County.

These violations from Defendants violate Plaintiffs First Amendment right to assembly. Defendants all acted under the color of state as defined by Section 1983.

**COUNT FIVE**

**First Amendment Right to Petition 1983**

**42 U.S.C. 1983**

**(Newaygo County, All Individual Defendants)**

The foregoing paragraphs are incorporated as if fully set forth herein.

(1) Defendants' creation and enforcement of Newaygo County Park Ordinance 01/2020 Rule 18(b)(c) against Plaintiff in Newaygo County.

(2) Defendants continuing to enforce Newaygo County Park Ordinance 01/2020 Rule 18(b)(c) against Plaintiff in Newaygo County from August 5th 2022 until the time of this filing without explanation.

(3) Defendants not letting Plaintiff fight the Newaygo County Park Ordinance 01/2020 Rule 18(b)(c) in Newaygo County District Court or with the County Administration.

(4) Defendants not letting Plaintiff file a formal complaint with the NCSO or County Administration against Defendants.

(5) Defendants not allowing Plaintiff access to the Newaygo County FOIA record request system.

(6) Defendants not allowing Plaintiff access to a Newaygo County Parks and Recreation Commission Board Meeting pursuant to the Michigan Open Meetings Act.

These violations from Defendants violated Plaintiffs First Amendment Right to Petition. Defendants all acted under the color of state as defined by Section 1983.

## COUNT SIX

**Fourth Amendment Right to be free from Unreasonable Search and Seizure**

**42 U.S.C. 1983**

**(Defendants Freriks, Kalinowski, Smith)**

The foregoing paragraphs are incorporated as if fully set forth herein.

(1) Defendant Freriks, Defendant Kalinowski, Defendant Smith violated Plaintiff's 4th amendment rights when they accessed Plaintiffs personal data, electronically stored, without a warrant or probable cause.

(2) Defendants used this unlawfully obtained personal data to unconstitutionally enforce Newaygo CountyPark Ordinance 01/2020 Rule 18(B)(C), which is unconstitutional on its face, against Plaintiff in Newaygo County.

These violations from Defendants violated Plaintiffs Fourth Amendment Right to be free from Unreasonable Search and Seizure. Defendants all acted under the color of state as defined by Section 1983.

**COUNT SEVEN**

**Fourth Amendment Malicious Prosecution**

**42 U.S.C. 1983**

**(Newaygo County, Defendant Freriks, Defendant Kalinowski, Defendant Smith, Defendant Harmon, Defendant Wren, Defendant Kolk, Defendant Maike Jr)**

The foregoing paragraphs are incorporated as if fully set forth herein.

COUNTY AND REGIONAL PARKS (EXCERPT): Act 261 of 1965

46.364 County and regional commissions; rules; violation of rules as misdemeanor; penalty; prohibited operation of vehicle as municipal civil infraction; enforcement; park rangers; police services.

(3) Except as provided in subsection (4), a person who violates a rule adopted by a county or regional commission is guilty of a misdemeanor punishable by a fine of not more than $100.00 and costs of prosecution or by imprisonment for not more than 90 days, or both.

Newaygo County Park Ordinance 01/2020

SECTION 1: APPLICATION OF ORDINANCE The provisions of this ordinance shall apply to, regulate, and control all lands, waters, and property administered by, owned or under the jurisdiction of the Newaygo County Parks and Recreation Commission. These rules are enforced in compliance with the State of Michigan, PA 261 of 1965 et seq.

(1) Defendant Freriks, Defendant Kalinowski, Defendant Smith, Defendant Harmon, Defendant Wren, Defendant Kolk, Defendant Maike Jr violated Plaintiffs 4th amendment rights during the enforcement of Newaygo County Park Ordinance 01/2020 Rule 18(b)(c).

(2) Defendant Freriks, Defendant Kalinowski, Defendant Smith, Defendant Harmon, Defendant Wren, Defendant Kolk, Defendant Maike Jr used Plaintiffs personal information obtained during a 4th amendment violation to enforce Newaygo County Park Ordinance 01/2020 Rule 18(b)(c) against Plaintiff.

(3) Defendant Freriks, Defendant Kalinowski, Defendant Smith, Defendant Harmon, Defendant Wren, Defendant Kolk, Defendant Maike Jr accused, convicted, sentenced Plaintiff to a Misdemeanor as defined under Michigan Public Act 261 of 1965 46.364(3) using information obtained during a 4th amendment violation by Defendant Freriks, Defendant Kalinowski, Defendant Smith.

(4) Defendant Freriks, Defendant Kalinowski, Defendant Smith, Defendant Harmon, Defendant Wren, Defendant Kolk, Defendant Maike Jr' accused, sentenced, convicted plaintiff of a Misdemeanor as defined under Michigan Public Act 261 of 1965 46.364(3) outside of the Newaygo County District Court system without Due Process using Plaintiffs personal information obtained during a 4th amendment violation against plaintiff, by Defendant Freriks, Defendant Kalinowski, Defendant Smith.

(5) Plaintiff has been prosecuted for, and sentenced to a Misdemeanor as defined under Michigan Public Act 261 of 1965 46.364(3), without actually being convicted in a court law.

(6) Because Plaintiff has been maliciously prosecuted, without ever being convicted in a court of law, he maintains his claim of factual innocence, allowing a claim of malicious prosecution under U.S.C. 42 § 1983.

These violations from Defendants violated Plaintiffs Fourth Amendment Right to be free from Unreasonable Search and Seizure and led to malicious prosecution against Plaintiff as a result. Defendants all acted under the color of state as defined by Section 1983.

**COUNT EIGHT**

**Violation of 6th Amendment Confrontation Clause**

**42 U.S.C. 1983**

**(Newaygo County, Defendant Freriks, Defendant Kalinowski, Defendant Smith, Defendant Harmon, Defendant Wren, Defendant Kolk, Defendant Maike Jr)**

The foregoing paragraphs are incorporated as if fully set forth herein.

(1) Defendant Smith, Defendant Harmon, Defendant Wren, Defendant Kolk, Defendant Maike Jr violated Plaintiffs rights under the Confrontation Clause of the 6th Amendment by enforcing Newaygo County Park Ordinance 01/2020 Rule 18(B)(C) against Plaintiff without Due Process, and the protections afforded under the 6th amendment Confrontation Clause.

(2) Newaygo County Park Ordinance 01/2020 Rule 18(B)(C) is considered a law, and violating it constitutes a misdemeanor as defined and enforced under Michigan Public Act 261 of 1965 46.364(3). Therefore, Plaintiff is entitled to 6th amendment protections found in the Confrontation Clause.

These violations from Defendants violated Plaintiffs Sixth Amendment Rights under the Confrontation Clause. Defendants all acted under the color of state as defined by Section 1983.

**COUNT NINE**

**Violation Fourteenth Amendment Due Process Clause**

**42 U.S.C. 1983**

**(Newaygo County, All individual Defendants)**

The foregoing paragraphs are incorporated as if fully set forth herein.

Defendants' creation of Newaygo County Park Ordinance 01/2020 Rule 18(b)(c) creates a law that takes away constitutionally protected rights without the opportunity for

Due Process. Newaygo County Park Ordinance 01/2020 Rule 18(b)(c) itself violates the 14th Amendment for vagueness.

> When a law does not specifically enumerate the practices that are either required or prohibited. In this case, the ordinary citizen does not know what the law requires. *See also Coates v. City of Cincinnati* (1971) and *FCC v. Fox Television Stations, Inc* (2012).

Defendants' initial, and continued enforcement of Newaygo County Park Ordinance 01/2020 Rule 18(b)(c) against Plaintiff, violates the 14th amendment due process clause in the following ways:

(1) For the deprivation of Liberty rights of free speech, right to assembly, right to petition.

(2) Reverse incorporation applied 5th amendment right to be free from self-incrimination in quasi criminal prosecutions.

(3) 4th amendment right to unreasonable searches and seizures.

(4) 6th amendment Confrontation Clause.

(5) 14th Amendment Equal Protection Clause.

These violations from Defendants violated Plaintiff's 14th Amendment Rights under the Due Process Clause, as well as for vagueness of Newaygo County Park Ordinance 01/2020 Rule 18(b)(c) for not passing constitutional scrutiny on its face. Defendants all acted under the color of state as defined by Section 1983.


## COUNT TEN

### Violations of the Fourteenth Amendment Equal Protection Clause

### 42 U.S.C. 1983

### (Newaygo County, All individual Defendants)


The foregoing paragraphs are incorporated as if fully set forth herein.

Defendants' creation as well as the initial and continued enforcement of Newaygo County Park Ordinance 01/2020 Rule 18 (B)(C) against Plaintiff, denies Plaintiff Equal Protection under the 14th Amendment.

These violations from Defendants' violated Plaintiff's 14th Amendment Rights under the Equal Protection Clause. Defendants all acted under the color of state as defined by Section 1983.

## COUNT ELEVEN

### Violations of M.C.L.A. 600.2907 Malicious prosecution or action

### (Newaygo County, Defendant Freriks, Defendant Kalinowski, Defendant Smith, Defendant Harmon, Defendant Wren, Defendant Kolk, Defendant Maike Jr)

The foregoing paragraphs are incorporated as if fully set forth herein.

COUNTY AND REGIONAL PARKS (EXCERPT): Act 261 of 1965

46.364 County and regional commissions; rules; violation of rules as misdemeanor; penalty; prohibited operation of vehicle as municipal civil infraction; enforcement; park rangers; police services.

(3) Except as provided in subsection (4), a person who violates a rule adopted by a county or regional commission is guilty of a misdemeanor punishable by a fine of not more than $100.00 and costs of prosecution or by imprisonment for not more than 90 days, or both.

Newaygo County Park Ordinance 01/2020

SECTION 1: APPLICATION OF ORDINANCE The provisions of this ordinance shall apply to, regulate, and control all lands, waters, and property administered by, owned or under the jurisdiction of the Newaygo County Parks and Recreation Commission. These rules are enforced in compliance with the State of Michigan, PA 261 of 1965 et seq.

(1) Defendant Freriks, Defendant Kalinowski, Defendant Smith violated Plaintiff's 4th amendment rights during the enforcement of Newaygo County Park Ordinance 01/2020 Rule 18(b)(c).

(2) Defendant Freriks, Defendant Kalinowski, Defendants Smith used Plaintiffs personal information obtained during a 4th amendment violation to enforce Newaygo County Park Ordinance 01/2020 Rule 18(b)(c) against Plaintiff.

(3) Defendant Smith, Defendant Harmon, Defendant Wren, Defendant Kolk, Defendant Maike Jr accused, convicted, sentenced Plaintiff to a Misdemeanor as defined under Michigan Public Act 261 of 1965 46.364(3) using information obtained during a 4th amendment violation by Defendants Freriks, Defendant Kalinowski, Defendant Smith.

(4) Defendants' accused, sentenced, convicted plaintiff of a Misdemeanor as defined under Michigan Public Act 261 of 1965 46.364(3) outside of the Newaygo County District Court system without Due Process using Plaintiffs personal information obtained during a 4th amendment violation against Plaintiff, by Defendant Freriks, Defendant Kalinowski, Defendant Smith.

(5) Plaintiff has been prosecuted for, and sentenced to a Misdemeanor as defined under Michigan Public Act 261 of 1965 46.364(3), without actually being convicted in a court of law.

(6) Because Plaintiff has been maliciously prosecuted, without ever being convicted in a court of law, he maintains his claim of factual innocence, allowing a claim of malicious prosecution under M.C.L.A. 600.2907.

# RELIEF

WHEREFORE, Plaintiff respectfully asks this Honorable Court to find in his favor and enter JUDGMENT against the Defendants, and provide the following relief:

a. For general damages including but not limited to pain, grief, sorrow, anguish, stress, shock, and mental suffering already experienced, and reasonably probable to be expected in the future, in the amount of $5,000,000;

b. For punitive damages against the Defendants in the amount of $200,000,000;

c. For taxable costs under 42 U.S.C. § 1988 to the extent permitted by law;

d. (1) Issue an injunction prohibiting Defendants Smith and Wren from enforcing the terms of the Letter against Plaintiff until he has received due process and (2) Order Defendants Smith and Wren to provide Plaintiff with due process regarding his access to Newaygo County Parks.

e. Determine, through the litigation process and/or a jury trial, whether Newaygo County Parks Ordinance #01/2020 Section 18 (b) and (c) is unconstitutional. If it is found to be unconstitutional then Plaintiff wants the Ordinance changed, and the posted signs updated accordingly.

f. Order the Newaygo County Sheriff Department to formally investigate and review Defendant Freriks and Defendant Kalinowski's unlawful disclosure of Plaintiff's personal information, and to take appropriate disciplinary action if the disclosure is found to be in violation of applicable Federal or State Laws, and/or Sheriff Department policies.

g. Such other relief as the Court deems just and proper.

Plaintiff asks that this matter be tried to a jury.

Respectfully submitted this 28th day of October 2022.

s/ Lane Myers

(Pro Se)

1583 Grange Rd

Trenton Mi 48183

(313) 587-1880

# Newaygo County Park & Recreation Commission

4684 Evergreen Dr. (M-37)
Newaygo, MI 49337

August 5, 2022

Lane Jeffery Myers
3551 S. Sandra
Newaygo, MI 49337

RE: Trespass Warning

Lane Jeffery Myers,

I am sending this letter to reiterate what I explained to you over the phone on 8.5.22, you may not enter any property owned or operated by the Newaygo County Park and Recreation Commission.  If you enter our property, it will be considered trespassing, law enforcement will be contacted, and you will be prosecuted.

This decision is made due to your actions on 8/5/22 on Michigan's Dragon at Hardy Dam and at Sandy Beach County Park that violated the Newaygo County Parks Ordinance #01/2020 Section 18 b & c:

**SECTION 18: PERSONAL CONDUCT**
**No Person Shall:**

**b) Engage in any violent, abusive, loud, boisterous, vulgar, lewd, wanton, obscene, or otherwise, disorderly conduct tending to create a breach of the peace, or disturb or annoy others, while on any Commission property.**

**c) Interact in a violent, abusive, loud, boisterous, vulgar, lewd, wanton, obscene, or otherwise disorderly manner towards Commission Staff, park customers, or other members of the public on Commission property.**

Any further correspondence should be done in writing via U.S. mail Attn: Human Resources, 1087 Newell St, PO Box 885 White Cloud, MI 49349.

Sincerely,

Nicholas Smith
Parks and Recreation Director

Cc: Newaygo Police Department, Newaygo County Sheriff's Office, Newaygo County Prosecuting Attorney Office, and White Cloud Police Department