IN THE UNITED STATES DISTRICT COURT

FOR THE WESTERN DISTRICT OF MICHIGAN

| | |
|---|---|
| Lane Myers,<br><br>　　　　Plaintiff,<br><br>v.<br><br>CHRISTOPHER WREN,<br>NICHOLAS SMITH<br>and UNKNOWN FRERIKS<br><br>　　　　Defendants. | No. CV-22-00748<br><br>**MOTION FOR LEAVE TO AMEND** |

　　　COMES NOW Plaintiff and moves the Court pursuant to Rule 15(a)(2) for an Order granting leave to file a First Amended Complaint. Plaintiff previously filed (ECF 35) and withdrew (ECF 36) a Motion for Leave to File. That Motion was not in compliance with the procedural rules for a Motion for Leave to Amend. This is the corrected version.

　　　In support of this Motion, Plaintiff states as follows:

　　　1. Pursuant to Federal Rule of Civil Procedure 15(a)(2), "a party may amend its pleading only with the opposing party's written consent or the court's leave. The court should freely give leave when justice so requires." Fed.R.Civ.P. 15(a)(2).

　　　2. On August 16, 2022, Plaintiff filed his original Complaint in Federal Court in the Western District of Michigan.

　　　3. On September 12, 2022, Defendants answered the Complaint, denying all claims.

　　　4. On September 13, 2022, Defendants filed an Amended Answer.

　　　5. On September 15, 2022, Plaintiff notified defense counsel he would be filing an Amended Complaint with new Defendants and Claims, as well as Damages.

6. At the Rule 16 Scheduling Conference on October 17, 2022, the parties were given until October 28th, 2022, to file amended pleadings.

7. Plaintiff filed an Amended Complaint on October 28, 2022 without a Motion for Leave to File.

8. In his October 31, 2022 Order striking the Amended Complaint (ECF 33), Judge Maloney granted Plaintiff seven days to refile the Amended Complaint as an Attachment to a Motion for Leave to File.

9. Plaintiff's Amended Complaint includes facts taken from interactions since August 16, 2022 with Newaygo County officials and employees, as well as documents sent to and received from Newaygo County officials that show Newaygo County officials absolutely knew:

1. Plaintiff believed his rights were violated by his ban from the Park without Due Process and other Constitutional violations under 42 U.S.C. § 1983.
2. Plaintiff has been seeking an official explanation for his ban since August 16 2022, without a single reply from a Newaygo County official, Defendants, or defense counsel.
3. Plaintiff was denied access to Citizen Complaint forms at the Newaygo County Sheriff Office.
4. Plaintiff was denied access to the Newaygo County FOIA system.
5. Plaintiff was attempting to seek a resolution outside of the court in lieu of filing an Amended Complaint including new Defendants, Claims, and Damages.
6. Plaintiff believed these actions were retaliatory in nature.
7. Plaintiff believed Newaygo County Park Ordinance 01/2020 was unconstitutional on its face and its enforcement against Plaintiff violated his civil rights.
8. Defendants were given 46 days to seek a resolution outside of the Court free from damages.

10. Plaintiff has discovered new facts in the last 46 days that he would like to include

in his Amended Complaint, including:

1. Newaygo County has unconstitutional Patterns, Practices, and Policies.
2. Defendants' actions were retaliatory in nature.
3. Defendants knew Plaintiff's rights were being violated and acted maliciously anyway.
4. Defendants were instructed by their supervisors to violate Plaintiff's rights even after the original Complaint was filed.
5. Defendants' supervisors made no attempt to investigate or discipline Defendants' actions for potential violations of County policies or law.
6. Defendants made no attempt to investigate the allegations by Ethan Wright during their investigation at Sandy Beach Park.
7. Defendants knowingly violated Plaintiff's Fourth Amendment rights in retaliation for his protected speech.
8. Defendants have refused to allow Plaintiff the opportunity to file a Citizen Complaint on orders from Sheriff Bob Mendham.
9. Plaintiff has discovered that Newaygo County Park Ordinance 01/2020 is enforced as a misdemeanor under Michigan Public Act 261 of 1965, guaranteeing Plaintiff Due Process for any alleged violations of the Ordinance. Plaintiff has been denied Due Process.
10. Defendant Harmon (named in the Amended Complaint) authorized the ban as Chairman of Newaygo County Parks and Recreation Commission Board without giving Plaintiff Due Process.
11. Defendant Berger (named in the Amended Complaint) denied Plaintiff access to the Newaygo County FOIA records system.
12. The Newaygo County Board of Commissioners and Parks and Rec Commission Board (named in the Amended Complaint) were aware of the violations of Plaintiff's rights and made no attempt to use their supervisory authority to correct it.

13. Defendants threatened to arrest Plaintiff for attending a Parks and Rec Board meeting, in violation of Michigan Open Meetings Act.
14. Defense counsel has instructed Defendants to continue to violate Plaintiff's rights without making a single attempt to discuss Plaintiff's claims.
15. Defendants have continued to uphold the unconstitutional ordinance against Plaintiff despite Plaintiff filing a § 1983 claim on August 16, 2022.
16. Plaintiff is now seeking general damages for mental and emotional distress.
17. Plaintiff is now seeking punitive damages for Defendants' reckless and willful violations of Plaintiffs rights, unconstitutional Policies, Practices, and Patterns within the Newaygo County Sheriff Office and Newaygo County, multiple instances of retaliatory conduct towards Plaintiff, blatant disregard for Due Process, and Malicious Prosecution.
18. Defendants have refused to turn over bodycam footage from Plaintiff's interactions with Newaygo County Sheriff Deputies.
19. Defense counsel has filed an improper Rule 11 arguing that Plaintiff's attempts to seek a resolution outside of the Court were improper, in violation of Rule 11 which applies to filings with the Court, not alleged attorney misconduct.
20. Plaintiff alleges other violations of rights in the Amended Complaint after further researching the case law of various Sixth Circuit Court of Appeals decisions.

11. Plaintiff also seeks to amend the Complaint to make minor corrections and other changes.

12. This request is not made for the purpose of delay and no prejudice will result to the Defendants by granting the relief requested in this Motion.

13. Granting Plaintiff leave to file the Amended Complaint is in the interest of justice, as it will facilitate timely resolution of all of Plaintiff's claims against all Defendants.

14. The proposed First Amended Complaint is attached as Exhibit A to this Motion,

- 4 -

1    as instructed by the Court in its October 31, 2022 Order (ECF 33).

2        WHEREFORE, Plaintiff prays that the relief requested through this Motion be
3    granted, specifically that this Court grant Plaintiff leave to file the First Amended
4    Complaint pursuant to Rule 15(a)(2).

11    Dated November 3, 2022.                           /s/ Lane Myers
12                                                             Pro Se
13                                                             1583 Grange Rd
14                                                             Trenton Mi 48183
15                                                             (313)587-1880