# IN THE UNITED STATES DISTRICT COURT

# FOR THE WESTERN DISTRICT OF MICHIGAN

| | |
|---|---|
| Lane Myers, | No. 1:22-CV-00748 |
| Plaintiff, | **MOTION FOR CLARIFICATION** |
| v. | |
| Wren, et al., | |
| Defendants. | |

Plaintiff moves the Court to clarify its October 19, 2022 Case Management Order ("CMO") (ECF 25) and subsequent Order striking Plaintiff's First Amended Complaint ("FAC") (ECF 33). On October 17, 2022, a Rule 16 Scheduling Conference was held before Magistrate Judge Green. (ECF 23) At the Scheduling Conference, Judge Green heard argument from both parties regarding allowing Plaintiff additional time to file his FAC, which Plaintiff had previously notified opposing counsel of his intent to file. Plaintiff discussed the need to file the FAC with Judge Green, and initially stated that he could file it within a week, but Judge Green allowed him two weeks to file it. Judge

Green stated that Plaintiff would have until October 28, 2022 to file his FAC. Proceeding under the assumption that the deadline set in open court was valid, Plaintiff filed his FAC on October 28.

On October 31, 2022, Judge Maloney sua sponte struck Plaintiff's FAC as untimely. (ECF 33) The Order states that, because Plaintiff filed his FAC more than 21 days after Defendants filed their Amended Answer, it was untimely. The Order states that the CMO gave Plaintiff until October 28 "to file motions to amend the pleadings."

Plaintiff seeks clarification on the applicable deadline to file the FAC or a Motion for Leave. In open court, Judge Green stated that Plaintiff had until October 28 to file his FAC. The CMO states that Plaintiff had until October 28 to move to amend his pleadings. Federal Rule of Civil Procedure 15 provides that a party may amend its pleading once as a matter of course within 21 days of serving it, and in all other cases, "only with the opposing party's written consent or the court's leave." The Rule states "the court should freely give leave when justice so requires."

Plaintiff is confused by the purpose of the October 28 deadline. No rule that Plaintiff is aware of limits the time in which he may move for leave to amend his Complaint. To the contrary, Rule 15 states that leave to amend should be given "when justice so requires." Therefore, he seeks clarification on the purpose of the October 28 deadline to move for leave to amend. Plaintiff was proceeding based on his understanding that the October 28 deadline was for him to file the FAC, not a motion for leave to amend. Even if the October 28 deadline was intended to set a deadline for him to file a motion for leave to amend, Plaintiff seeks clarification, because nothing in the Federal Rules limits the amount of time that Plaintiff has to move for leave to amend his

- 2 -

complaint. Plaintiff asks the Court to clarify what the purpose of the October 28 deadline was.

Dated November 27, 2022.                    s/ Lane Myers

- 3 -