IN THE UNITED STATES DISTRICT COURT

FOR THE WESTERN DISTRICT OF MICHIGAN

| | |
|---|---|
| Lane Myers,<br><br>    Plaintiff,<br><br>v.<br><br>Wren, et al.,<br><br>    Defendants. | No. 1:22-CV-22-00748<br><br>**MOTION FOR CLARIFICATION ON ORDER DENYING TRO** |

    Plaintiff moves the Court to clarify its August 22, 2022 (ECF 7) Order denying Plaintiff's TRO. Plaintiff filed a Section 1983 claim (ECF 1) and Motion for TRO and Preliminary Injunction (ECF 4) on August 16th, 2022, alleging violations of his civil rights under the Liberty Provisions of the 14th amendment Due Process Clause, as well as 1st, 4th, and 5th Amendment violations. Plaintiff alleged that Newaygo County Ordinance #01/2020 Rule 18(b)(c) was unconstitutional on its face, and that enforcement against Plaintiff was a violation of his First Amendment rights, which are upheld through the Liberty provisions of the 14th amendment Due Process clause. Plaintiff alleged that enforcement of the unconstitutional ordinance against him constituted irreparable harm,

as the Supreme Court concluded in *New York Times vs United States*, 403 U.S. 713 (1971), when a Plaintiff is denied his First Amendment rights without Due Process. Plaintiff cited case law referring to cases regarding the use of public fora as a protected liberty interest, which is protected under the 14th Amendment Liberty provisions. Plaintiff argued that the park ordinance was unconstitutional and enforcement against him without due process created irreparable harm, asking the court to grant a TRO as is required when a Plaintiff is suffering irreparable harm. Plaintiff notified Defendants he would be seeking an ex parte TRO on August 10th, 2022 prior to filing his TRO on August 16th, 2022. They chose to ignore Plaintiff. The court stated notice must be given. Notice was given. The Court, in denying Plaintiff's TRO, cited that Plaintiff had no protected property interest in Newaygo County Parks and therefore his ban did not create irreparable harm.

    The Court erred in its ruling and subsequent briefing because Plaintiff has never, and will never, claim a protected property interest in a public park. What Plaintiff does claim is a protected liberty interest in traditional public forums, which requires strict scrutiny to take away. Denial of Plaintiff's First Amendment liberty interests constitutes irreparable harm. Plaintiff now seeks clarification on why his TRO was denied on the grounds that he had no property interests in Newaygo County parks, no irreparable harm, and his case was not likely to succeed on its merits, when he filed a claim alleging violations not of property interests, but of liberty interests? Plaintiff seeks clarification on why the court cited cases that support Plaintiff's liberty claims and then used them to deny his "property claims"? Plaintiff seeks clarification why the court indicated that Plaintiff did not give notice of ex parte TRO when Plaintiff clearly gave notice of ex parte

TRO? Plaintiff seeks clarification of these errors by the Court to better understand the Court's position when it denied Plaintiffs TRO. Why did the Court refer to property interests when Plaintiff did not make a single reference to property interests?

Had an appeal of the Courts order denying the TRO been a procedural option, Plaintiff would have immediately sought an interlocutory appeal to the Sixth Circuit Court of Appeals. Plaintiff now seeks this clarification to prepare a possible interlocutory appeal pending the outcome of Plaintiff's Motion for Preliminary Injunction if the Court continues to err in its interpretation of Plaintiff's claims and the facts in this case.

November 28th, 2022                                                                                  S/ Lane Myers