1
2
3
4
5
6
7
8
9
10
11
12
13
14
15
16
17
18
19
20
21
22
23
24
25
26
27
28

## IN THE UNITED STATES DISTRICT COURT
## FOR THE WESTERN DISTRICT OF MICHIGAN

Lane Myers,

       Plaintiff,

v.

Wren, et al.,

       Defendants.

No. 1:22-CV-00748

**REPLY TO DEFENDANTS RESPONSE TO MOTION FOR LEAVE TO AMEND**

Plaintiff hereby replies to Defendants' Response (ECF 44) to his Motion for Leave to Amend (ECF 37).

Federal Rule of Civil Procedure 15 provides that, after the first 21 days subsequent to serving a pleading, a party may amend its pleading only "with the opposing party's written consent or the court's leave. The Court should freely give leave when justice so requires."

Before granting a Motion for Leave to Amend, the Court should consider the following factors: (1) undue delay, (2) bad faith or dilatory motive by the movant, (3) repeated failure to cure deficiencies in previous amendments, (4) undue prejudice to the opposing party, and (5) futility.

Plaintiff did not delay in filing his amended complaint. To the contrary, he filed it on October 28, which was the deadline set by Magistrate Judge Green at the Rule 16 Scheduling Conference. Any delay in filing the Amended Complaint was caused by

Defendants' filing of a Rule 11 Motion, as discussed below. Plaintiff has not evidenced any bad faith in filing an amended complaint, nor has he made previous attempts to amend his complaint. Amending his complaint this early in the proceedings does not prejudice Defendants and the amendment is not futile because it states additional claims against new Defendants. Justice requires that Plaintiff be given leave to amend because his original Complaint does not include all his claims against all Defendants.

Plaintiff reiterates that Defendants should focus on the merits of the case, not his communications to them outside of court. Defendants have not provided or cited any evidence that undermines or contradicts Plaintiff's claims stated in his proposed First Amended Complaint. Defendants continue to refuse to argue the merits of his case and continue to argue property rights under the Fourteenth Amendment, rather than liberty rights, which is what Plaintiff is arguing. Defense counsel has refused to discuss the merits of the case with Plaintiff. Their filings focus on Plaintiff's communications with them rather than the events underlying this lawsuit. Defense counsel filed a Rule 11 Motion alleging that Plaintiff's original Complaint lacked merit without ever attempting to discuss the legal merits of Plaintiff's case, causing Plaintiff delay in preparing his First Amended Complaint and increasing animosity between the parties. Had defense simply filed a Motion to Dismiss in response to the original Complaint, if they thought it lacked merit, Plaintiff would have responded accordingly and the parties would be arguing the merits. Instead, defense chose to focus on Plaintiff's behavior separate and apart from the legal matters as their defense strategy.

Furthermore, Plaintiff initiated this lawsuit on his own behalf. Prior to filing the original Complaint, Plaintiff researched Sixth Circuit Court of Appeals case law, attempted to discuss the merits with defense counsel, and notified defense counsel he would seek an ex parte TRO and a Section 1983 claim. Plaintiff spent weeks attempting an out-of-court resolution to this matter. From the time Plaintiff filed his original Complaint until after defense answered, Plaintiff did not contact or attempt to contact Defendants or defense counsel. Defendants have admitted in their filings that Plaintiff did

not begin what they are describing as harassing and abusive communication until September 16, thirty days after filing the original Complaint and four days after Defendants answered the Complaint. If the purpose of this Complaint was simply to harass Defendants, why was the original Complaint solely for injunctive relief? After viewing the body cam footage showing the conduct of the sheriff deputy Defendants and Nick Smith, Plaintiff immediately notified defense counsel on September 13 of his intent to amend the Complaint. Plaintiff then began to prepare his Amended Complaint while simultaneously attempting an out-of-court resolution. Plaintiff's attempts to gather evidence and seek a resolution outside the Court led to his discovery of additional claims and Defendants that are included in the Amended Complaint. Plaintiff has prepared all the pleadings in this case and conducted his own legal research. (Exhibit A) Katherine Henrichs did not draft Plaintiff's pleadings or give him legal advice. (Exhibit B)

Dated November 27, 2022.                                    s/ Lane Myers

1
2
3
4
5
6
7
8
9
10
11
12
13
14
15
16
17
18
19
20
21
22
23
24
25
26
27
28

# Exhibit
## A

# IN THE UNITED STATES DISTRICT COURT
## FOR THE WESTERN DISTRICT OF MICHIGAN

Lane Myers,

         Plaintiff,

v.

Wren, et al.,

         Defendants.

No. 1:22-CV-00748

**AFFIDAVIT OF LANE MYERS**

I, Lane Myers, make the following affidavit based on reality:

1. Katherine Henrichs owns property near the Dragon Trail at Hardy Pond in Newaygo, Michigan.

2. I stayed with her at her property in Newaygo, Michigan. While I was staying with her, the incidents that gave rise to this lawsuit occurred. She did not witness any of the events.

3. I attempted to seek a resolution outside of this court prior to filing this lawsuit.

4. When the Defendants told me to sue them if I don't like it, I began to research the constitutional merit of the Newaygo County Park Ordinance.

5. Any research or work I have done on this case is protected by the work product doctrine pursuant to Fed. R. Civ. P. 26(b)(3)(A).

6. During my research and writings I have contacted over 25 attorneys for free legal consultations. Including family members who are current and former Judges. Including friends that are Attorneys, Prosecutors, and employees of the Department of Justice.

7.  During my research and writings I have contacted the Michigan Attorney General's Office and consulted with attorneys from that office. Had I not already filed in Federal Court they would be able to go after the Defendants in a civil lawsuit.

7. During my research and writings I have contacted over 200 law professors for legal research help.

8. During my research and writings I have read over 50 cases in the Sixth Circuit and

Supreme Court related to the civil rights violations, Rule 11 sanctions, Preliminary Injunction standards, and what constitutes irreparable harm.

9. During my research and writings I have relied on existing case law, cases, and legal analysis articles on the internet to form the basis and structure of my pleadings and motions.

10. I have previous experience working in a law library. Where I learned procedures, and how to research cases.

11. I would be willing to sit with supervision as I research and type to prove my filings are 100 percent original and of my own volition.

12. The Defendants have alleged that Katherine Henrichs drafted my pleadings in this case. Katherine Henrichs did not draft my pleadings. Katherine Henrichs did not give me legal advice. She does not represent me in any capacity.

13. I filed this lawsuit to litigate violations of my civil liberties, not harass anyone. Had there not been an unconstitutional ordinance, and a violation of my civil rights, and then improper conduct by defense counsel, there would not be any reason for me to be contacting any of these people in any capacity. They brought this on themselves, and are now asking the court to save them from their own bad decisons by trying to turn this into a discussion of my, a Pro Se litigant not bound by the MRPC, behavior and not the substantial merits of my claim.


Dated November 27, 2022                                    S/ Lane Myers

1
2
3
4
5
6
7
8
9
10
11
12
13
14
15
16
17
18
19
20
21
22
23
24
25
26
27
28

# Exhibit
# B

# IN THE UNITED STATES DISTRICT COURT

# FOR THE WESTERN DISTRICT OF MICHIGAN

Lane Myers,

       Plaintiff,

v.

Wren, et al.,

       Defendants.

No. 1:22-CV-00748

**AFFIDAVIT OF KATHERINE HENRICHS**

---

    I, Katherine Henrichs, make the following affidavit on my personal knowledge:

1. I own property near the Dragon Trail at Hardy Pond in Newaygo, Michigan.

2. Lane Myers stayed with me at my property in Newaygo. While he was staying with me, the incidents that gave rise to this lawsuit occurred. I did not witness any of the events.

3. I work as a law clerk in the District of Arizona.

4. In September 2022 I returned to Arizona from Michigan.

5. The Defendants have alleged that I drafted Lane Myers' pleadings in this case. I did not draft his pleadings. I did not provide him legal advice. I do not represent him in any capacity.

Dated November 27, 2022.                   <u>s/ Katherine Henrichs</u>