UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

| | |
|---|---|
| LANE MYERS, )<br>    Plaintiff, )<br>            )<br>-v-          )<br>            )<br>CHRISTOPHER WREN, *et al*. )<br>    Defendants. )<br>            ) | No. 1:22-cv-748<br><br>Honorable Paul L. Maloney |

## ORDER

Currently pending before the Court are several motions filed by Plaintiff. This order resolves Plaintiff's two motions for clarification (ECF Nos. 46, 48) and his motion to withdraw a reply (ECF No. 51), and it holds Plaintiff's motion for leave to file a reply (ECF No. 50) in abeyance pending the filing of a certificate regarding concurrence.

Plaintiff's first "motion for clarification" (ECF No. 46) asks the Court to clarify the Case Management Order ("CMO") (ECF No. 25) and the order striking Plaintiff's untimely amended complaint (ECF No. 33). The following background information is relevant in deciding Plaintiff's motion. Pursuant to the CMO, the parties were given until October 28, 2022, to file motions to amend the pleadings (ECF No. 25 at PageID.250). Rather than filing a motion to amend his complaint, as required by the explicit language of the CMO, Plaintiff filed an untimely amended complaint on October 28 (ECF No. 31). Because the amended complaint was untimely and Plaintiff failed to seek leave from the Court before filing the amended complaint, the Court struck the amended complaint from the record (*see* ECF No. 33). But also recognizing that Plaintiff is proceeding in *pro per*, the Court afforded

Plaintiff seven days to file a proper motion for leave to amend his complaint (*Id.*). Plaintiff complied with this seven-day timeline and filed a motion for leave to file a first amended complaint on November 3, 2022 (ECF No. 37). This motion is currently pending.

Plaintiff now seeks "clarification" of the CMO and the order striking Plaintiff's untimely amended complaint. Plaintiff asserts that, at the Rule 16 scheduling conference, Magistrate Judge Green gave Plaintiff two weeks to file a first amended complaint. Plaintiff was therefore under the impression that he need not seek leave of the Court before filing his first amended complaint (*see* ECF No. 46 at PageID.733) ("Plaintiff is confused by the purpose of the October 28 deadline. No rule that Plaintiff is aware of limits the time in which he may move for leave to amend his Complaint.").

The language of the CMO is clear. Plaintiff was given until October 28 to file *a motion for leave to amend his complaint*—not to simply file the amended complaint. The Court set this deadline as an exercise of its inherent authority to manage its docket. *See Dietz v. Bouldin*, 579 U.S. 40, 47 (2016). Plaintiff is not permitted to bypass the Federal Rules of Civil Procedure and file an untimely amended complaint without seeking leave of the Court. Because this Court's orders, as well as the deadlines in the CMO, are clear, there is nothing to clarify. *See Costigan v. John Hancock Life Ins. Co.*, No. 5:15CV1002, 2015 WL 3540175, at *1 (N.D. Ohio June 4. 2015) (considering a motion to clarify an order granting in part a motion to dismiss where it was unclear whether the dismissal was with or without prejudice); *Lyons v. Brandly*, No. 4:03CV1620, 2008 WL 1843997, at *1 (N.D. Ohio Apr. 22, 2018) (considering a motion to clarify a typographical error in the court's order with respect to

which counts the defendants were granted summary judgment). As such, the Court will deny Plaintiff's motion to clarify the CMO and order striking the amended complaint.

Plaintiff's second "motion for clarification" (ECF No. 48) asks the Court to clarify the order denying Plaintiff's motion for a temporary restraining order ("TRO") (ECF No. 7). Despite the title of the motion, the substance of the motion indicates that Plaintiff is seeking reconsideration of the denial of his motion for a TRO. He questions the legal reasoning in the Court's order and essentially asks the Court to consider arguments—that he never made in the original motion for a TRO—in revisiting his motion for a TRO. Because Plaintiff has failed to show a palpable defect in the Court's order denying Plaintiff's motion for a TRO, the Court will deny the present motion. *See* W.D. LCivR 7.4(a). To the extent that Plaintiff asks the Court to interpret its orders for him, the Court declines to do so. It is Plaintiff's job to interpret the Court's orders, not the Court's.

Finally, Plaintiff has filed a motion to withdraw a reply brief (ECF No. 51) and a motion for leave to file a reply brief (ECF No. 50). On November 3, 2022, Plaintiff filed a motion for leave to file a first amended complaint (ECF No. 37), and Defendants responded in opposition (ECF No. 44). Without seeking leave of the Court, as required by Local Rule 7.3(c), Plaintiff filed a reply to Defendants' response to the motion for leave to file an amended complaint (ECF No. 45). Recognizing that this reply is improper, Plaintiff has filed a motion to withdraw the reply (ECF No. 50). The Court will grant that motion.

Because Plaintiff withdrew his reply in an attempt to comply with this district's local rules, Plaintiff subsequently filed a motion for leave to file the reply (ECF No. 50). However, this motion also fails to comply with the local rules. Local Rule 7.1(d) requires the moving

3

party to ascertain whether a motion will be opposed, and for all nondispositive motions, the moving party must separately file a "certificate setting forth in detail the efforts of the moving party to comply with the obligation created by this rule." Plaintiff has failed to indicate whether Defendants concur with or oppose the motion for leave to file a reply, and consequently, he has not complied with the obligations of Local Rule 7.1(d). Therefore, the Court will hold in abeyance Plaintiff's motion for leave to file a reply pending the filing of a certificate regarding concurrence pursuant to Local Rule 7.1(d). Plaintiff must file the certificate within five days of the date of this order, and failure to do so will result in dismissal of the motion. If Plaintiff files the certificate, any responses to the motion are due within fourteen days of the filing of the certificate.

Accordingly,

**IT IS HEREBY ORDERED** that Plaintiff's motion for clarification (ECF No. 46) is **DENIED**.

**IT IS FURTHER ORDERED** that Plaintiff's motion for clarification (ECF No. 48) is **DENIED**.

**IT IS FURTHER ORDERED** that Plaintiff's motion to withdraw his reply brief (ECF No. 51) is **GRANTED**.

**IT IS FURTHER ORDERED** that Plaintiff's motion for leave to file a reply (ECF No. 50) is **HELD IN ABEYANCE** pending compliance with Local Rule 7.1(d).

**IT IS SO ORDERED.**

Date:  November 29, 2022                                     /s/ Paul L. Maloney
                                                                                                      Paul L. Maloney
                                                                                                      United States District Judge