# EXHIBIT C

Case 1:22-cv-00748-PLM-PJG, ECF No. 57-3, PageID.825  Filed 12/07/22  Page 2 of 4

Lefebre v. Remington Arms Company, LLC, Not Reported in Fed. Supp. (2019)
2019 WL 5103423

2019 WL 5103423
Only the Westlaw citation is currently available.
United States District Court, W.D. Michigan, Northern Division.

Michelle Marie LEFEBRE, Personal Representative of the Estate of Shellsea Blair Lefebre-Schiel, Plaintiff,
v.
REMINGTON ARMS COMPANY, LLC, Defendant.

Case No. 2:17-CV-152
|
Signed 08/09/2019

**Attorneys and Law Firms**

Leonard A. Siudara, Leonard A. Siudara PC, Troy, MI, for Plaintiff.

Dale G. Wills, James Brian Vogts, Swanson Martin & Bell LLP, Chicago, IL, Edward P. Perdue, Dickinson Wright PLLC, Grand Rapids, MI, for Defendant.

### ORDER GRANTING DEFENDANT'S MOTION TO EXCLUDE DEPOSITION TESTIMONY OF JOHN BUTTERS

GORDON J. QUIST, UNITED STATES DISTRICT JUDGE

\*1 In this case, Plaintiff alleges that Defendant's XMP Model 700 rifle had a manufacturing defect that caused the accidental death of her daughter. Defendant moves to exclude the deposition testimony of one of Plaintiff's expert witnesses, John Butters, because Plaintiff has failed to provide a report as required under Federal Rule of Civil Procedure 26(a)(2)(B) and in accordance with the Court's November 28, 2018, Amended Case Management Order (ECF No. 67). (ECF No. 102.) For the following reasons, the Court will grant Defendant's motion.[1]

Plaintiff disclosed Butters as a Rule 26(a)(2)(B) expert witness. (*See* ECF No. 88-3 at PageID.760.) Rule 26(a)(2)(B) requires that the disclosure "be accompanied by a written report" and that the report contain:

(i) a complete statement of all opinions the witness will express and the basis and reasons for them;

(ii) the facts or data considered by the witness in forming them;

(iii) any exhibits that will be used to summarize or support them;

(iv) the witness's qualifications, including a list of all publications authored in the previous 10 years;

(v) a list of all other cases in which, during the previous 4 years, the witness testified as an expert at trial or by deposition; and

(vi) a statement of the compensation to be paid for the study and testimony in the case.

"If a party fails to provide information or identify a witness as required by Rule 26(a) or (e), the party is not allowed to use that information or witness to supply evidence on a motion, at a hearing, or at a trial, unless the failure was substantially justified or is harmless." Fed. R. Civ. P. 37(c)(1). Moreover, failure to comply with the deadline in the Amended Case Management Order regarding expert reports, which in this case was March 1, 2018, can also result in the exclusion of expert testimony. Fed. R. Civ. P. 16(f)(1)(C) (authorizing the Court to issue sanctions under Rule 37(b)(2)(A) if a party "fails to obey a scheduling or other pretrial order); Fed. R. Civ. P. 37(b)(2)(A)(ii) (listing as a possible sanction "prohibiting the disobedient party ... from introducing designated matters into evidence").

To date, Plaintiff has provided the following disclosure with respect to Butters:

> \*2 John T. Butters: Mr. Butters is a professional engineer well known to Remington's counsel. His affidavit offered in Edge v. Remington has been forwarded to counsel and contains his qualifications, publications and expert opinions. The opinions stated in in [sic] his affidavit apply equally to the Lefebre case. He is not a retained expert. Segments of his video deposition in McNeal/Thar may be replayed.

Case 1:22-cv-00748-PLM-PJG ECF No. 57-3, PageID.826 Filed 12/07/22 Page 3 of 4

Lefebre v. Remington Arms Company, LLC, Not Reported in Fed. Supp. (2019)
2019 WL 5103423

(*See* ECF No. 88-3 at PageID.760.) [2] While Butters' affidavit from the *Edge v. Remington* case (ECF No. 88-2) contains his qualifications and previous experience as a testifying witness, the expert opinions included in the affidavit are based on his personal inspection of the Model 700 XMP rifle at issue in *that* case, not the subject rifle of *this* case. (*See id.* at PageID.751.) To the extent that Butters has inspected the subject rifle or otherwise formed opinions in this case, the affidavit is insufficient to put Defendant on notice of the content of Butters' testimony because the affidavit is not "a complete statement of all opinions the witness will express and the basis and reasons for them." Rule 26(a)(2)(B)(i). On the other hand, to the extent that the affidavit contains all of the opinions that Butters will express in this case, [3] Plaintiff encounters another problem—Butters' testimony would be inadmissible under Federal Rule of Evidence 702. Rule 702 provides that:

> A witness who is qualified as an expert by knowledge, skill, experience, training, or education may testify in the form of an opinion or otherwise if:
>
> (a) the expert's scientific, technical, or other specialized knowledge will help the trier of fact to understand the evidence or to determine a fact in issue;
>
> (b) the testimony is based on sufficient facts or data;
>
> (c) the testimony is the product of reliable principles and methods; and
>
> (d) the expert has reliably applied the principles and methods to the facts of the case.

Here, Butters has not "reliably applied the principles and methods to the facts of the case" for two key reasons: (1) the affidavit was prepared in the case of *Edge v. Remington* but the testimony that Plaintiff intends to introduce at trial is from a video deposition in the *McNeal/Thar v. Remington* case, and (2) more importantly, Butters is not offering an opinion regarding the alleged manufacturing defect of the subject rifle but rather the alleged manufacturing defect of a separate rifle in a separate case. Consequently, whether the Court considers the Rule 26(a)(2)(B) disclosure and "report" insufficient or considers Butters' testimony inadmissible on other grounds, the Court will grant Defendant's motion and exclude Butters' testimony.

**\*3** For the foregoing reasons, Defendant's motion to bar the expert testimony of John Butters (ECF No. 102) is **granted**.

**IT IS SO ORDERED.**

**All Citations**

Not Reported in Fed. Supp., 2019 WL 5103423

---

**Footnotes**

1   Plaintiff filed a response to Defendant's motion, which the Court reviewed despite its untimeliness. (ECF No. 105.) *See* W.D. Mich. LCivR 7.3(c) (stating that responsive briefs to nondispositive motions are due within 14 days). Plaintiff also filed a "Short Supplement" to that response. (ECF No. 106.) For multiple reasons, the Court rejects Plaintiff's supplement. First, Plaintiff did not seek leave of court to file a supplement to his already untimely response. Second, the stated purpose of the supplement is merely to complain of Defendant's alleged noncompliance with Rule 26(a)(2)(B) expert witness disclosures. (ECF No. 106 at PageID.1211.) The Court does not need a filing that simply points a finger at the opposing party; if Defendant were, in fact, non-compliant with the Rules, Plaintiff should file an appropriate motion.

2   Although Plaintiff states that Butters is not a retained expert, Butters is still subject to the requirement to provide a report under Rule 26(a)(2)(B). Plaintiff herself has labeled Butters as a Rule 26(a)(2)(B) witness, and even if she had not done so, Butters would be considered as a witness that was "specially employed to provide expert testimony in the case" and thus obligated to provide a written report under Rule 26(a)(2)(B). *See* Ulbrick v. UPR Prod., Inc., No. CIV. 08-13764, 2011 WL 500034, at \*4 (E.D. Mich. Feb. 8, 2011) (concluding that a non-retained expert nonetheless had to provide a written report because his opinions were

Case 1:22-cv-00748-PLM-PJG   ECF No. 57-3,   PageID.827   Filed 12/07/22   Page 4 of 4

**Lefebre v. Remington Arms Company, LLC, Not Reported in Fed. Supp. (2019)**
2019 WL 5103423

"not formed as a result of witnessing or experiencing the accident which [was] the subject matter of the [the] lawsuit," but rather "as a result of a process that any expert witness would undertake; namely, an 'after-the-fact' examination").

3   The Court is skeptical that providing an affidavit that an expert provided in a separate case can ever suffice as a "written report" required under Rule 26(a)(2)(B).

---

**End of Document**                              © 2022 Thomson Reuters. No claim to original U.S. Government Works.