UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

LANE MYERS

        Plaintiff,

        No. 1:22-cv-00748

        Hon. Paul L. Maloney

v.

CHRISTOPHER WREN, NICHOLAS
SMITH and UNKNOWN FRERIKS,

        Defendants.

**BRIEF IN SUPPORT OF DEFENDANTS'
MOTION FOR SUMMARY JUDGMENT**

**\*Oral Argument Requested\***

Dated: April 28, 2023

**TABLE OF CONTENTS**

INDEX OF AUTHORITIES.................................................................................................. ii

CONCISE STATEMENT OF ISSUES PRESENTED................................................................. iv

STATEMENT OF FACTS ....................................................................................................1

I.      Plaintiff's Ban from County Parks........................................................................1

II.     The Ordinance.....................................................................................................2

III.    Procedural History. ..............................................................................................3

ARGUMENT ....................................................................................................................4

I.      Standard Of Review ............................................................................................4

II.     Plaintiffs' First Amendment Claim Fails As A Matter Of Law.........................................4

III.    Plaintiff's Fourth Amendment Claim Fails As A Matter Of Law. ....................................8

IV.     Plaintiff's Fifth Amendment Claim Fails As A Matter Of Law. ......................................8

V.      Plaintiff's Fourteenth Amendment Claim Fails As A Matter Of Law................................9

VI.     Dismissal is Warranted Because Plaintiff Has Violated This Court's December
        22, 2022 Order. .................................................................................................10

CONCLUSION................................................................................................................16

i

# INDEX OF AUTHORITIES

**Cases**

*Anderson v. Liberty Lobby, Inc*., 477 U.S. 242, 249 (1986) ............................................. 4

*Arizona v. Hicks*, 480 U.S. 321, 324 (1987) ................................................................... 9

*Bays v. City of Fairborn*, 668 F.3d 814, 821 (6th Cir. 2012) ........................................ 6

*Bd. of Regents v. Roth*, 408 U.S. 564, 577 (1972) ........................................................ 10

*Blake v. Wright,* 179 F.3d 1003, 1007-1008 (6th Cir. 1989) ......................................... 9

*Celotex Corp. v. Catrett*, 477 U.S. 317, 326 (1986) ...................................................... 4

*City Council of Los Angeles v. Taxpayers for Vincent*, 466 U.S. 789, 806 (1984) ....................... 6

*Clark v. Community for Creative Non-Violence et al,* 468 U.S. 288, 296 (1984) ....................... 6

*Goss v. Lopez*, 419 U.S. 565 (1975) ............................................................................. 10

*Halaco Eng'g Co. v. Costle*, 843 F.2d 376, 380 (9th Cir. 1988) ................................... 15

*Lutz v. City of York*, 899 F.2d 255, 269 (3d Cir. 1990) .................................................. 5

*Matsushita Electric Indus. Co. v. Zenith Radio Corp*., 475 U.S. 574, 587 (1986) ......................... 4

*Monell v. Dept of Soc Svcs,* 436 U.S. 658, 694 (1978) ................................................... 5

*Moore v. City of East Cleveland,* 431 U.S. 494, 503 (1977) ......................................... 10

*Moore v. Philip Morris Cos*., 8 F.3d 335, 339-40 (6th Cir. 1993) ................................. 4

*Neinast v. Bd. Of Trs. Of Columbus Metro. Library,* 190 F. Supp. 2d 1040, 1048 (S.D. Ohio 2002) .................................................................................................... 11

*Perry Educ. Ass'n v. Perry Local Educators' Ass'n*, 460 U.S. 37, 45 (1983) ................................. 5

*Scott v. Clay County, Tenn.,* 205 F.3d 867, 873 n. 8 (6th Cir. 2000) ............................ 9

*United States v. Jacobsen*, 466 U.S. 109, 113 (1984) ................................................ 8, 9

*Ward v Rock Against Racism,* 491 U.S. 781, 796 (1989) ........................................... 6, 7

**Statutes**

14th Amendment .................................................................................................. 3, 9, 10

1st Amendment .......................................................................................................... 3, 5

42 U.S.C. § 1983 ................................................................................................. 3, 4

4th Amendment .................................................................................................. 3, 8

5th Amendment .................................................................................................. 3, 9

MCL 46.364(1) ...................................................................................................... 10

**Rules**

Fed. R. Civ. P. 11 .................................................................................................... 11

Fed. R. Civ. P. 56(c) ............................................................................................... 4

**CONCISE STATEMENT OF ISSUES PRESENTED**

This lawsuit arose because Plaintiff verbally harassed, berated, and chased down another park visitor, Ethan Wright, for riding an electric mountain bike on a public park trail in Newaygo County (the "County"). Admittedly, Mr. Wright probably should not have been riding an electric mountain bike on the trail. But the real concern was Plaintiff's over-the-top, menacing, and irrational conduct, which he has continued to display toward Defendants, their counsel (including their staff), potential witnesses, and others associated (and not associated) with this case, throughout the course of this litigation. As a result of his bizarre actions, the County Parks Department prohibited Plaintiff from entering county park property, which he claims violated his constitutional rights. Discovery has now closed and there is no genuine dispute as to any material fact. As the Court has already identified in its Order denying Plaintiff's motion for a temporary restraining order (ECF No. 7) and preliminary injunction (ECF No. 61), Plaintiff's claims are meritless as a matter of law, and dismissal is warranted. Dismissal is further warranted due to Plaintiff's violations of the Court's December 22, 2022 Order which prohibited him from harassing, berating, demeaning, threatening, or using abusive language in communicating with defense counsel.

## STATEMENT OF FACTS

### I.      Plaintiff's Ban from County Parks.

Newaygo County owns property used for bicycle trails. On August 5, 2022, Ethan Wright was riding his electric mountain bike, or "e-bike", on the Dragon Trail (Michigan's Dragon at Hardy Dam) on County Park property. (ECF No. 27-1). Mr. Wright encountered Plaintiff, also riding a bike, who yelled at Mr. Wright that e-bikes were not allowed on the trail. *Id.* Out in the woods on the trail and alone, Mr. Wright was taken aback by Plaintiff's hostility over a relatively minor matter. *Id.* Concerned for his safety, Mr. Wright decided to ride down the trail to get away from Plaintiff.  *Id.* Plaintiff proceeded to chase Mr. Wright for over 5 miles on the trail while continuing to berate him, to the point that Mr. Wright called the police. *Id.* Mr. Wright arrived at the Sandy Beach County Park office, afraid, upset, and in tears, and informed Park Manager Theresa Bailey that he was being chased and that he had called the police. *Id.* Park Manager Bailey recalled that Mr. Wright informed her that a "crazy lunatic was chasing him on the Dragon Trail for the last 5 miles[.]" (ECF No. 27-2). Ms. Bailey contacted Defendant Parks Director Nicholas Smith and informed him of the incident. *Id.* While waiting for police to arrive, Plaintiff came to the park office and began yelling and swearing at the park manager and Mr. Wright. *Id.* He told Ms. Bailey "that fucking idiot [Mr. Wright] on the fucking e bike needs a ticket now" and that he should "stay the fuck off of our trail." *Id.*

Sheriff Deputies Kalinowski and Defendant Freriks arrived on the scene and deescalated the situation. (ECF No. 27-3). They interviewed Mr. Wright and indicated that he was very cooperative and was simply not aware of the e-bike rules. (**Exhibit A**, Defendants' Signed Interrogatory Responses to Plaintiff, at ¶s 5 and 12). Deputies Kalinowski and Defendant Freriks also attempted to speak to Plaintiff. Plaintiff refused to provide his name to the deputies for a report and said to them "I don't have to give you anything." (ECF No. 27-3).

Director Smith arrived at the scene and was told by Park Manager Bailey that Plaintiff was a "loose cannon" saying that she felt uncomfortable with Plaintiff, that he seemed out of control and would not listen and that he was always the aggressor, not Mr. Wright. (Exhibit A at ¶ 5). Director Smith had a conversation with Mr. Wright and explained the e-bike rules. *Id.* Mr. Wright was apologetic about not knowing the e-bike rules and seemed visibly shaken by the incident. *Id.*

Later that day, Director Smith contacted Plaintiff by phone and explained that he was in violation of the Newaygo County Parks Ordinance (the "Ordinance") section 18 and, given the situation, informed him that he could not enter any park or park property owned or operated by the County. *Id.* Plaintiff began yelling at Director Smith and said he would return to the Park. *Id.* Director Smith advised him not to return to the Park or he would be trespassing. *Id.* Plaintiff continued yelling and demanded a trespass letter. *Id.* Director Smith wrote a formal trespass warning letter, which was sent to Park Manager Bailey, the County Sheriff's Office, the County Prosecutor's office and Plaintiff on August 8, 2022. (ECF No. 27-4). The trespass warning made clear that "[t]his decision is made due to your actions on 8/5/22 on Michigan's Dragon at Hardy Dam and at Sandy Beach County Park," which actions violated section 18 of the Ordinance. Id.

## II.     The Ordinance.

The Ordinance states, in relevant part, as follows:

SECTION 18: PERSONAL CONDUCT

No Person Shall:

. . .

b) Engage in any violent, abusive, loud, boisterous, vulgar, lewd, wanton, obscene, or otherwise, disorderly conduct tending to create a breach of the peace, or disturb or annoy others, while on Commission property.

c) Interact in a violent, abusive, loud, boisterous, vulgar, lewd, wanton, obscene, or otherwise disorderly manner towards Commission Staff, park customers, or other members of the public on Commission property.

## III.    Procedural History.

Less than two weeks after the incident, plaintiff filed this civil rights action under 42 U.S.C. § 1983 against Director Smith, Sheriff Deputy Freriks, and the County's Administrator Christopher Wren. Plaintiff's Complaint alleges multiple federal constitutional violations:

- "14th Amendment – procedural due process violation of my liberty interest in free expression

- 1st Amendment – substantive violation of my rights to free speech, assembly, and access to public lands

- 4th and 5th Amendment – substantive violation of my right to privacy from governmental intrusion"

(ECF No. 1).  Plaintiff filed a Motion to Amend his Complaint to add dozens of other defendants (at least one of whom is deceased) and various other nonsensical claims, including a claim for $205,000,000 in compensatory and punitive damages. (ECF No. 37).  The Court denied Plaintiff's Motion to Amend as well as his Motion for Preliminary Injunction primarily because "none of Plaintiff's claims are likely to succeed on the merits." (ECF No. 61, PageID.849). Plaintiff has filed an interlocutory appeal to the United States Court of Appeals for the 6th Circuit on the denial of his Motion for Preliminary "Junction"[sic], Motion for Leave to Amend and Motion for Leave to Reply to Defendants' Reply in Opposition of his Motion for Leave to Amend. (ECF No. 62).

# ARGUMENT

## I.      Standard Of Review

Summary judgment is appropriate only if no genuine issue as to any material fact remains

and the moving party is entitled to a judgment as a matter of law.  Fed. R. Civ. P. 56(c).  A genuine

issue of material fact exists when there is "sufficient evidence favoring the nonmoving party for a

jury to return a verdict for that party."  *Anderson v. Liberty Lobby, Inc*., 477 U.S. 242, 249 (1986)

(citations omitted).  The court must view all materials supplied, including all pleadings, in the light

most favorable to the nonmoving party.  *Matsushita Electric Indus. Co. v. Zenith Radio Corp*., 475

U.S. 574, 587 (1986).

Summary judgment is proper where the moving party shows that the nonmoving party is

unable to meet its burden of proof.  *Celotex Corp. v. Catrett*, 477 U.S. 317, 326 (1986).  The

nonmoving party's response to the motion must present specific facts to demonstrate that there is

a genuine issue for trial.  Fed. R. Civ. P. 56(e); *Celotex*, 477 U.S. at 324.  The non-moving party

has an obligation to present "significant probative evidence" to show that "there is [more than]

some metaphysical doubt as to the material facts." *Moore v. Philip Morris Cos*., 8 F.3d 335, 339-

40 (6th Cir. 1993).  "The mere existence of some alleged factual disputes between the parties will

not defeat an otherwise properly supported motion."  *Anderson*, 477 U.S. at 247-248.

## II.     Plaintiffs' First Amendment Claim Fails As A Matter Of Law

As a preliminary matter, for Defendants to be liable under 42 U.S.C. § 1983, Plaintiff must

prove that an official custom or policy caused a violation of his constitutional rights.  *Monell v.*

*Dept of Soc Svcs,* 436 U.S. 658, 694 (1978).  No County policy or custom deprived Plaintiff of any

constitutional right.

Plaintiff asserts that defendants have violated his rights to free speech, assembly, and

access to public lands by enforcing the Ordinance, which permits the County to exclude people

from park property for violations such as engaging in abusive, loud, vulgar, or other disorderly conduct tending to create a breach of peace or disturb or annoy others while on park property. (ECF No. 1).

The right to access public fora is not unlimited. *See Lutz v. City of York*, 899 F.2d 255, 269 (3d Cir. 1990) ("Unlimited access to public fora or roadways would not result in maximizing individuals' opportunity to engage in protected activity, but chaos."). Put simply, as a matter of law, Plaintiff does not have an unlimited right to access Newaygo County Parks.

With respect to his argument that Defendants have violated his right to free speech by prohibiting him from using the County parks under the Ordinance, in cases where the state enforces content-neutral regulations to public fora, the regulation must pass intermediate scrutiny. *Perry Educ. Ass'n v. Perry Local Educators' Ass'n*, 460 U.S. 37, 45 (1983) ("The state may also enforce regulations of the time, place, and manner of expression which are content-neutral, are narrowly tailored to serve a significant government interest, and leave open ample alternative channels of communication.") U.S. Const. Amend. 1. Here, the relevant section of the Ordinance (section 18) states as follows:

This provision unquestionably passes intermediate scrutiny. First, it is content-neutral; it is "justified without reference to the content or viewpoint of the regulated speech." *Bays v. City of Fairborn*, 668 F.3d 814, 821 (6th Cir. 2012). The Ordinance does not, for example, prohibit loud

**SECTION 18: PERSONAL CONDUCT**
No Person Shall:

b) Engage in any violent, abusive, loud, boisterous, vulgar, lewd, wanton, obscene, or otherwise, disorderly conduct tending to create a breach of the peace, or disturb or annoy others, while on any Commission property.

c) Interact in a violent, abusive, loud, boisterous, vulgar, lewd, wanton, obscene, or otherwise disorderly manner towards Commission Staff, park customers, or other members of the public on Commission property.

or disruptive conduct related to specific topics or viewpoints (i.e., abortion protests or political positions). It is viewpoint-neutral.

Second, Section 18 is narrowly tailored to serve a significant governmental interest: ensuring that public spaces are safe and peaceful. The Supreme Court has held that conserving public park property and ensuring that parks are adequately protected so that the public may enjoy them is a significant governmental interest. *Clark v. Community for Creative Non-Violence et al,* 468 U.S. 288, 296 (1984). Similarly, the government "ha[s] a substantial interest in protecting its citizens from unwelcome noise", such as yelling and obscenities. *City Council of Los Angeles v. Taxpayers for Vincent*, 466 U.S. 789, 806 (1984). "[T]he government may act to protect even such traditional public forums as city streets and parks from excessive noise." *Ward v Rock Against Racism,* 491 U.S. 781, 796 (1989)("The city enjoys a substantial interest in ensuring the ability of its citizens to enjoy whatever benefits the city parks have to offer"). Id at 797.

Here, the Ordinance promotes that significant government interest by prohibiting disorderly, disruptive conduct that would interfere with the use of the park system by other members of the public. The Ordinance does not prohibit all speech; it narrowly bars only that speech and conduct which is reasonably likely to interfere with the peaceful enjoyment of county property by others. And indeed, this case shows exactly why such a regulation is needed to promote that significant government interest.

Finally, the Ordinance leaves open adequate alternative channels of communication. The Ordinance continues to permit expressive activity in the park and has no effect on the quantity or content of that expression beyond regulating the extent and manner of the expression. *See e.g. Id.* at 802. An individual can communicate anything he or she wishes in a manner that is not abusive or disruptive. Plaintiff could have lodged a verbal or written complaint about the use of e-bikes on

6

the trail with defendants (without screaming, swearing, harassing or berating others), and that would not violate the Ordinance. Plaintiff cannot show that remaining avenues of communication are inadequate, particularly with the number of appearances by Plaintiff at both County buildings and County Commission meetings, where on at least one occasion, he showed up with signage that stated "Fuck Christopher Wren," directed at the County's Administrator and a Defendant in this case:

(REMAINDER OF PAGE LEFT INTENTIONALLY BLANK)



Thus, under black-letter constitutional law, the Ordinance passes intermediate scrutiny and Plaintiff's First Amendment claim should be dismissed.

## III.    Plaintiff's Fourth Amendment Claim Fails As A Matter Of Law.

The Fourth Amendment prohibits unreasonable searches and seizures by government actors. U.S. Const. Amend. 4. For purposes of Fourth Amendment analysis, a search occurs when the government infringes upon an expectation of privacy that society is prepared to consider objectively reasonable. *United States v. Jacobsen*, 466 U.S. 109, 113 (1984). A "seizure" of property occurs for Fourth Amendment purposes when there is some meaningful interference with an individual's possessory interests in that property. *United States v. Jacobsen*, 466 U.S. 109 (1984). Such searches and seizures must also be "unreasonable" considering the surrounding circumstances in order to violate the Fourth Amendment. *Id*.

In this case, there is no genuine dispute of material fact that there was no search or seizure, let alone an unreasonable one. Plaintiff was never detained, arrested or searched. He was in a public park and had no expectation of privacy. To the extent he is claiming that his access to the public park constitutes a "seizure", he has no possessory interests in the public park; courts generally interpret possessory interest to mean physical possession, even when the property allegedly seized is intangible, like information. *Arizona v. Hicks*, 480 U.S. 321, 324 (1987). Without a possessory interest, Plaintiff has no Fourth Amendment claim. *Blake v. Wright,* 179 F.3d 1003, 1007-1008 (6th Cir. 1989).  Accordingly, his Fourth Amendment claim is meritless and should be dismissed.

## IV.    Plaintiff's Fifth Amendment Claim Fails As A Matter Of Law.

The Fifth Amendment applies to the federal government, not state or local governments such as the County. *Scott v. Clay County, Tenn.,* 205 F.3d 867, 873 n. 8 (6th Cir. 2000).

Accordingly, Plaintiff has no Fifth Amendment rights as to the County or its employees and officials and this claim should be dismissed.

**V.      Plaintiff's Fourteenth Amendment Claim Fails As A Matter Of Law.**

Plaintiff's Fourteenth Amendment claim seems to allege that he has been banned from County Parks without due process of law. While the Fourteenth Amendment prohibits states from depriving any person of life, liberty, or property without due process of the law, such protected property interests "are not by the Constitution. Rather, they are created, and their dimensions are defined by, an independent source such as state statutes or rules entitling the citizen to certain benefits." *Goss v. Lopez*, 419 U.S. 565 (1975) (quoting *Bd. of Regents v. Roth*, 408 U.S. 564, 577 (1972)). To be entitled to procedural due process protections, Plaintiff must prove that the benefit he is allegedly being deprived of— access to the Newaygo County Parks—is a property interest created by state law.

To have a property interest in something, as required to allege a violation of the Due Process Clause of the Fourteenth Amendment based on its deprivation, a person clearly must have more than an abstract need or desire for it, and he must have more than a unilateral expectation of it; he must, instead, have a legitimate claim of entitlement to it. *Bd. of Regents of State Colls. v. Roth*, 408 U.S. 564, 577 (1972).

Here, as a matter of law, Plaintiff does not have a protected property interest in using Newaygo County Parks. There is no Michigan state law creating a protected property interest in accessing county parks. In fact, the County and Regional Parks Act permits counties to adopt, amend, or repeal rules for the protection, regulation, and control of its facilities and areas, such as the Ordinance that Plaintiff violated. MCL 46.364(1). Without a protected property interest, Plaintiff's Fourteenth Amendment claim fails.

Plaintiff has insisted that he has a "liberty interest in a traditional public forum" and that "enforcement of the ordinance against Mr. Myers without Due Process is a violation of Mr. Myers [sic] 14th Amendment rights." (ECF No. 14.) As the Court correctly stated, "[a]ccess to a county park is not a fundamental right, deeply rooted in this Nation's history and tradition, in which one possesses a liberty interest." (ECF No. 61 PageID #847.) *See Moore v. City of East Cleveland,* 431 U.S. 494, 503 (1977). Plaintiff therefore does not have a "liberty interest" in access to Newaygo County Parks, so his procedural due process claim fails.

With regard to Plaintiff's substantive due process claim, Plaintiff cannot prevail because he has not shown a violation of his First Amendment rights, and thus his liberty interests in free speech and expression are not impacted. (ECF No. 61, PageID #848.) *See Neinast v. Bd. Of Trs. Of Columbus Metro. Library,* 190 F. Supp. 2d 1040, 1048 (S.D. Ohio 2002). Therefore, Plaintiff's constitutional claims should be dismissed in their entirety.

**VI.    Dismissal is Warranted Because Plaintiff Has Violated This Court's December 22, 2022 Order.**

As the Court may recall, Defendants filed a Motion for Sanctions pursuant to Fed. R. Civ. P. 11 on October 24, 2022 because (1) Plaintiff's claims lack merit and are frivolous and (2) Plaintiff's purpose of filing this lawsuit is to harass the County and needlessly increase the costs of litigation. (ECF No. 27). In its Opinion and Order dated December 22, 2022, the Court acknowledged Plaintiff's "bizarre, outlandish, and concerning communications" noting that they were "inappropriate" and would "certainly violate the Michigan Rules of Professional Conduct" if Plaintiff was an attorney. (ECF No. 61, Page ID  #27-28). While the Court denied the motion for sanctions without prejudice, it ordered Plaintiff to "conduct himself at all times in this litigation in a civil and professional manner. Plaintiff shall not harass, berate, demean, threaten, or use abusive language in communicating with defense counsel, and shall treat defense counsel with

civility at all times. . . Failure to comply with this order may result in sanctions, including dismissal of this litigation." (ECF No. 61, Page ID #30).

On April 25, 2023, following Defendants' filing of their Brief on Appeal in the interlocutory appeal with the 6th Circuit Court of Appeals, Plaintiff sent the following e-mail to defense counsel:



On the same day, Plaintiff also left a voicemail for defense counsel Homier stating, in part, as follows:

> Now that I've stopped laughing at how incompetent you are, I had something to talk to you about. You're playing a very dangerous game that's gonna come back ... you're spending taxpayer money to play a very dangerous game. . . You're clearly incompetent and you're

wasting taxpayers' money. My girlfriend is a taxpayer in Newaygo County. You're wasting her money.[1]

Plaintiff also sent the following text messages to Bryan Kolk, the Chair of the Newaygo County Board of Commissioners and a potential witness in this matter (who defense counsel has notified Plaintiff multiple times is represented by counsel and should only be contacted through the County's attorney):

---

[1]   The recorded voicemail may be accessed at the following link: https://fosterswift.sharefile.com/d-s50a823e343f04b9ea6de4b9010c4e85c





In response, defense counsel Homier sent an email to Plaintiff reminding him of the Court's December 22, 2022 order and indicating Defendants will file an appropriate motion with the Court if Plaintiff continues to violate the Order. In response, Plaintiff sent Mr. Homier the following email:

**From:** Lane Myers <meyerlansky879@gmail.com>
**Sent:** Tuesday, April 25, 2023 12:56 PM
**To:** Homier, Michael <MHomier@fosterswift.com>
**Subject:** Re: Comedy routine [FSCS-LEG.FID1633614]

[CAUTION - EXTERNAL EMAIL] DO NOT reply, click links, or open attachments unless you have verified the sender and know the content is safe.

You are in violation of Federal Rules, Local Rules, and the MRPC. The judge in this case doesn't have the authority to do anything to me related to my emails with you as long as they aren't threatening. That would be a BAR association matter if I was a member. The judge has said a lot of things, mostly wrong. He can order me to do anything he wants, doesn't mean he actually has that authority. You have made numerous intentionally false and misleading statements to the court that are going to get you sanctioned. Focus on that. If my emails bother you, go to therapy.

I look forward to seeing you explain how I went into an office that doesn't exist.

I look forward to seeing you explain how abortion and political protests are allowed to be loud and disruptive but not anything else.

Now get that corrected brief filed so I can absolutely destroy you in my reply brief.

Later, when defense counsel Dickinson emailed Plaintiff to ascertain whether he intended to oppose this motion as required under LCivR 7.1(d) for all motions, dispositive or otherwise, Plaintiff sent the following e-mail in response:



Plaintiff's conduct unquestionably violates this Court's December 22, 2022. Calling defense counsel "idiot lawyers", "amateur" and "incompetent", claiming they are "making up bullshit", threatening that they are "playing a very dangerous game", and suggesting they should "lose their bar status for [their] trash brief" and "go to therapy" is harassing, berating, demeaning, threatening, and abusive. Even more concerning is Plaintiff's disparagement of this Court in his April 25, 2023 email and disputing the Court's authority to enjoin him from engaging in abusive litigation practices. As suggested in the December 22, 2022 order, dismissal of this litigation is warranted for Plaintiff's sanctionable conduct. "Dismissal under a court's inherent powers is justified in extreme circumstances, in response to abusive litigation practices, and to insure the orderly administration of justice and the integrity of the court's orders." *Halaco Eng'g Co. v. Costle*, 843 F.2d 376, 380 (9th Cir. 1988). Defendants submit to the Court that these circumstances are extreme; not only are Plaintiff's claim meritless, but Plaintiff has also engaged in abusive litigation practices and conduct against defense counsel (including its staff), Defendants, and potential witnesses in this case and continues to do so despite this Court's Orders. Further, his comments stating "[the Judge] can order me to do anything he wants, doesn't mean he actually has that authority" suggests he has no intention of following this Court's orders now or going forward. Dismissal is warranted to ensure the orderly administration of justice and the integrity of this Court's orders.

## CONCLUSION

For the reasons set forth above, Defendants seek entry of an Order granting this Motion and dismissing Plaintiff's' claims with prejudice.

Respectfully submitted,

Dated: April 28, 2023

By: /s/Leslie A. Dickinson
Michael D. Homier (P60318)
Leslie A. Dickinson (P78850)

16

Foster Swift Collins & Smith, PC
1700 E Beltline Ave Suite 200
(616) 726-2200
labdoo@fosterswift.com
Counsel for Defendants

17