# EXHIBIT A

UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

---

LANE MYERS

    Plaintiff,

v.

CHRISTOPHER WREN, NICHOLAS SMITH and UNKNOWN FRERIKS,

    Defendants.

Case No: 1:22-cv-00748

Hon. Paul L. Maloney

---

| | |
|---|---|
| Lane Myers<br>Pro Se<br>1583 Grange Rd<br>Trenton, MI 48183<br>(313) 587-1880 | Michael D. Homier (P60318)<br>Leslie A. Dickinson (P78850)<br>FOSTER, SWIFT, COLLINS & SMITH, P.C.<br>Attorneys for Defendants<br>1700 E. Beltline Ave NE, Suite 200<br>Grand Rapids, MI 49525<br>(616) 726-2200 |

---

## **DEFENDANTS' RESPONSES TO PLAINTIFF'S INTERROGATORIES**

### **General Objections**

    A.    Defendants object to any discovery request, as well as any instructions applicable thereto, to the extent that it alters, modifies or expands the Federal Court Rules, especially the scope of discovery permitted thereby. Defendants will respond to the discovery request in accordance with the requirements and restrictions of the Federal Court Rules.

    B.    Defendants object to any discovery request to the extent that it seeks information which does not involve the subject matter of the pending action, is irrelevant, exceeds the scope of permissible discovery, and/or is not reasonably calculated to lead to the discovery of admissible evidence.

    C.    Defendants object to any discovery request to which responding would be oppressive, overly burdensome, or involve undue financial expense, including, but not limited to,

4. Identify all individuals who had input into the decision to ban Plaintiff from Newaygo County Parks and the Dragon trail on August 5th, 2022.

**ANSWER: Defendants object to this interrogatory to the extent that these interrogatories exceed the number permitted under FRCP 33 (including all discrete subparts) without leave of the Court. Without waiving such objection, Defendants respond as follows: Theresa Bailey (Park Manager), Nick Smith (Parks Director), Doug Harmon (Park Commission Chairman).**

5. Describe the investigation process in step by step detail as to how Plaintiffs actions were evaluated and selected for the trespassing ban.

**ANSWER: Defendants object to this interrogatory to the extent that these interrogatories exceed the number permitted under FRCP 33 (including all discrete subparts) without leave of the Court. Without waiving such objection, Defendants respond as follows: Defendant was not "selected" for the trespassing ban.**

- **Phone call 1 received from Park Manager Bailey explaining there was an individual (later identified as Ethan Wright) at the Park Office that said someone was chasing him on the trail for 5 miles, he seemed to be scared. Park Manager Bailey told Ethan Wright to call the police, and he stated he had called 911 already.**

- **Phone call 2 received from Park Manager Bailey explaining that a man (later identified as Lane Myers) was there swearing and yelling at her while she was with a customer and that Lane Myers was now swearing and yelling at Ethan Wright. Park Manager Bailey stated the two men were standing in the middle of the entrance road of**

the Park, in public; Ethan Wright was talking while Lane Myers was yelling. Park Manager Bailey explained the situation was escalating and that someone needed to get here soon.

- Conversation with Park Manager Bailey when Director Smith arrived at the Park. Park Manager Bailey stated she felt uncomfortable with Lane Myers in the Park because he seemed out of control and would not listen, she described him as a loose cannon Park Manager Bailey stated the other induvial Ethan Wright was not a problem, and Lane Myers was always the aggressor.

- Conversation with Deputies discussing the situation. Deputies explained that Lane Myers had left the park before Director Smith arrived. Director Smith asked if it was possible to trespass Lane Myers from the County Parks, a Deputy responded that it was possible. Deputies said Ethan Wright was very cooperative and was not aware of the e-bike rules; therefore, they were going to educate him about the rule and send him on his way without a citation.

- Phone call sent to Doug Harmon, Parks Commission Chairman. Director Smith recommended trespassing Lane Myers due to the potential safety issue created by chasing someone on the trail, and disorderly conduct with staff and park customers once arriving at Sandy Beach. Director Smith explained the situation and the information collected, and Chair Harmon agreed that trespassing was appropriate in this case.

- Conversation between Ethan Wright and Director Smith, with Director Smith explaining the e-bike rules and talking to Ethan Wright about the trail. Wright was apologetic about not knowing the e-bike rules and he seemed visibly shaken by the

**incident. Director Smith told Ethan Wright that he hoped he would come back again and ride the trail with his regular bicycle next time.**

- **Conversation between Director Smith and deputies explaining Director Smith would like to send notice to Lane Myers stating he was prohibited from all park properties. Director Smith asked if the deputies could provide contact information for Lane Myers so Director Smith could contact him by phone and later send a letter in the mail. Deputies verbally told Director Smith the contact information so Director Smith could notify Lane Myers he was being trespassed from the parks.**

- **Director Smith left the park, returned to the office, and called Lane Myers. Director Smith explained to Lane Myers that, given his actions, he was being trespassed from the Newaygo County Parks. Lane Myers started yelling about his lawyer and said he was returning to the Park. Director Smith advised him not to return to the Park as Lane Myers would be trespassing. Lane Myers continued yelling and demanded a trespass letter. Director Smith said he would send out a letter Monday. Lane Myers continued to yell about his lawyer, so Director Smith ended the call.**

6. Explain fully the safeguards used, if any, employed and put into place by the investigating and/or recommending officials and communicated to the supervisors/managers involved in the Plaintiffs ban for the purpose to protect against possible or potential bias or discriminatory actions prohibited by law in the decision process.

**ANSWER: Defendants object to this interrogatory to the extent that these interrogatories exceed the number permitted under FRCP 33 (including all discrete subparts) without**

5, 2022 previously produced, which speaks for itself, and answer to Interrogatory #5. See also Defendants' Exhibit List included within Defendants' Rule 26(a) Disclosures dated October 31, 2022.

11. Please list all information relied upon by all the managers and investigating officials to not select Ethan Wright for discipline for his illegal operation of a motor vehicle on the dragon trail on August 5th, 2022.

**ANSWER: Defendants object to this interrogatory to the extent that these interrogatories exceed the number permitted under FRCP 33 (including all discrete subparts) without leave of the Court and to the extent it requests information individuals who are not a party to this case. Without waiving such objections, Defendants respond as follows: See Defendants' Exhibit List included within Defendants' Rule 26(a) Disclosures dated October 31, 2022. See also answer to Interrogatory #9.**

12. List in detail all reasons why the investigating officials did not ask Ethan Wright a single question about why he called 911. List in detail all the reasons that the investigating officials did not ask Ethan Wright a single question about his interactions with Plaintiff.

**ANSWER: Defendants object to this interrogatory to the extent that these interrogatories exceed the number permitted under FRCP 33 (including all discrete subparts) without leave of the Court and to the extent it requests information from individuals who are not**

**a party to this case. Without waiving such objections, Defendants respond as follows: The statements in Interrogatory #12 are incorrect. Ethan Wright was interviewed.**

13. Were all Newaygo County and NCSO policies, rules and procedures in the investigation process followed. If not, please state: (a) each policy, rule or procedure not followed; (b) the individual failing to follow the rule, procedure or policy; and (c) the reason for the rule, procedure or policy having been violated.

**ANSWER: Defendants object to this interrogatory to the extent that these interrogatories exceed the number permitted under FRCP 33 (including all discrete subparts) without leave of the Court and to the extent it requests information from individuals who are not a party to this case. Without waiving such objections, Defendants respond as follows: Yes.**

14. Under what legal authority (law, rule, procedure or policy) was the banning of the Plaintiff from Newaygo County Parks relied upon.

**ANSWER: Defendants object to this interrogatory to the extent that these interrogatories exceed the number permitted under FRCP 33 (including all discrete subparts) without leave of the Court and to the extent that it asks for a legal conclusion. Without waiving such objection, Defendants respond as follows: See letter from Director Smith dated August 5, 2022 previously produced, which speaks for itself.**

- White Cloud Park      6/9/21
- Sandy Beach           6/19/21
- White Cloud Park      7/8/21
- White Cloud Park      7/8/21

I DECLARE THE ABOVE STATEMENTS ARE TRUE TO THE BEST OF MY INFORMATION, KNOWLEDGE AND BELIEF.

Dated: 1/4/22

CHRISTOPHER WREN

I DECLARE THE ABOVE STATEMENTS ARE TRUE TO THE BEST OF MY INFORMATION, KNOWLEDGE AND BELIEF.

Dated: 1-6-23

SGT. CHRISTOPHER FRERIKS

I DECLARE THE ABOVE STATEMENTS ARE TRUE TO THE BEST OF MY INFORMATION, KNOWLEDGE AND BELIEF.

Dated: 1-4-23

NICHOLAS SMITH

                                                  FOSTER SWIFT COLLINS & SMITH, P.C.
                                                  Attorneys for Defendants

Dated: January 6, 2023                  By: _/s/ Leslie Dickinson_____
                                                           Leslie Dickinson (P78850)