UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

LANE MYERS

    Plaintiff,

v.

CHRISTOPHER WREN, NICHOLAS SMITH and UNKNOWN FRERIKS,

    Defendants.

No. 1:22-cv-00748

Hon. Paul L. Maloney

**DEFENDANTS'**
**REPLY BRIEF IN SUPPORT OF MOTION FOR SUMMARY JUDGMENT**

***Oral Argument Requested***

Dated: June 20, 2023

i

**TABLE OF CONTENTS**

INDEX OF AUTHORITIES ................................................................................................... iii

ARGUMENT .......................................................................................................................... 1

I.     Plaintiff's Brief Is Untimely ........................................................................................ 1

II.    None of the "Factual Disputes" Raised by Plaintiff are Material. ........................................ 2

        A.     First Amendment ................................................................................... 2

        B.     Fourth Amendment ................................................................................ 3

        C.     Fifth Amendment .................................................................................. 4

        D.     Fourteenth Amendment ......................................................................... 4

CONCLUSION ...................................................................................................................... 4

# INDEX OF AUTHORITIES

**Cases**

*Clark v Cmty for Creative Non-Violence,* 468 U.S. 288, 296 (1984) ............................................. 3

*Edgecomb v. Magnesita*, No. 19-cv-219, 2021 WL 389030 (W.D. Mich. February 4, 2021) ........................................................................................................................................ 1

*Fields v. Cty. of Lapeer*, 238 F.3d 420 (6th Cir. 2000) ..................................................................... 2

*Jones v. City of Franklin*, 677 F. App'x 279, 285 (6th Cir. 2017) ................................................... 2

*Kendall v. Hoover Co.,* 751 F.2d 171, 174 (6th Cir. 1984) .............................................................. 2

*Malik v. AT&T Mobility, LLC,* No., 2009 WL 198710 (January 23, 2009) .................................. 1

*McNeil v. United States*, 508 U.S. 106 (1993) ................................................................................. 2

*Peery v. City of Miami*, 977 F.3d 1061, 1071 (11th Cir. 2020) ....................................................... 4

*Salmon v. Blesser,* 802 F.3d 249, 253 (2d Cir. 2015) ...................................................................... 4

*Scott v. Clay County, Tenn.,* 205 F.3d 867, 873 n. 8 (6th Cir. 2000) ............................................. 5

*United States v. Jacobsen*, 466 U.S. 109, 113 (1984) ...................................................................... 4

**Constitutional Provisions**

Fifth Amendment ............................................................................................................................. 5

First Amendment ............................................................................................................................. 3

Fourteenth Amendment .................................................................................................................. 5

Fourth Amendment ......................................................................................................................... 3

**Rules**

Local Rule 7.2(c) .............................................................................................................................. 1

iii

## ARGUMENT

**I.      Plaintiff's Brief Is Untimely**

As a preliminary matter, Defendants filed their Motion for Summary Judgment on April 28, 2023 in compliance with the Court's Scheduling Order. (ECF No. 25). Pursuant to Local Rule 7.2(c), Plaintiff's responsive brief was due within 28 days (or May 26, 2023).[1] Plaintiff's "Motion in Opposition to Defendant's Motion for Summary Judgment"[2] and his "Brief in Opposition of Motion for Summary Judgment" were filed and served on June 6, 2023, over a week past the deadline. Plaintiff never filed a Motion for Leave to file a late reply, never sought any extension of time in which to file a late brief, or otherwise provided any reason (good faith or otherwise) why his brief was untimely. Accordingly, Plaintiff's response brief should be stricken as untimely and summary judgment awarded to Defendants for Plaintiff's failure to challenge Defendants' dispositive facts and legal arguments.

If the nonmoving parties fails to respond, the motion is treated as unopposed. *See Edgecomb v. Magnesita*, No. 19-cv-219, 2021 WL 389030 (W.D. Mich. February 4, 2021). "'When a nonmoving party fails to respond to a summary judgment motion in the time frame set by the local rules, district courts in the Sixth Circuit have largely consider[ed] the [moving party's] statement of material facts to be undisputed for purposes of...summary judgment.'" *Jones v. City of Franklin*, 677 F. App'x 279, 285 (6th Cir. 2017) (quoting Simpson v. Bredesen, No. 2:10-cv-02950-JPM, 2015 WL 5655999, at *4 (W.D. Tenn. Sept. 24, 2015)) (internal quotations omitted).

---

[1] As Your Honor concluded in *Malik v. AT&T Mobility, LLC,* No., 2009 WL 198710 (January 23, 2009), this includes weekends and holidays pursuant to Fed. R. Civ. P. 6(a)(2).

[2] Plaintiff's pleading is titled as a "Motion", but its substance indicates it is intended to be a response in opposition to Defendants' Motion for Summary Judgment, rather than his own Motion for Summary Judgment.

1

These legal principles should apply despite Plaintiff being pro se. A claimant proceeding pro se does not excuse him from complying with basic procedural requirements. *See McNeil v. United States*, 508 U.S. 106 (1993) (noting that the Supreme Court has "never suggested that procedural rules in ordinary civil litigation should be interpreted so as to excuse mistakes by those who proceed without counsel"). To the contrary, "it is incumbent upon litigants, even those proceeding pro se, to follow the...rules of procedure," and this includes "local and state court rules." *Fields v. Cty. of Lapeer*, 238 F.3d 420 (6th Cir. 2000) (citation omitted).

**II.     None of the "Factual Disputes" Raised by Plaintiff are Material.**

As Plaintiff notes in his brief, a fact is "material" for purposes of summary judgment if "proof of that fact would have [the] effect of establishing or refuting one of the essential elements of a cause of action or defense asserted by the parties, and would necessarily affect [the] application of appropriate principle[s] of law to the rights and obligations of the parties." *Kendall v. Hoover Co.,* 751 F.2d 171, 174 (6th Cir. 1984)(internal citations omitted). However, to the extent that Plaintiff raises factual disputes in his response brief, none are material as it relates to the legal issues and that his claims lack merit as a matter of law.

    **A.     First Amendment**

This claim relies on the legal issue of whether the County's Ordinance is content neutral and passes intermediate scrutiny. Plaintiff's entire argument rests, not on factual issues, but on the premise that the ordinance is not content neutral, which is a question of law. This Court has already correctly concluded that the Ordinance is content neutral because the restrictions do not apply to particular types of speech based on topic or subject matter discussed (rather, the focus is on the *manner* in which speech is communicated) and, therefore, must pass intermediate, not strict scrutiny. Plaintiff makes no attempt to argue why the Ordinance would not pass intermediate scrutiny, because it does. It is narrowly tailored by prohibiting only certain manners of

communication to achieve a Supreme Court-recognized significant government interest in ensuring the public parks are enjoyable, safe and peaceful. *Clark v Cmty for Creative Non-Violence,* 468 U.S. 288, 296 (1984). Accordingly, summary judgment on Plaintiff's First Amendment claim is warranted.

B. **Fourth Amendment**

The "facts" Plaintiff lists attempting to support his argument that he was searched and seized are not material to the legal issues because, even if true, they do not rise to the level of a "search and seizure" under the 4th Amendment. Plaintiff claims that he was "detained" by law enforcement when they asked him questions at the park after the incident and he was "searched" because Parks Manager Nicholas Smith obtained Plaintiff's contact information from the County's 9-1-1 database in order to contact him about the trespass ban. Neither of these amount to a search or seizure. Plaintiff was not detained when he was asked questions by law enforcement. He was in a public park and had no expectation of privacy. He was never placed under arrest and was, at all times, free to leave, which Plaintiff does not dispute. "The key question is whether a reasonable person can "terminate the encounter" with police" which Plaintiff admits he did stating in his brief "Mr. Myers exercised his 5th amendment right[3] and ended the investigation. . . Mr. Myers was allowed to leave without providing any personal information." (ECF No. 78 pgs 5 and 6). *Peery v. City of Miami*, 977 F.3d 1061, 1071 (11th Cir. 2020). A person who is told to leave one place but "remains free to go anywhere else that he wishes" can undoubtedly terminate his encounter. *Salmon v. Blesser,* 802 F.3d 249, 253 (2d Cir. 2015).

---

[3] Mr. Myers refers to his "5th Amendment right" which he incorrectly cites since the 5th Amendment does not apply to this case as discussed below.

3

With respect to the contact information used for the sole purpose of contacting Plaintiff to notify him of the trespass ban, Plaintiff has no reasonable expectation of privacy of his contact information such that the use of it constituted a "search" under the Fourth Amendment. *United States v. Jacobsen*, 466 U.S. 109, 113 (1984). Mr. Myers' contact information was already stored in the County's Record Management System due to previous encounters he had with the Newaygo County Sheriff's Office. (**Exhibit A**, Responses to Interrogatories, at ¶s 22 and 23). Accordingly, his Fourth Amendment claims lack merit and should be dismissed.

### C. Fifth Amendment

As previously argued, the Fifth Amendment does not apply to state or local governments. *Scott v. Clay County, Tenn.,* 205 F.3d 867, 873 n. 8 (6th Cir. 2000). Plaintiff does not dispute that the County is a local government. Accordingly, this claim should be dismissed.

### D. Fourteenth Amendment

Again, Plaintiff makes no effort to put forth any disputed material facts as to why his Fourteenth Amendment claim should be upheld. His argument relies solely on the legal premise that he has a protected liberty interest in a traditional public forum stating that, "[t]his court was flat out wrong" and that he "looks forward to the 6th circuit overturning all of this courts[sic] incorrect decisions." (ECF No. 78). Again, this Court already correctly concluded, and Defendants briefed at length, that access to a County park is not a liberty interest or a fundamental right. Plaintiff's Fourteenth Amendment claim should be dismissed.

### CONCLUSION

For the reasons set forth above, Defendants seek entry of an Order granting this Motion and dismissing Plaintiff's' claims with prejudice.

Respectfully submitted,

Dated: June 20, 2023                      By: /s/Leslie A. Dickinson_____
                                                Michael D. Homier (P60318)

Leslie A. Dickinson (P78850)
Foster Swift Collins & Smith, PC
1700 E Beltline Ave Suite 200
(616) 726-2200
labdoo@fosterswift.com
Counsel for Defendants
