UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

L<small>ANE</small> M<small>YERS</small>,

   Plaintiff,            Hon. Paul L. Maloney

v.                  Case No. 1:22-cv-748

C<small>HRISTOPHER</small> W<small>REN</small>, et al.,

   Defendants.

_____/

## REPORT AND RECOMMENDATION

This matter is before the Court on Defendants' Motion for Summary Judgment. (ECF No. 74). Pursuant to 28 U.S.C. § 636(b)(1)(B), the undersigned recommends that Defendants' motion be granted and this action terminated.

## BACKGROUND

This case arises out of an incident that occurred on August 5, 2022, on the Dragon Trail at a Newaygo County Park. Plaintiff and Defendants present different versions of the incident. Plaintiff alleges that, while riding his bicycle on the trail, he encountered Mr. Ethan Wright, another bicycler, on the trail. Mr. Wright was riding an electric bicycle, or "e-bike," and Plaintiff argues that e-bikes are not permitted on Newaygo County Parks and Recreation Commission-owned property. As Plaintiff was coming around a corner toward Mr. Wright, Plaintiff asserts that Mr. Wright was not operating his e-bike under control, which forced both Plaintiff and Mr. Wright to swerve

-1-

off the trail and fall off their bikes. Plaintiff then "informed" Mr. Wright that e-bikes are not permitted on the trail, and he pointed to signs indicating that only non-motorized vehicles are permitted on the trail. Mr. Wright responded that "it does not matter what [Plaintiff] say[s], or the signs, and that he would continue to ride the [e-bike] on the trail."

After their initial conversation, Plaintiff alleges that he and Mr. Wright both continued with their rides on the Dragon Trail. Plaintiff eventually encountered Mr. Wright again somewhere near the Sandy Beach Park, and Mr. Wright stated, "Where are you going[?] [T]he police are on their way." Defendant Deputy Freriks of the Newaygo County Sheriff's Department, along with Deputy Kalinowski, subsequently arrived at the scene to investigate. Plaintiff informed Deputy Freriks of Mr. Wright's alleged violation of the Newaygo County Park Ordinance prohibiting motor vehicles on county trails, but Deputy Freriks indicated that he would not be enforcing any violation and that Plaintiff was "free to go."

Defendants describe the events that took place at the Dragon Trail on August 5, 2022, quite differently. Defendants do not allege that Plaintiff and Mr. Wright had to swerve off the trail due to Mr. Wright's reckless operation of his e-bike. Rather, Defendants allege that Plaintiff approached Mr. Wright and immediately began yelling at Mr. Wright that e-bikes are not allowed on the trail. Defendants assert that "Mr. Wright was taken aback by Plaintiff's hostility over a relatively minor manner," and because he was out in the woods all alone, he was concerned for his safety and proceeded

-2-

down the trail to get away from Plaintiff. According to Defendants, Plaintiff chased Mr. Wright for five miles down the trail while berating him. At some point during this chase, Mr. Wright called the police.

Defendants also allege that Mr. Wright eventually arrived at the Sandy Beach County Park office "afraid, upset, and in tears," and informed Park Manager Theresa Bailey that Plaintiff was chasing him and that he had called the police. According to Ms. Bailey's written report following the incident, she then contacted Defendant Smith to inform him of the incident and Plaintiff's behavior. While waiting for the police to arrive, Ms. Bailey further asserts that Plaintiff began yelling and swearing at her and Mr. Wright. Plaintiff allegedly told Ms. Bailey, "[T]hat fucking idiot [Mr. Wright] on the fucking e-bike needs a ticket now" and that he should "stay the fuck off of our trail." When Deputies Freriks and Kalinowski arrived at the scene, they deescalated the situation. Plaintiff apparently refused to provide his name to the deputies for their report, stating, "I don't have to give you anything."

The parties appear to agree on the following facts. Later that day, Plaintiff received a phone call from Defendant Nicholas Smith, the Director of Parks and Recreation for Newaygo County, who informed Plaintiff that, based on his conduct on the Dragon Trail earlier that day, he was prohibited from entering all Newaygo County Parks. Plaintiff asserts that he asked for a hearing, but he was denied. Four days later, Plaintiff received a letter from Defendant Smith on behalf of the Newaygo County Park & Recreation Commission "reiterating" that Plaintiff may not enter any propertied

owned or operated by the Commission. It further explained that, on August 5, 2022, Plaintiff violated Newaygo County Parks Ordinance #01/2020 Section 18 b & c (the "Ordinance"), which states:

Section 18: Personal Conduct

No person shall:

> b. Engage in any violent, abusive, loud, boisterous, vulgar, lewd, wanton, obscene, or otherwise disorderly conduct tending to create a breach of the peace, or disturb or annoy others, while on any Commission property.
>
> c. Interact in a violent, abusive, loud, boisterous, vulgar, lewd, wanton, obscene, or otherwise disorderly manner towards Commission Staff, park customers, or other members of the public on Commission property.

The August 5th Letter finally stated that, if Plaintiff entered Commission-owned property, "it will be considered trespassing, law enforcement will be contacted, and you will be prosecuted."

Plaintiff alleges that Defendants violated his rights under the First, Fourth, Fifth, and Fourteenth Amendments. The Court previously denied Plaintiff's motions for a temporary restraining order and preliminary injunction. (ECF No. 7, 61). Defendants now move for summary judgment. Plaintiff has responded to the motion. The Court finds that oral argument is unnecessary. *See* W.D. Mich. LCivR 7.2(d).

## SUMMARY JUDGMENT STANDARD

Summary judgment "shall" be granted "if the movant shows that there is no genuine dispute as to any material fact and the movant is entitled to judgment as a matter of law." Fed. R. Civ. P. 56(a). Whether a fact is "material" depends on "whether

-4-

its resolution might affect the outcome of the case." *Harden v. Hillman*, 993 F.3d 465, 474 (6th Cir. 2021).

A party moving for summary judgment can satisfy its burden by demonstrating that the non-moving party, "having had sufficient opportunity for discovery, has no evidence to support an essential element of his or her case." *Minadeo v. ICI Paints*, 398 F.3d 751, 761 (6th Cir. 2005). Once the moving party makes this showing, the non-moving party "must identify specific facts that can be established by admissible evidence, which demonstrate a genuine issue for trial." *Amini v. Oberlin College*, 440 F.3d 350, 357 (6th Cir. 2006). The existence of a mere "scintilla of evidence" in support of the non-moving party's position, however, is insufficient. *Daniels v. Woodside*, 396 F.3d 730, 734-35 (6th Cir. 2005).

While the Court must view the evidence in the light most favorable to the non-moving party, that party "must do more than simply show that there is some metaphysical doubt as to the material facts." *Amini*, 440 F.3d at 357. The non-moving party "may not rest upon [his] mere allegations," but must instead present "significant probative evidence" establishing that "there is a genuine issue for trial." *Pack v. Damon Corp.*, 434 F.3d 810, 813-14 (6th Cir. 2006). Likewise, the non-moving party cannot merely "recite the incantation, 'credibility,' and have a trial on the hope that a jury may disbelieve factually uncontested proof." *Fogerty v. MGM Group Holdings Corp., Inc.*, 379 F.3d 348, 353-54 (6th Cir. 2004).

Accordingly, summary judgment is appropriate "against a party who fails to make a showing sufficient to establish the existence of an element essential to that party's case, and on which that party will bear the burden of proof at trial." *Daniels*, 396 F.3d at 735. Stated differently, the "ultimate question is whether the evidence presents a sufficient factual disagreement to require submission of the case to the jury, or whether the evidence is so one-sided that the moving parties should prevail as a matter of law." *Harden*, 993 F.3d at 474.

## ANALYSIS

### I. First Amendment

Following Plaintiff's incident with Mr. Wright, the Newaygo County Park & Recreation Commission issued an order prohibiting Plaintiff from entering any property owned or operated by the Commission. The Commission's decision was premised on its conclusion that Plaintiff violated Section 18 (Personal Conduct) of the Newaygo County Parks Ordinance dated January 2020. Plaintiff asserts that the Ordinance on which the Commission's decision rested violates his First Amendment right to free speech and expression.

When challenge is made to government regulation restricting or prohibiting speech or expression, the Court must first determine the level of scrutiny to be applied to the challenged regulation. *See, e.g., Déjà vu of Nashville, Inc. v. Metropolitan Government of Nashville and Davidson County, Tennessee*, 274 F.3d 377, 391 (6th Cir. 2001). In this context, this question turns on whether the Ordinance is deemed "content

based" or "content neutral." *Ibid*. The Court has already determined that the Ordinance is content-neutral. (ECF No. 61, PageID.842-44). As such, the challenged ordinance is subject to intermediate scrutiny. *See Perry Education Assn. v. Perry Local Educators' Assn.*, 460 U.S. 37, 45 (1983).

Under intermediate scrutiny, a content-neutral ordinance will survive challenge if it satisfies three elements: (1) it furthers an "important or substantial" government interest; (2) the governmental interest is unrelated to the suppression of free expression; and (3) the restriction on First Amendment rights is no greater than is essential to the furtherance of that interest. *United States v. O'Brien*, 391 U.S. 367, 377 (1968).

As the Supreme Court has recognized, the government possesses a "substantial interest in maintaining the parks. . ." *Clark v. Community for Creative Non-Violence*, 468 U.S. 288, 296 (1984); *see also, Ward v. Rock Against Racism*, 491 U.S. 781, 796 (1989) (same). The government's interest, as expressed through its content neutral ordinance, is unrelated to the suppression of free expression. Finally, as the Court previously observed, the ordinance imposes only an "incidental burden on free speech and expression" and "leaves open numerous alternative channels of communication." (ECF No. 61, PageID.846).

In sum, the challenged ordinance easily survives intermediate scrutiny. Accordingly, the undersigned recommends that Defendants are entitled to summary judgment as to Plaintiff's First Amendment claim.

## II. Fourteenth Amendment

Plaintiff next alleges that Defendants violated his Fourteenth Amendment procedural and substantive due process rights.

### A. Procedural Due Process

Procedural due process protects individuals "from deficient procedures that lead to the deprivation of cognizable [property] interests." *Schulkers v. Kammer*, 955 F.3d 520, 545 (6th Cir. 2020) (citations omitted). To prevail on this claim, Plaintiff must demonstrate that (1) he was deprived of a cognizable property interest, and (2) the deprivation occurred without adequate procedural protections. *Ibid.*

Property interests protected by the Fourteenth Amendment are not created by the Constitution but rather by independent sources such as state law. *See, e.g., Top Flight Entertainment, Ltd. V. Schuette*, 729 F.3d 623, 632 (6th Cir. 2013). Cognizable property interests must be based on more than a mere "abstract need or desire" or a "unilateral expectation" for something. The individual "must instead have a legitimate claim of entitlement to it." *Ibid.*

As the Court noted when denying Plaintiff's motion for temporary restraining order, "[i]n order to be entitled to procedural due process protections, Plaintiff must prove that the benefit he is allegedly being deprived of – access to the Newaygo County Parks – is a property interest created by state law." (ECF No. 7, PageID.33). The burden rests with Plaintiff to identify authority establishing that access to the Newaygo County Parks constitutes a protected property interest. *See, e.g., Paterek v. Village of*

*Armada, Michigan*, 801 F.3d 630, 649 (6th Cir. 2015); *EJS Properties, LLC v. City of Toledo*, 698 F.3d 845, 855 (6th Cir. 2012). As the Court previously observed, "Plaintiff has provided no authority showing that he has a protected property interest in using Newaygo County Parks." (ECF No. 7, PageID.33). Plaintiff has still failed to identify any such authority. Accordingly, the undersigned recommends that as to Plaintiff's procedural due process claim, Defendants are entitled to summary judgment.

    B.    Substantive Due Process

Plaintiff alleges that Defendants violated his right to substantive due process by unreasonably depriving him of his liberty interest in free speech and expression. To state a claim for violation of his substantive due process rights, Plaintiff must "demonstrate a deprivation of a constitutionally protected liberty or property interest." *Parrino v. Price*, 869 F.3d 392, 397 (6th Cir. 2017).

The rights guaranteed by the First Amendment are considered to be "within the liberty safeguarded by the Due Process Clause of the Fourteenth Amendment from invasion by state action." *Joseph Burstyn, Inc. v. Wilson,* 343 U.S. 495, 500 (1952). As discussed above, however, Plaintiff's First Amendment rights have not been violated. As such, his substantive due process claim fails. Accordingly, the undersigned recommends that Defendants are entitled to summary judgment on this claim.

## III. Fourth Amendment

Plaintiff asserts that his Fourth Amendment "right to privacy from governmental intrusion" was violated. The Fourth Amendment protects against unreasonable

searches and seizures. U.S. Const., amend. IV. Plaintiff has presented no evidence that he was subjected to a search or seizure by Defendants or anybody acting at their behest. The Fourth Amendment also prohibits the issuance of search warrants in the absence of probable cause. *Id.* Again, Plaintiff has presented no evidence that Defendants violated this protection. Finally, the Fourth Amendment also encompasses claims for malicious prosecution. *See, e.g., Johnson v. Moseley*, 790 F.3d 649, 654 (6th Cir. 2015). Any such claim fails, however, as Plaintiff has failed to present evidence that he was criminally prosecuted, without probable cause, and that such prosecution was resolved in Plaintiff's favor. *Ibid.* Accordingly, the undersigned recommends that Defendants are entitled to summary judgment on Plaintiff's Fourth Amendment claims.

## IV.   Fifth Amendment

Finally, Plaintiff asserts that his Fifth Amendment "right to privacy from governmental intrusion" was violated. It is well established that the "Fifth Amendment's due process clause only applies to the federal government." *Bingue v. Prunchak*, 512 F.3d 1169, 1174 (6th Cir. 2008) (citation omitted). Plaintiff has presented no evidence that Defendants' actions can be attributed to the federal government. Accordingly, this claim fails. The undersigned recommends, therefore, that Defendants are entitled to summary judgment as to this claim.

## CONCLUSION

For the reasons articulated herein, the undersigned recommends that Defendants' Motion for Summary Judgment (ECF No. 74) be granted and this action terminated. For the same reasons the undersigned makes this recommendation, the undersigned finds that an appeal of such would be frivolous. *Coppedge v. United States*, 369 U.S. 438, 445 (1962). Accordingly, the undersigned further recommends that an appeal of this matter by Plaintiff would not be in good faith.

OBJECTIONS to this Report and Recommendation must be filed with the Clerk of Court within fourteen days of the date of service of this notice. 28 U.S.C. § 636(b)(1)(C). Failure to file objections within the specified time waives the right to appeal the District Court's order. *See Thomas v. Arn*, 474 U.S. 140 (1985); *United States v. Walters*, 638 F.2d 947 (6th Cir.1981).

Respectfully submitted,

Date: August 2, 2023            /s/ Phillip J. Green
                                PHILLIP J. GREEN
                                United States Magistrate Judge