IN THE UNITED STATES DISTRICT COURT

FOR THE WESTERN DISTRICT OF MICHIGAN

SOUTHERN DIVISION

| | |
|---|---|
| Lane Myers,<br><br>　　　　　Plaintiff,<br><br>v.<br><br>Christopher Wren, et al.,<br><br>　　　　　Defendants. | No. 1:22-CV-00748<br>Hon. Judge Paul Maloney<br>**Plaintiff Brief to support Objections** |

**Plaintiff Brief to support Objections**

**Objection 1: The courts material facts analysis**

　　　Starting with the courts analysis of the parties filings of material fact, it becomes immediately apparent that this court made absolutely no attempt to properly analyze the material facts and instead just repeated its previous statements in regards to the facts of this case. This court has an obligation to analyze the actual filings by both parties. Not just paraphrase, or make broad implications without reference. Mr. Myers filed an extensive amount of objective evidence in the form of videos, recordings, scientific data, and statements from the defendants. This court made absolutely no reference to any of this unbiased, objective evidence of there being a genuine dispute of material fact. Did this court even watch the videos? Read the exhibits? Draw its conclusions based on the actual evidence presented or just simply repeat previous statements of fact? This analysis does not meet the standard required by Rule 56 of the Federal Rules of Civil Procedure. This is clear error, and the material facts presented by the parties must be properly analyzed and cited in the courts analysis of the material facts. This court did not even make an

attempt to analyze the actual evidence presented and state its findings. The District Court must now hold itself accountable and start correcting these glaring mistakes in the Report and Recommendation. There is clearly a dispute of material fact and Mr. Myers presented overwhelming objective evidence to back up his statements that he did not violate any Newaygo County Park Ordinances and his ban from the park was nothing more than retaliation for his protected speech. Mr. Myers has presented undisputable GPS evidence that shows his speed and location during the time in question with Ethan Wright. It would not be humanely possible for any human on planet earth to ride their non motorized bicycle at the speeds Ethan Wright traveled at on his motorized bicycle. Any allegation that Mr. Myers chased Ethan Wright for over 5 miles while berating him is not supported by the evidence or objective human reality. Its like saying Mr. Myers was flying in a UFO. Completely made up. The faster this court realizes that Ethan Wright is a lying sack of shit who got caught breaking the law, and instead of being held accountable he fabricated a story about how Mr. Myers chased him and yelled at him. Except this is not based in reality, it only happened in Ethan Wrights delusional mind, and he emotionally manipulated the defendants into banning Mr. Myers without the required Due Process in a court of law through enforcement of an unconstitutional park ordinance. If Mr. Myers chased and threatened Ethan Wright for 5 miles, then he should have been issued a citation to appear in front of the Newaygo County Magistrate for committing a crime. Mr. Myers has been punished and banned from Newaygo County traditional public forums as if he has been convicted of a crime, but has not received Due Process. These are the material facts, and they are clearly disputed. This court has clearly not even made any effort to examine the evidence or it would reach the same conclusion. That Mr. Myers has been denied Due Process before losing his 1st amendment protected Liberty interest in accessing traditional public forums in Newaygo County. Newaygo County absolutely can ban Mr. Myers from accessing the parks for his behavior, only as a punishment for being convicted of violating a Newaygo County Ordinance in a court of law though. That's the whole point of Due Process, to prevent arbitrary punishments resulting in a loss of Liberty interests. Its patently obvious from the objective physical evidence that Mr. Myers did not chase or threaten Ethan Wright in any way, shape, or form. Which is exactly why Mr. Myers did not receive a citation to appear in Newaygo County court, because there was absolutely no evidence to support these ridiculous allegations by Ethan Wright. The video evidence clearly shows that defendants and other Newaygo County officials retaliated and

banned Mr. Myers for exercising his 1st amendment rights. Because of the clear dispute of material facts defendants Motion for Summary Judgement must be denied, unless this court wants to get reversed by the Sixth Circuit.

### Objection 2: The courts incorrect 14th amendment analysis

Continuing the theme of incorrect legal analysis, this court has once again failed to understand the basic concept of procedural Due Process. This court has once again ignored Mr. Myers actual legal filings and arguments and has instead resorted to gaslighting Mr. Myers by attempting to tell him what his filings say, not analyze what they actually say. Is this court not capable of reading a filing and analyzing it? That's what law clerks get paid to do. Research. Mr. Myers has from the absolute first filing in this case (ECF1) claimed that his 1st amendment protected Liberty interests in accessing a traditional public forum were taken away, without procedural Due Process by Newaygo County Officials, as required by the Due Process Clause of the 14th amendment. In 6 filings with this court Mr. Myers has articulated the deprivation of his protected Liberty interests without procedural Due Process as required. Mr. Myers Original Complaint, TRO/Motion for Preliminary Injunction, Brief in Support of Preliminary Injunction, Motion for Clarification, Amended Complaint, as well as his Brief in Response to Defendants Motion for Summary Judgement, all listed below, detail very precisely that he is claiming a violation of his protected Liberty interests, and not a violation of any property interests as this court continues to aver.

"Original Complaint-

II. Basis for Jurisdiction

B.

1) 14th Amendment - procedural due process violation of my liberty interest in free expression

2) 1st Amendment - substantive violation of my rights to free speech, assembly, and access to public lands

3) 4th and 5th Amendment - substantive violation of my right to privacy from governmental intrusion"(ECF 1)

"TRO/Motion for Preliminary Injunction-

2. Following that conversation, I received a phone call from Nicholas Smith, Director of Newaygo County Parks and Recreation, during which he stated that I was banned from all Newaygo County parks. Several days later I received the attached Letter stating that I was banned. I did not receive procedural due process (notice, an opportunity to be heard, and an impartial tribunal) before being prohibited from entering Newaygo County parks. Further details of these conversations and events are set forth in my Complaint.

3. By banning me from Newaygo County parks without due process, Defendants Smith and Wren are violating my 14th Amendment right not to be deprived of the liberties of freedom of expression and access to public fora without due process. *See Joseph Burstyn, Inc. v. Wilson*, 343 U.S. 495, 500 (1952) (free speech is "within the liberty safeguarded by the Due Process Clause of the Fourteenth Amendment from invasion by state action.") Defendants Smith and Wren are also violating my substantive 1st Amendment rights to free expression and access to the park, a traditional public forum."(ECF 4)

"Brief in support of Motion for Preliminary Injunction-

The Court denied Plaintiff's TRO on August 2022 (ECF7). In the ruling denying the TRO, the Court analyzed Plaintiff's claims under a theory that he was asserting a violation of his property rights to the Park. However, it appears that the Court may have misunderstood Plaintiff's claim. Plaintiff is not claiming a violation of his property rights. Plaintiff is claiming a violation of his Liberty rights, which include the right to use protected speech and assemble, in a traditional public forum. The highest level of scrutiny is required in order to take away these rights. Plaintiff stands by his arguments in his TRO, and Motion for Preliminary Injunction he filed August 16 th , 2022 (ECF4). Plaintiff will continue to argue his Liberty Rights that are protected by Due Process are being violated by the initial and continued enforcement of the Park Ordinance. This enforcement irreparably harms Plaintiff."(ECF 43)

" Motion for Clarification-

The Court, in denying Plaintiff's TRO, cited that Plaintiff had no protected property interest in Newaygo County Parks and therefore his ban did not create irreparable harm.

The Court erred in its ruling and subsequent briefing because Plaintiff has never, and will never, claim a protected property interest in a public park. What Plaintiff does claim is a protected liberty interest in traditional public forums, which requires strict scrutiny to take away.

Denial of Plaintiff's First Amendment liberty interests constitutes irreparable harm. Plaintiff now seeks clarification on why his TRO was denied on the grounds that he had no property interests in Newaygo County parks, no irreparable harm, and his case was not likely to succeed on its merits, when he filed a claim alleging violations not of property interests, but of liberty interests? Plaintiff seeks clarification on why the court cited cases that support Plaintiff's liberty claims and then used them to deny his "property claims"? Plaintiff seeks clarification why the court indicated that Plaintiff did not give notice of ex parte TRO when Plaintiff clearly gave notice of ex parte TRO? Plaintiff seeks clarification of these errors by the Court to better understand the Court's position when it denied Plaintiffs TRO. Why did the Court refer to property interests when Plaintiff did not make a single reference to property interests?"(ECF 48)

"Amended Complaint-

Federal claims

9.  Procedural and Substantive Fourteenth Amendment Due Process Clause 1983

COUNT NINE

Violation Fourteenth Amendment Due Process Clause

**42 U.S.C. 1983**

**(Newaygo County, All individual Defendants)**

The foregoing paragraphs are incorporated as if fully set forth herein.
Defendants' creation of Newaygo County Park Ordinance 01/2020 Rule 18(b)(c) creates a law that takes away constitutionally protected rights without the opportunity for Due Process. Newaygo County Park Ordinance 01/2020 Rule 18(b)(c) itself violates the 14th Amendment for vagueness.

- When a law does not specifically enumerate the practices that are either required or prohibited. In this case, the ordinary citizen does not know what the law requires. See also *Coates v. City of Cincinnati* (1971) and *FCC v. Fox Television Stations, Inc* (2012).

Defendants' initial, and continued enforcement of Newaygo County Park Ordinance 01/2020 Rule 18(b)(c) against Plaintiff, violates the 14th amendment due process clause in the following ways

1. For the deprivation of Liberty rights of free speech, right to assembly, right to petition.

2. Reverse incorporation applied 5th amendment right to be free from self incrimination in quasi criminal prosecutions

3. 4th amendment right to unreasonable searches and seizures

4. 6th amendment Confrontation Clause

5. 14th Amendment Equal Protection Clause

These violations from Defendants violated Plaintiffs 14th Amendment Rights under the Due Process Clause, as well as for vagueness of Newaygo County Park Ordinance 01/2020 Rule 18(b)(c) for not passing constitutional scrutiny on its face.

Defendants all acted under the color of state as defined by Section 1983."(ECF 37)

"Motion for Summary Judgement response-

Argument 6: Defendants Fourteenth Amendment argument

"Plaintiff's Fourteenth Amendment Claim Fails as A Matter Of Law. Plaintiff's Fourteenth Amendment claim seems to allege that he has been banned from County Parks without due process of law. While the Fourteenth Amendment prohibits states from depriving any person of life, liberty, or property without due process of the law, such protected property interests "are 15 not by the Constitution. Rather, they are created, and their dimensions are defined by, an independent source such as state statutes or rules entitling the citizen to certain benefits." Goss v. Lopez, 419 U.S. 565 (1975) (quoting Bd. of Regents v. Roth, 408 U.S. 564, 577 (1972)). To be entitled to procedural due process protections, Plaintiff must prove that the benefit he is allegedly being deprived of— access to the Newaygo County Parks—is a property interest created by state law. To have a property interest in something, as required to allege a violation of the Due Process Clause of the Fourteenth Amendment based on its deprivation, a person clearly must have more than an abstract need or desire for it, and he must have more than a unilateral expectation of it; he must, instead, have a legitimate claim of entitlement to it. Bd. of Regents of State Colls. v. Roth, 408 U.S. 564, 577 (1972). Here, as a matter of law, Plaintiff does not have a protected property interest in using Newaygo County Parks. There is no Michigan state law

creating a protected property interest in accessing county parks. In fact, the County and Regional Parks Act permits counties to adopt, amend, or repeal rules for the protection, regulation, and control of its facilities and areas, such as the Ordinance that Plaintiff violated. MCL 46.364(1). Without a protected property interest, Plaintiff's Fourteenth Amendment claim fails." (ECF 75 pg. 14-15)

 Mr. Myers has not claimed that he has a property interest in access to Newaygo County traditional public forums. He has claimed that he has a 1st amendment liberty interest in access to traditional public forums. Liberty interests are a 1st amendment right, to take those away from someone it requires Due Process. Mr. Myers is being deprived access to Newaygo County traditional public forums in retaliation for his protected speech. There is no question that there is a dispute of material fact……

 "Plaintiff has insisted that he has a "liberty interest in a traditional public forum" and that "enforcement of the ordinance against Mr. Myers without Due Process is a violation of Mr. Myers [sic] 14th Amendment rights." (ECF No. 14.) As the Court correctly stated, "[a]ccess to a county park is not a fundamental right, deeply rooted in this Nation's history and tradition, in which one possesses a liberty interest." (ECF No. 61 PageID #847.) See Moore v. City of East Cleveland, 431 U.S. 494, 503 (1977). Plaintiff therefore does not have a "liberty interest" in access to Newaygo County Parks, so his procedural due process claim fails. With regard to Plaintiff's substantive due process claim, Plaintiff cannot prevail because he has not shown a violation of his First Amendment rights, and thus his liberty interests in free speech and expression are not impacted. (ECF No. 61, PageID #848.) See Neinast v. Bd. Of Trs. Of Columbus Metro. Library, 190 F. Supp. 2d 1040, 1048 (S.D. Ohio 2002). Therefore, Plaintiff's constitutional claims should be dismissed in their entirety." (ECF 75 pg. 15) Continuing the trend throughout this litigation, defendants once again make incorrect legal arguments in regard to Mr. Myers protected liberty interests in a traditional public forum. The defendants rely on this court's incorrect legal conclusions as the basis for their argument. This court was flat out wrong in its conclusion that access to a traditional public forum is not a liberty interest. This conclusion is clearly contrary to all established case law. Hague vs CIO and every case since has concluded that access to traditional public forums is a protected liberty interest. "Wherever the title of streets and parks may rest, they have immemorially been held in trust for the use of the public and, time out of mind, have been used for purposes of assembly, communicating thoughts

between citizens, and discussing public questions. Such use of the streets and public places has, from ancient times, been a part of the privileges, immunities, rights, and liberties of citizens." (Hague vs CIO June 5, 1939 307 U.S. 496 page 515) The case law that this court cited, Cleveland vs Moore has no relevance in this case. This courts incorrect legal conclusions when denying Mr. Myers' motion for preliminary injunction, and motion for leave to amend complaint are currently being appealed in the 6th circuit court. Mr. Myers is absolutely correct in his legal arguments; therefore, he looks forward to the 6th Circuit overturning all this courts incorrect decisions. Defendants' reliance on this courts incorrect conclusions means that their arguments fail as a matter of law, and there is clearly a dispute of material fact." (ECF 78)

Yet for some unexplainable reason this court has continued to completely ignore Mr. Myers actual filings and statements and make up their own. Mr. Myers even attempted to clarify why this court was talking about property interests instead of Liberty interests and was told he doesn't understand the difference between the two. That's condescending and outlandish because this court clearly doesn't understand how procedural Due Process works, or what a protected Liberty interest is.  Access to the park is a fundamental 1st amendment protected liberty interest. As Hague vs CIO and thousands of cases have concluded since. "Wherever the title of streets and parks may rest, they have immemorially been held in trust for the use of the public and, time out of mind, have been used for purposes of assembly, communicating thoughts between citizens, and discussing public questions. Such use of the streets and public places has, from ancient times, been a part of the privileges, immunities, rights, and liberties of citizens." (Hague vs CIO June 5, 1939 307 U.S. 496 page 515)

So step one of analyzing Mr. Myers 14th amendment procedural Due Process claim is to determine does Mr. Myers have a 1st amendment protected Liberty interest in accessing Newaygo County Parks and Trails. The answer is unequivocally YES. As determined by 100 years of case law and court rulings supporting this. Access to streets, sidewalks, and parks is a protected 1st amendment Liberty interest.

Now that it has been determined that Mr. Myers has a protected 1st amendment Liberty interest in accessing Newaygo County Parks, the court must determine if Mr. Myers access to Newaygo County Parks was denied or revoked through procedural Due Process, as guaranteed by the 14th amendment when taking away Mr. Myers protected liberty interest. It does not matter

what Mr. Myers is accused of doing that led to his ban, he is guaranteed a citation and appearance in court if he is accused of breaking a Newaygo County Park Ordinance which is a misdemeanor crime. If Mr. Myers has not been convicted of a crime while accessing Newaygo County Parks in a court of law, the defendants can not revoke or deny Mr. Myers right to access Newaygo County traditional public forums. Because it is his 1st amendment right to access those traditional public forums. Mr. Myers has not been issued a citation for any of his alleged behavior at the park that led to his ban. Mr. Myers has not received a hearing by the Newaygo County Officials who wish to deny or revoke Mr. Myers access to Newaygo County Parks, a traditional public forum, with access protected by the 1st amendment. Even if Mr. Myers was accused of murdering Ethan Wright he could not be banned from Newaygo County Parks without procedural Due Process in a court of law.

      The fact that this court can not understand this basic principle that they teach in the first year of law school is an absolute embarrassment to all lawyers and judges. Mr. Myers clearly has a 14th amendment procedural Due Process claim because he had his access to Newaygo County Parks, a traditional public forum, revoked or denied, through the arbitrary process of a letter in the mail and no opportunity to be heard by Newaygo County Officials. It is not this courts place to determine if Mr. Myers chased Ethan Wright because that should have been decided in a Newaygo County court to determine if Mr. Myers was guilty of violating Newaygo County Ordinance #02/2020 Rule 18(B)(C) which is considered a misdemeanor under Michigan State law. If what Mr. Myers is alleged to have done is so severe he is banned from the park, then he should be given a hearing in Newaygo County to present evidence to a judge to show his innocence. Or he has been accused of, and punished for, a misdemeanor crime resulting in the loss of his 1st amendment protected Liberty interest in accessing Newaygo County Parks, without procedural Due Process.

      Moving on to Mr. Myers substantive Due Process claim, because access to Newaygo County Parks is a 1st amendment protected liberty interest, Mr. Myers also has a substantive 14th amendment substantive Due Process claim. This court has failed to properly analyze this from the very beginning and has had multiple opportunities to hold itself accountable for mistakes it made in its analysis in earlier filings. Instead this court has chosen to just give circular logic repeating back to its own statements and not actually referring to anything Mr. Myers filed with

this court. That is called cognitive dissonance, and this court is embarrassing itself.  Because Mr. Myers has both a procedural and substantive 14th amendment Due Process Clause claim, this claim has merit and defendants motion for summary judgment must be denied. Or the court can continue to waste everyone's time only to be overturned by the Sixth Circuit upon appeal.

### Objection 3: Courts incorrect 1st Amendment analysis

Moving to the courts continuing incorrect 1st Amendment analysis of Mr. Myers claims, we once again see the lack of basic understanding by this court. These are very basic 1st amendment arguments not rocket science. As lawyers and judges of this court you should know how the 1st amendment works because you all swore an oath to uphold it, and gave up some of your protected Liberty interests as a condition of employment with this court. This court should have a full and complete grasp of how the 1st amendment works. It appears that is lacking in this case and this court has failed to even attempt to properly analyze Mr. Myers actual legal filings and instead chose to redundantly repeat the same incorrect analysis it has used throughout this litigation. This court is just causing itself more work when it gets overturned on appeal.

It is shocking that this court doesn't understand something a simple as the Public Forum Doctrine established almost 100 years ago. "Forum analysis requires a court first to categorize a location (or forum) to which a speaker seeks access for the purpose of expressive activity, and then to analyze the government's restriction on speech against the constitutional standard that governs in that forum." Agema v. City of Allegan, 826 F.3d 326, 335 (6th Cir. 2016) (Merritt, J., dissenting in part) (citation and internal quotation marks omitted). Courts recognize four types of fora: (1) the traditional public forum, (2) the designated public forum, (3) the limited public forum, and (4) the nonpublic forum. Miller v. City of Cincinnati, 622 F.3d 524, 534–36 (6th Cir. 2010). Restrictions on speech in traditional or designated public fora receive strict scrutiny, which means they must be "necessary to serve a compelling state interest" and "narrowly drawn to achieve that interest." Id. at 534 "

When the government attempts to regulate speech and expression on property that has been designated a public forum. The first question that must be answered is what type of forum has the space that the Ordinance applies to been designated as. This is how the Public Forum Doctrine works. There are 3 types of forums to analyze, traditional public forums, designated public forums, and limited public forums. Streets, sidewalks, and parks are considered traditional public forums for 1st amendment protected Liberty interest purposes. Therefore Newaygo County Park Ordinance 2020, which applies to speech and expression in Newaygo County Parks, is a regulation in a traditional public forum. The defendants even admit it regulates speech, so there

should be no question whether Newaygo County Park Ordinance 2020 is attempting to regulate speech and expression in a traditional public forum.

Once the court determines the type of forum that is affected by the regulation on speech and expression for 1st amendment purposes, it then determines the level of scrutiny to apply. Because the ordinance is a content based restriction, on protected speech and expression, in a traditional public forum, the Ordinance must pass strict scrutiny, the highest level of scrutiny. The ordinance can not regulate the content of protected speech without a compelling government interest. Because Newaygo County Park Ordinance #02/2020 regulates speech in a traditional public forum, Newaygo County Parks, a place where the strongest 1st amendment protections apply, Newaygo County officials can not show a compelling government interest in banning Mr. Myers or anyone for the content of their speech. Unless that speech reaches the level of unprotected speech, which Mr. Myers speech did not.

The defendants have not even attempted to argue that Newaygo County Park Ordinance #02/2020 passes strict scrutiny, they have based all their arguments around the ordinance passing intermediate scrutiny, the improper standard of analysis for the ordinance in question. This court has also embarrassed itself multiple times by failing to apply the proper analysis of the Public Forum Doctrine, as well as the required level of scrutiny in a traditional public forum, and continues to refer to its decisions in the denial of Mr. Myers TRO, and not the standards required under Rule 56. Both the defendants and the court are wrong and Mr. Myers 1st amendment claim has merit. Therefore, the defendants motion for summary judgment on this claim must be denied. Failure to deny this claim will result in appeal to the Sixth Circuit. Wasting more of everyone's time to reach conclusions this court should have reached a long time ago. Newaygo County Park Ordinance #02/2020 Rule 18 (B)(C) as applied to Mr. Myers is a 1st amendment violation of his protected liberty interests in free speech and expression in a traditional public forum, while also being unconstitutional on its face for being unconstitutionally vague, and leaving room for arbitrary enforcement without Due Process. Mr. Myers has provided numerous legal citations that the court has chosen to simply ignore, and instead decided to make up their own version of Mr. Myers arguments to support their inherent bias. Because Mr. Myers has a valid legal claim, and the court and defendants have not even come close to applying the proper standard of scrutiny, the defendants Motion for Summary Judgment must be denied. Failure to deny defendants motion will result in an appeal to the Sixth Circuit Court.

### Objection 4: Courts incorrect 4th amendment analysis

Moving to the courts incorrect analysis of Mr. Myers 4th amendment claim next, a further continuation of the court giving their version of what Mr. Myers claimed, instead of analyzing what Mr. Myers actually wrote.

This court stated..

"III. Fourth Amendment

Plaintiff asserts that his Fourth Amendment "right to privacy from governmental intrusion" was violated. The Fourth Amendment protects against unreasonable searches and seizures. U.S. Const., amend. IV. Plaintiff has presented no evidence that he was subjected to a search or seizure by Defendants or anybody acting at their behest. The Fourth Amendment also prohibits the issuance of search warrants in the absence of probable cause. Id. Again, Plaintiff has presented no evidence that Defendants violated this protection. Finally, the Fourth Amendment also encompasses claims for malicious prosecution. See, e.g., Johnson v. Moseley, 790 F.3d 649, 654 (6th Cir. 2015). Any such claim fails, however, as Plaintiff has failed to present evidence that he was criminally prosecuted, without probable cause, and that such prosecution was resolved in Plaintiff's favor. Ibid. Accordingly, the undersigned recommends that Defendants are entitled to summary judgment on Plaintiff's Fourth Amendment claims."

As anyone can see, what the court said, and what Mr. Myers said in his claim do not line up. Mr. Myers asserts that after the conclusion of the investigative detainment between Mr. Myers and Defendant Freriks and Deputy Kalinowski, Mr. Myers was allowed to leave because of the lack of reasonable suspicion or probable cause that Mr. Myers had violated State law or Newaygo County Park Ordinance 2020. Upon Mr. Myers leaving and without probable cause or a warrant, Defendants Freriks and Smith searched Mr. Myers personal information in the Newaygo County 911 database. Defendants Freriks and Smith had no legal grounds to search for Mr. Myers personal information because he was not accused of any crimes. The defendants then used this information obtained in their unlawful search to unlawfully ban Mr. Myers from Newaygo County Parks, a traditional public forum, in violation of his civil rights. This is a clear 4th amendment violation and the defendants motion for summary judgement must be denied on this claim. This court needs to analyze Mr. Myers actual claim, and not make up their own to

once again support their inherent bias against Mr. Myers. Mr. Myers will appeal to the Sixth Circuit if the court fails to deny defendants claim.

### Objection 5: Courts incorrect 5th Amendment analysis

Finally we discuss the courts incorrect 5th amendment analysis. The court again made up its version of what Mr. Myers said, instead of just analyzing Mr. Myers actual statements.

This court claims that… "IV. Fifth Amendment
Finally, Plaintiff asserts that his Fifth Amendment "right to privacy from governmental intrusion" was violated. It is well established that the "Fifth Amendment's due process clause only applies to the federal government." Bingue v. Prunchak, 512 F.3d 1169, 1174 (6th Cir. 2008) (citation omitted). Plaintiff has presented no evidence that Defendants' actions can be attributed to the federal government. Accordingly, this claim fails. The undersigned recommends, therefore, that Defendants are entitled to summary judgment as to this claim."

However, that's not what Mr. Myers has claimed in his filings. Mr. Myers alleges a violation of his 5th amendment right to be free from self incrimination because he ended the voluntary investigative detainment, without providing his name or personal information to the defendants. However, the defendants then violated Mr. Myers 5th amendment rights when they looked up Mr. Myers private information in the Newaygo County 911 system in violation of Mr. Myers civil rights. Because the defendants violated Mr. Myers 5th amendment rights, their Motion for Summary Judgment must be denied.

### Objection 6: Courts incorrect bad faith analysis

Mr. Myers now addresses this courts underhand attempts to interfere with Mr. Myers right to appeal because it has embarrassed itself throughout this litigation. If Mr. Myers claims are frivolous, and made in bad faith how did he reach the Summary Judgment stage of litigation proceedings? Why wasn't Mr. Myers complaint dismissed at screening? Because this court has been wrong with every decision it has made in this case doesn't mean Mr. Myers appeal is frivolous or in bad faith. Just because this court can not understand basic concepts like the 1st and 14th amendment, does not mean that Mr. Myers claims are frivolous or in bad faith. Just because this court has used circular logic and repeated its findings over and over instead of making independent analysis of each filing, doesn't mean Mr. Myers claim is in bad faith or frivolous.

Most importantly though, Mr. Myers already has an Interlocutory Appeal pending before the Sixth Circuit which will be reversing the denial of Mr. Myers Motion for Preliminary Injunction and Amended Complaint, and forcing this litigation to start over at the Rule 16 scheduling conference. Then this court will get to do the entire case over again and this time it will be required to do its job correctly. Mr. Myers expects this court to recuse itself from this case immediately upon reversal. This court has shown its implicit bias against Mr. Myers from the first filing in this case. This court analyzed Mr. Myers TRO in bad faith, denied Mr. Myers Motion for Preliminary Injunction despite there being a clear civil rights violation and irreparable harm. This court denied Mr. Myers amended complaint after giving him the right to amend his complaint under Rule 16, which is bad faith. This court recommends granting the defendants motion for Summary Judgment despite there being overwhelming objective evidence, and controlling case law that says Mr. Myers civil rights were violated and he must receive Due Process. This court has now made this case about itself. The absolute worst thing a court can do is allow their ego to take over and the court become the opposing party. This court is here to be a neutral arbiter of justice, instead they want to make things up as they go. Mr. Myers will hold this court accountable as well as the defendants.

## Conclusion-

In conclusion, because the defendants have not shown that there lacks a genuine dispute of the material facts, as well as not made the proper legal arguments in regards to Mr. Myers legal claims, defendants motion for summary judgment must be denied. During its de novo review of Mr. Myers objections this court needs to take responsibility for all the incorrect legal conclusions it has made and correct its errors also, by applying the proper legal analysis to Mr. Myers claims, as well as a proper analysis of the material facts and the supporting evidence. This court can do its job properly, or it can be reversed on appeal. Mr. Myers is prepared to fight this case to the Supreme Court of the United States.

August 15th, 2023                                                                S/Lane Myers
                                                                                                     Pro Se