UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

| | |
|---|---|
| LANE MYERS, ) | |
|        Plaintiff, ) | |
| ) | No. 1:22-cv-748 |
| -v- ) | |
| ) | Honorable Paul L. Maloney |
| CHRISTOPHER WREN, *et al*. ) | |
|        Defendants. ) | |
| ) | |

## ORDER ADOPTING REPORT & RECOMMENDATION

This matter has been referred to the Honorable Phillip Green, United States Magistrate Judge, pursuant to 28 U.S.C. § 636. Plaintiff Lane Myers, proceeding *pro se*, raises several constitutional claims arising out of his recent prohibition from entering the Newaygo County parks. On August 2, 2023, Judge Green issued a Report and Recommendation ("R&R") (ECF No. 83) recommending that the Court grant Defendants' motion for summary judgment (ECF No. 74). The parties were given fourteen days to file written objections to the proposed findings and recommendations per 28 U.S.C. § 636(b)(1) and Fed. R. Civ. P. 72(b)(2), and Plaintiff subsequently filed several objections (ECF Nos. 84, 85). Because Plaintiff has failed to raise a genuine dispute of material fact as to the claims alleged, the Court will adopt the R&R and terminate this matter.

After being served with a report and recommendation issued by a magistrate judge, a party has fourteen days to file written objections to the proposed findings and recommendations. 28 U.S.C. § 636(b)(1); Fed. R. Civ. P. 72(b)(2). A district court judge reviews de novo the portions of the R&R to which objections have been filed. 28 U.S.C.

§636(b)(1); Fed. R. Civ. P. 72(b)(3). Only objections that are specific are entitled to a de novo review under the statute. *Mira v. Marshall*, 806 F.2d 636, 637 (6th Cir. 1986) (per curiam). "[A]n objection that does nothing more than state a disagreement with the magistrate's suggested resolution, or simply summarizes what has been presented before, is not an 'objection' as that term is used in the context of Federal Rule of Civil Procedure 72." *Brown v. City of Grand Rapids*, No. 16-2433, 2017 WL 4712064, at *2 (6th Cir. June 16, 2017).

Plaintiff has raised six objections to the R&R. Much like the manner in which Plaintiff has prosecuted this case (*see* ECF No. 61 at PageID.856–62), throughout his objections to the R&R, Plaintiff insults the Court and its staff numerous times (*see, e.g.*, ECF No. 84 at PageID.1001) ("Once again this court has completely embarrassed itself with its lazy and incorrect analysis of Mr. Myers [sic] filings. At this point its [sic] either pure incompetence or intentional judicial bias and misconduct."); (*Id.*) ("This court once again failed to properly analyze Mr. Myers [sic] Due Process claim. This is something that all lawyers learn in the first year of law school. The law clerk who researched this case should be fired immediately."); (ECF No. 85 at PageID.1005) ("Is this court not capable of reading a filing and analyzing it? That's what law clerks get paid to do."); (*Id.* at PageID.1011) ("The fact that this court can not [sic] understand this basic principle that they teach in the first year of law school is an absolute embarrassment to all lawyers and judges."); (*Id.* at PageID.1012) ("[W]e once again see the lack of basic understanding by this court. These are very basic 1st amendment arguments not rocket science."). These assertions are not specific objections to the R&R within the meaning of Fed. R. Civ. P. 72(b)(2), and the Court declines to entertain them. *See Brown*, 2017 WL 4712064, at *2 Instead, the Court has conducted a de novo

2

review of the R&R and considered Plaintiff's specific objections. On review of the evidence, the R&R is adopted over Plaintiff's objections.

First, Plaintiff objects to the R&R's characterization of the facts, and he argues that the R&R failed to consider the filings of both parties (*see* ECF No. 85 at PageID.1003)). This objection is plainly untrue and is overruled. Multiple times, the R&R noted that the parties disagreed about a certain fact (*see, e.g.*, ECF No. 83 at PageID.990, 991). However, the parties' disagreements about facts irrelevant to the disposition of Plaintiff's claims—for example, whether Plaintiff chased Mr. Wright down the trail or not—do not raise a genuine issue of material fact. When looking at the undisputed, material facts, Plaintiff is not entitled to relief on any of his claims.

Second, Plaintiff generally argues that the Court applied an "incorrect legal analysis" to his procedural due process claim (ECF No. 85 at PageID.1005). Plaintiff proceeds to quote many of his previous filings in this case to purportedly show that the R&R failed to apply the proper legal analysis (*id.* at PageID.1005-10). Generally objecting to the R&R's legal analysis fails to raise a proper, specific objection. *See, e.g., Brown*, 2017 WL 4712064, at *2; *Howard v. Sec'y of Health & Human Servs.*, 932 F.2d 505, 509 (6th Cir. 1991). Although the Court has held, and the R&R reiterated, that Plaintiff has failed to establish a protected property interest in accessing the county parks (*see* ECF No. 83 at PageID.998), Plaintiff argues that he possesses a liberty interest in accessing public property. But accessing all public property unconditionally is not a fundamental right deeply rooted in our Nation's history. *See, e.g., Brown v. City of Mich. City*, 462 F.3d 720, 731 (7th Cir. 2006) (explaining that the relevant cases "discuss the importance of public parks; however, they do not confer

3

a constitutionally cognizable right upon all citizens to enjoy these parks unconditionally"); *Doe v. City of Lafayette*, 377 F.3d 757, 769–70 (7th Cir. 2004) (contrasting the right to enter public parks, even for innocent purposes, with fundamental, liberty interests identified by the Supreme Court). Because Plaintiff has failed to establish the deprivation of either a fundamental property or liberty interest by being denied access to the Newaygo County parks, both his procedural and substantive due process claims fail. Plaintiff's second objection is also overruled.

Third, Plaintiff's objection to the R&R's first-amendment analysis simply disagrees with the Court's conclusion that the ordinance at issue is content-neutral (*see* ECF No. 85 at PageID.1012). The Court need not entertain this improper objection. *See Brown*, 2017 WL 4712064, at *2. Plaintiff then attempts to apply strict scrutiny to the content-neutral ordinance, which is the incorrect level of scrutiny to apply to the ordinance (*see* ECF No. 61 at PageID.842–46) (explaining why the ordinance is content-neutral and passes intermediate scrutiny). Therefore, the Court will also overrule Plaintiff's third objection.

Fourth, Plaintiff argues that the R&R errs in recommending awarding summary judgment to Defendants on Plaintiff's Fourth Amendment claim (*see* ECF No. 85 at PageID.1014). The R&R made this recommendation because Plaintiff has shown neither that he was subjected to a search or seizure by Defendants nor that he was criminally prosecuted without probable cause by Defendants (ECF No. 83 at PageID.999). In his objections, Plaintiff argues that Defendants committed an unlawful search by searching their own database and identifying Plaintiff's personal information (*see* ECF No. 1014). But Plaintiff has failed to provide any case law establishing that the search of one's own property—

4

i.e., a database—constitutes an illegal search of another's property. Because the Fourth Amendment is not implicated in this case, Plaintiff's fourth objection is also overruled.

Fifth, Plaintiff objects to the R&R's recommendation to award summary judgment to Defendants—who are state actors—on Plaintiff's Fifth Amendment claim (ECF No. 85 at PageID.1015). As this Court and the R&R have explained, the Fifth Amendment's due process clause applies only to the federal government, not to Defendants (ECF No. 61 at PageID.849; No. 83 at PageID.999). Plaintiff now argues in his objections that Defendants violated his Fifth Amendment right to be free from self-incrimination (ECF No. 85 at PageID.1015). This argument fails for numerous reasons: (1) Plaintiff's complaint, under the Fifth Amendment claim, merely asserts a violation of his "right to privacy from governmental intrusion" (ECF No. 1 at PageID.4); (2) Plaintiff has failed to allege any facts that would support the conclusion that Plaintiff was forced to incriminate himself; and (3) even if Plaintiff had alleged sufficient facts, there is no private right of action for a violation of the Fifth Amendment's protection from self-incrimination, *see Brownless v. Hunt*, No. 3:19-CV-1709, 2020 WL 6572665, at *5 (M.D. Pa. Sept. 18, 2020), *report and recommendation adopted*, 2020 WL 6561830 (M.D. Pa. Nov. 9, 2020).

Finally, without support, Plaintiff's sixth objection argues that the Court is biased and has acted in bad faith (ECF No. 85 at PageID.1015). Simply disagreeing with Plaintiff's legal claims and analysis based on the appropriate authority does not amount to bad faith. Plaintiff has failed to raise sufficient circumstances that would require the undersigned to recuse himself under 28 U.S.C. § 455. This objection is therefore overruled.

In sum, Plaintiff has failed to raise a genuine dispute of material fact allowing his claims to survive Defendants' motion for summary judgment. Accordingly,

**IT IS HEREBY ORDERED** that the Court **ADOPTS** the Report and Recommendation (ECF No. 83) as the opinion of the Court.

**IT IS FURTHER ORDERED** that Defendants' motion for summary judgment (ECF No. 74) is **GRANTED**, and this matter shall be **TERMINATED**.

Judgment to follow.

**IT IS SO ORDERED**.

Date: August 22, 2023                                                         /s/ Paul L. Maloney
                                                                               Paul L. Maloney
                                                                               United States District Judge