UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

| | |
|---|---|
| LANE MYERS, | HON. PAUL L. MALONEY |
| Plaintiff, | U.S. WESTERN DISTRICT JUDGE |
| v | PHILLIP J. GREEN<br>U.S. MAGISTRATE JUDGE |
| CHRISTOPHER WREN, NICHOLAS SMITH, SGT. CHRISTOPHER FRERIKS, NEWAYGO COUNTY, | CASE NO. 1:22-cv-00748-PLM-PJG |
| Defendants. | |

| | |
|---|---|
| Lane Myers<br>Plaintiff, *In Pro Se*<br>4583 N. Sugarbush Pl<br>Tucson, AZ 85749<br>(313) 587-1880<br>Meyerlansky879@gmail.com | Haider A. Kazim (P66146)<br>Matthew W. Cross (P77526)<br>Neal A. Wilds (P85924)<br>CUMMINGS, McCLOREY, DAVIS &<br>ACHO, P.L.C.<br>Attorneys for Defendants<br>125 Park Street, Suite 300<br>Traverse City, MI 49684<br>(231) 922-1888<br>hkazim@cmda-law.com<br>mcross@cmda-law.com<br>nwilds@cmda-law.com |

## DEFENDANTS' MOTION TO COMPEL PLAINTIFF'S RESPONSES TO WRITTEN DISCOVERY AND PLAINTIFF'S DEPOSITION

NOW COME Defendants, CHRISTOPHER WREN, NICHOLAS SMITH, SGT. CHRISTOPHER FRERIKS, and NEWAYGO COUNTY, by and through their attorneys, CUMMINGS, McCLOREY, DAVIS & ACHO, P.L.C., and for their Motion to Compel Plaintiff's Responses to Written Discovery and Plaintiff's Deposition, pursuant to Federal Rules of Civil Procedure 26, 30, 33, 34, and 37, state as follows:

1.     On January 3, 2025, Defendants served their First Interrogatories and First Request for Production on Plaintiff, his responses were due on February 3, 2025. **Exhibit A**, *Defendants' First Discovery Requests*.

2.     Defendants then served their Second Set of Interrogatories and Second Request for Production to Plaintiff on January 30, 2025, Plaintiff's responses were due on February 27, 2025. **Exhibit B**, *Defendants' Second Discovery Requests.*

3.     On February 10, 2025, Defendants sent a letter to Plaintiff requesting his past due responses to Defendants' first set of discovery requests. **Exhibit C**, *Feb 10 Letter to Plaintiff.*

4.     That same day, Plaintiff acknowledged via email of his failure to provide timely responses, stating, "I've been meaning to respond to your requests." **Exhibit D**, *Feb 10 Emails*.

5.     After the deadline passed on both sets of Defendants' discovery requests, Plaintiff sent Defendants a number of videos and documents on or about March 3, 2025.

6.     In an email exchange with Plaintiff on March 17, Plaintiff directed homophobic slurs at the undersigned, indicated that he purposefully provided inaccurate or evasive/incomplete discovery responses, and says he will not be giving a deposition. (ECF No. 131-5).

7.     Pursuant to the Federal Rules of Civil Procedure, the party to whom the interrogatories, requests for production, and requests for admissions are directed must respond in writing within thirty (30) days of being served.

8.     Subsection (4) of Fed. R. Civ. P. 37 provides that an evasive or incomplete disclosure, answer or response must be treated as a failure to disclose, answer, or respond.

9.     Defendants have made numerous attempts over several months to schedule the taking of Plaintiff's deposition. Plaintiff refuses to cooperate in scheduling his deposition despite Defendants' efforts. **Exhibit E**, *Feb 24 Email*; **Exhibit F**, *Mar 5 Email*.

10. Fed. R. Civ. P. 30 provides that a party may be deposed by oral examination and the deponents attendance may be compelled by subpoena under Fed. R. Civ. P. 45.

11. Plaintiff has willfully failed to cooperate in the discovery process, this bad faith has greatly impacted the Defendants' ability to adequately defend the claims against them.

12. Defendants have in good faith conferred or attempted to confer with Plaintiff in an effort to obtain the relief requested without court action.

13. Pursuant to Local Rule 7.1(d), Defendants were unable to obtain Plaintiff's concurrence on the filing of this motion.

## RELIEF REQUESTED

Wherefore, Defendants respectfully request this Court grant their Motion and enter an Order:

A. Requiring Plaintiff to supplement his evasive and incomplete discovery responses to provide any and all records and items requested in Defendants' First and Second Requests for Production;

B. Requiring Plaintiff to supplement his answers to any evasive, incomplete, or unanswered items contained in Defendants' First and Second Interrogatories;

C. Requiring Plaintiff to appear for a deposition;

D. Requiring Plaintiff to pay Defendants' reasonable expenses incurred in bringing the present motion, including attorney fees;

E. Granting any other relief to which the Defendants are entitled.

                                          Respectfully submitted,

Dated: March 24, 2025                CUMMINGS, McCLOREY, DAVIS
                                          & ACHO, P.L.C.

                                          /s/ Matthew W. Cross
                                          Matthew W. Cross (P77526)
                                          Attorneys for Defendants
                                          125 Park Street, Suite 300
                                          Traverse City, MI 49684
                                          (231) 922-1888
                                          mcross@cmda-law.com

UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

| | |
|---|---|
| LANE MYERS,<br>　　　Plaintiff, | HON. PAUL L. MALONEY<br>U.S. WESTERN DISTRICT JUDGE |
| v | PHILLIP J. GREEN<br>U.S. MAGISTRATE JUDGE |
| CHRISTOPHER WREN, NICHOLAS SMITH, SGT. CHRISTOPHER FRERIKS, NEWAYGO COUNTY,<br>　　　Defendants. | CASE NO. 1:22-cv-00748-PLM-PJG |
| Lane Myers<br>Plaintiff, *In Pro Se*<br>4583 N. Sugarbush Pl<br>Tucson, AZ 85749<br>(313) 587-1880<br>Meyerlansky879@gmail.com | Haider A. Kazim (P66146)<br>Matthew W. Cross (P77526)<br>Neal A. Wilds (P85924)<br>CUMMINGS, McCLOREY, DAVIS & ACHO, P.L.C.<br>Attorneys for Defendants<br>125 Park Street, Suite 300<br>Traverse City, MI 49684<br>(231) 922-1888<br>hkazim@cmda-law.com<br>mcross@cmda-law.com<br>nwilds@cmda-law.com |

**DEFENDANTS' BRIEF IN SUPPORT OF MOTION TO COMPEL PLAINTIFF'S RESPONSES TO WRITTEN DISCOVERY AND PLAINTIFF'S DEPOSITION**

**STATEMENT OF PERTINENT FACTS**

In a case that has extended for over two years, this lawsuit arose from Plaintiff's harassment of another patron at a public park trail in Newaygo County (hereafter referred to as "County"). As a result of Plaintiff's actions, the County prohibited Plaintiff from entering certain park property, the central dispute in this case. Over the course of this lawsuit, Plaintiff has persistently engaged in a pattern of confrontation towards County employees and others. Plaintiff has maliciously hounded County officials, attorneys, and other employees with dozens of text messages, emails, social media posts, and comments. These messages often contain threats, demands, and other

vitriol in a clear effort to harass and intimidate County employees and others. Not surprisingly, it has been extremely difficult for Defendants to engage in proper discovery procedures with Plaintiff.

On January 3, 2025, Defendants sent their First Interrogatories and Request for Production to Plaintiff via email. **Exhibit A**. Plaintiff's responses to this first set of discovery requests were due on February 3, 2025. On January 30, 2025, before Plaintiff's responses to Defendants' first requests were due, Defendants served their second set of Interrogatories and Request for Production to Plaintiff. **Exhibit B**. Plaintiff's responses to this second set of discovery requests was due on February 27, 2025.

On February 10, 2025, Defendants sent a letter to Plaintiff seeking his then past-due responses to Defendants' first set of discovery requests. **Exhibit C**. That same day, the undersigned had an email exchange with Plaintiff in which he indicated that he "had been meaning to" respond to Defendants' requests. **Exhibit D**. Plaintiff stated he did not know how to send files electronically. *Id*. The undersigned informed him that a ShareFile link would be sent so Plaintiff could simply drag and drop responsive files. *Id*. During that same email exchange, Plaintiff was also asked to provide dates of availability in an effort to schedule the taking of his deposition. *Id*. Plaintiff responded via email that he would provide dates as soon as possible, informing undersigned that he had a "bike race" at the beginning of April and he would check his travel plans and update undersigned when he would be available for a deposition. *Id*.

Multiple weeks passed and Plaintiff provided no response. Undersigned again informed Plaintiff on February 24, 2025, that the Defendants still needed to schedule a deposition and still needed responses to the two sets of discovery requests. **Exhibit E**. Plaintiff failed to meet both the

February 3 deadline for the first discovery request, and the February 27 deadline for the second request, per the requirements of Fed. R. Civ. P. 33(b)(2), 34(2)(A), and 36(a)(3).

Plaintiff finally responded to Defendants' Second Interrogatories and Second Request for Production on or about March 3, 2025. He provided the following: a number of videos, a document indicating which ShareFile folder his responses correspond to, a document detailing his responses to four out of five of Defendants' Second Interrogatories, a document discussing his settlement demands, screenshots of text messages between Plaintiff and Ethan Wright, and real estate paperwork purportedly supporting his claimed economic damages. **Exhibit G**, *Plaintiff's provided documents*. The documents Plaintiff provided did very little to satisfy Defendants' requests.

When asked to detail any taxable costs he has incurred, Plaintiff responded $250 for "transcripts, copies, printing," no documentation to support this was provided. *Id*. When asked to detail where he had been residing since 2022, Plaintiff vaguely stated he was a "full time Arizona resident in November 2024" and he was a "Michigan and Arizona resident since 2017." *Id*. This is a pattern throughout Plaintiff's discovery responses. Plaintiff provides only incredibly vague responses in his effort to satisfy Defendants' requests for information pertaining to the case.

On March 5, 2025, Defendants yet again sent an email to Plaintiff emphasizing that the Defendants needed dates of availability for the scheduling of a deposition. **Exhibit F**. As of the date of this filing, Plaintiff's actions have become increasingly contemptable. In a recent email exchange between undersigned and Plaintiff, Plaintiff remarked in a profanity-laced email that he will not be giving a deposition. (ECF No. 131-5, PageID.1286). Further calling the undersigned a "cunt" and "faggot," Plaintiff also stated that he purposefully provided inaccurate answers in his discovery responses, saying he provided "generic bullshit answers." *Id*. As of the date of this filing,

Plaintiff has still not provided Defendants any dates to schedule a deposition and he has instructed the undersigned not to contact him unless through a court order. *Id*.

## LAW AND ARGUMENT

The scope of discovery is within the sound discretion of the trial court. *Coleman v. American Red Cross*, 23 F.3d 1091, 1096 (6th Cir. 1994). The Federal Rules of Civil Procedure allow for the service of interrogatories, requests for production, and requests for admission to an opposing party. Fed. R. Civ. P. 33, 34, 36. These discovery requests may seek information and materials related to any matters within the scope of Rule 26(b). Rule 26(b) defines the scope of discovery as follows:

> Parties may obtain discovery regarding any nonprivileged matter that is relevant to any party's claim or defense and proportional to the needs of the case, considering the importance of the issues at stake in the action, the amount in controversy, the parties' relative access to relevant information, the parties' resources, the importance of the discovery in resolving the issues, and whether the burden or expense of the proposed discovery outweighs its likely benefit. Information within this scope of discovery need not be admissible in evidence to be discoverable. Fed. R. Civ. P. 26.

Should a party fail to comply with a legitimate discovery request, a party can seek an order compelling discovery under Fed. R. Civ. P. 37(a)(3)(B). Where a party provides an evasive or incomplete response to a discovery request, it is treated as a failure to answer. Fed. R. Civ. P. 37(a)(4). The moving party must certify that they in good faith attempted to confer with the party failing to make discovery in an effort to obtain such discovery without resorting to court action. Fed. R. Civ. P. 37(a). If a party fails to properly answer an interrogatory under Rule 33, Rule 37(d)(1)(A) provides that the court may order sanctions. These sanctions may include the following:

>    (i) directing that the matters embraced in the order or other designated facts be taken as established for purposes of the action, as the prevailing party claims;
>
>    (ii) prohibiting the disobedient party from supporting or opposing designated claims or defenses, or from introducing designated matters in evidence;
>
>    (iii) striking pleadings in whole or in part;
>
>    (iv) staying further proceedings until the order is obeyed;
>
>    (v) dismissing the action or proceeding in whole or in part;
>
>    (vi) rendering a default judgment against the disobedient party; or
>
>    (vii) treating as contempt of court the failure to obey any order except an order to submit to a physical or mental examination. Fed. R. Civ. P. 37(b)(2)(A)(i)-(vi).

Fed. R. Civ. P. 37 further provides that in addition to the sanctions listed above, the court may require the party refusing to comply to pay reasonable expenses, including attorney's fees caused by the failure, unless the failure was substantially justified or other circumstances make an award of expenses unjust. Fed. R. Civ. P. 37(d)(3).

Plaintiff's responses to Defendants' discovery requests are inaccurate, incomplete and/or evasive. Most of the information requested in Defendants' Interrogatories and Requests for Production remains unresolved. Specifically, Plaintiff has admitted to undersigned that what he provided to Defendants was inaccurate, incomplete and/or evasive. (ECF No. 131-5, PageID.1286). Plaintiff was asked to provide support for the damages he claims to have suffered by not being able to use Newaygo County Parks for a period of time. Defendants sought to accomplish this by asking what parks he would visit as a substitute, where he lived, and what costs he has incurred. Plaintiff gave incredibly generic answers that do nothing to provide any insight into his entitlement to relief. **Exhibit G**. As one example, when asked to produce all documentation that would support his claimed damages, Plaintiff sent only a copy of some real estate purchase agreements, neither had his name attached and thus fail to show he had any interest in the

transactions. *Id*. He explains in email correspondence with undersigned that he suffered losses "due to his purchase, sale, and moving of property," yet these documents do nothing to support that claim. *Id.,* **Exhibit D**.

Plaintiff has also refused to cooperate with Defendants' attempt to schedule his deposition. Defendants have made countless good faith efforts in attempts to obtain Plaintiff's compliance with the discovery process. Defendants were in email communication with the Plaintiff over the course of multiple months, consistently reminding him to respond to our discovery requests and provide dates in an effort to schedule a deposition. **Exhibit D**; **Exhibit E**; **Exhibit F**. Plaintiff responded by calling the undersigned vulgar names and boasts about giving false information in his responses. (ECF No. 131-5).

Defendants are clearly entitled to depose the Plaintiff during the course of discovery. Rule 30 provides that a party may be deposed by oral questions and the deponents attendance may be compelled by subpoena under Rule 45. If a party fails to comply with its discovery obligations, the requesting party may move for an order compelling discovery under Rule 37. It is necessary for the defense to be allowed to question Plaintiff about the allegations made in the Complaint and other matters relevant to the issues in this case, including Plaintiff's claimed damages. Accordingly, Defendants are entitled to take the deposition of the Plaintiff.

## CONCLUSION

Rather than participate in good faith in the discovery process, Plaintiff has opted to prioritize sending vulgar emails insulting both defense counsel and representatives of the Court. Defendants cannot properly try this case when Plaintiff is willfully disregarding the procedure of discovery in bad faith. It should be noted that Rule 37 also allows this Court to dismiss this matter entirely. Given the flippant actions taken by the Plaintiff during the pendency of this case, that

remedy is warranted. At minimum, Defendants are entitled to an Order compelling Plaintiff to participate in discovery and to compensate Defendants for their wrongfully incurred costs and attorney's fees.

WHEREFORE, Defendants respectfully request this Court grant their Motion and enter an Order:

A. Requiring Plaintiff to supplement his evasive and incomplete discovery responses to provide any and all records and items requested in Defendants' First and Second Requests for Production;

B. Requiring Plaintiff to supplement his answers to any evasive, incomplete, or unanswered items contained in Defendants' First and Second Interrogatories;

C. Requiring Plaintiff to appear for a deposition;

D. Requiring Plaintiff to pay Defendants' reasonable expenses incurred in bringing the present motion, including attorney fees;

E. Granting any other relief to which the Defendants are entitled.

Respectfully submitted,

Dated: March 24, 2025

CUMMINGS, McCLOREY, DAVIS
& ACHO, P.L.C.

_____
Matthew W. Cross (P77526)
Attorneys for Defendants
125 Park Street, Suite 300
Traverse City, MI 49684
(231) 922-1888
mcross@cmda-law.com

## CERTIFICATE OF COMPLIANCE REGARDING WORD COUNT

Defendants, in compliance with LCivR 7.2(b)(i), used 1,816 words in Defendants' Brief in Support of Motion to Compel Plaintiff's Responses to Written Discovery and Plaintiff's Deposition. Microsoft Word Office is the word processing software used to generate the word count in the attached brief.

Dated: March 24, 2025

CUMMINGS, McCLOREY, DAVIS & ACHO, P.L.C.

Matthew W. Cross (P77526)
Attorneys for Defendants
125 Park Street, Suite 300
Traverse City, MI 49684
(231) 922-1888
mcross@cmda-law.com

## CERTIFICATE OF SERVICE

I hereby certify that on March 24, 2025, I electronically filed Defendants' Motion to Compel Plaintiff's Responses to Written Discovery and Plaintiff's Deposition, Defendants' Brief In Support of Motion to Compel Plaintiff's Responses to Written Discovery and Plaintiff's Deposition, Certificate of Compliance Re Word Count, Certificate of Non-Concurrence, and Certificate of Service, with the Clerk of the Court using the ECF system which will send notification of such filing to all attorneys of record, and I hereby certify that I have emailed copies to the following Non-ECF participants:

**Via Email Only**
Lane Myers
Plaintiff, *In Pro Se*
Meyerlansky879@gmail.com

Matthew W. Cross (P77526)
Attorneys for Defendants

UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

| | |
|---|---|
| LANE MYERS,<br>    Plaintiff, | HON. PAUL L. MALONEY<br>U.S. WESTERN DISTRICT JUDGE |
| v | PHILLIP J. GREEN<br>U.S. MAGISTRATE JUDGE |
| CHRISTOPHER WREN, NICHOLAS SMITH, SGT. CHRISTOPHER FRERIKS, NEWAYGO COUNTY,<br>    Defendants. | CASE NO. 1:22-cv-00748-PLM-PJG |

| | |
|---|---|
| Lane Myers<br>Plaintiff, *In Pro Se*<br>4583 N Sugarbush Pl<br>Tucson AZ 85749<br>(313) 587-1880<br>Meyerlansky879@gmail.com | Haider A. Kazim (P66146)<br>Matthew W. Cross (P77526)<br>Neal A. Wilds (P85924)<br>CUMMINGS, McCLOREY, DAVIS & ACHO, P.L.C.<br>Attorneys for Defendants<br>125 Park Street, Suite 300<br>Traverse City, MI 49684<br>(231) 922-1888<br>hkazim@cmda-law.com<br>mcross@cmda-law.com<br>nwilds@cmda-law.com |

## **PROOF OF SERVICE**

STATE OF MICHIGAN          )
                                          ) ss.
COUNTY OF GRAND TRAVERSE  )

      Kathy Morey, being duly sworn, deposes and says that she served the Defendants' Motion to Compel Plaintiff's Responses to Written Discovery and Plaintiff's Deposition, Defendants' Brief In Support of Motion to Compel Plaintiff's Responses to Written Discovery and Plaintiff's Deposition, Certificate of Compliance Re Word Count, Certificate of Non-Concurrence, Certificate of Service and Proof of Service, on March 24, 2025, to the following parties, via the following methods:

**VIA ECF FILING:**
Clerk of the Court

**VIA EMAIL ONLY**
Lane Myers - Meyerlansky879@gmail.com

{02262310-1 }

1

**VIA FIRST CLASS MAIL**

Hon. Phillip J. Green
Magistrate Judge
482 Federal Bldg.
110 Michigan St NW
Grand Rapids MI 49503
(Judge's Courtesy Copy)

_____
Kathy Morey