UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

LANE MYERS,

               Plaintiff,                                    Case No. 1:22-cv-0748

v.                                                                        Hon. Paul L. Maloney

CHRISTOPHER WREN, et al.,

               Defendants.

_____/

## REPORT AND RECOMMENDATION

This matter is before the Court on Defendants' Motion for Sanctions.  (ECF No. 131).   Defendants ask the Court to dismiss this action with prejudice as a sanction for Plaintiff's "pattern of . . . hostile, outlandish and inappropriate [conduct] in his interactions with opposing counsel and County employees."  (*Id.* at PageID.1247). Plaintiff has failed to respond to the motion, and he has failed to respond to the Court's order to show cause why his failure to respond should not result in the motion being treated as unopposed.

Plaintiff's failure to respond constitutes a waiver of any argument in opposition to the issues raised in the motion for sanctions, and it serves as an independent basis for granting it.  *See, e.g., Westbay v. Audiology Services Co. USA, LLC*, Case No. 3:19-cv-211, 2020 WL 13556551, at *1 (W.D. Ky Jan. 9, 2020) (citing *Humphrey v. U.S. Attorney General's Office*, 279 F. App'x 328, 331 (6th Cir. 2008); *Williams v. PBI Bank*,

-1-

Case No. 3:13-cv-1166, 2017 WL 6940699, at *1 (W.D. Ky Feb. 28, 2017)). Nevertheless, the undersigned has carefully reviewed the motion for sanctions, and for the reasons stated herein, recommends that it be granted.

## UNDERLYING FACTS

This case arises out of an incident that occurred on August 5, 2022, on the Dragon Trail at a Newaygo County Park.[1]   Plaintiff alleges that, while riding his bicycle on the trail, he encountered Ethan Wright, who was riding an electric, or "e-bike," on the trail. Plaintiff argues that e-bikes are not permitted on Newaygo County Parks and Recreation Commission-owned property.   (*See* ECF No. 21-4 at PageID.154).   As Plaintiff was coming around a corner toward Mr. Wright, Plaintiff asserts that Mr. Wright was not operating his e-bike under control, which forced both Plaintiff and Mr. Wright to swerve off the trail and fall off their bikes.   Plaintiff then "informed" Mr. Wright that e-bikes are not permitted on the trail, and he pointed to signs indicating that only non-motorized vehicles are permitted on the trail.   (*See* ECF No. 1 at PageID.6).   Mr. Wright responded that "it does not matter what [Plaintiff] say[s], or the signs, and that he would continue to ride the [e-bike] on the trail."   (*Id*.).

After their initial conversation, Plaintiff alleges that he and Mr. Wright both continued with their rides on the Dragon Trail.   Plaintiff eventually encountered Mr. Wright again somewhere near the Sandy Beach Park, and Mr. Wright stated, "Where

---

[1] The underlying facts recounted here largely mirror those included in the Court's Opinion and Order of December 22, 2022.   (ECF No. 61, PageID.834-37).

are you going[?] [T]he police are on their way."  (*Id*.).  Defendant Deputy Freriks of the Newaygo County Sheriff's Department, along with Deputy Kalinowski, subsequently arrived at the scene to investigate.  Plaintiff informed Deputy Freriks of Mr. Wright's alleged violation of the Newaygo County Park Ordinance prohibiting motor vehicles on county trails, but Deputy Freriks indicated that he would not be enforcing any violation and that Plaintiff was "free to go."  (*Id*.).

Defendants describe the events that took place at the Dragon Trail on August 5, 2022, quite differently.  They allege that Plaintiff approached Mr. Wright and immediately began yelling at him that e-bikes are not allowed on the trail.  (*See* ECF No. 40 at PageID.558).  Defendants assert that "Mr. Wright was taken aback by Plaintiff's hostility over a relatively minor manner," and because he was out in the woods all alone, he was concerned for his safety and proceeded down the trail to get away from Plaintiff.  (*Id*.).  According to Defendants, Plaintiff chased Mr. Wright for five miles down the trail while berating him.  At some point during this chase, Mr. Wright called the police.

Defendants also allege that Mr. Wright eventually arrived at the Sandy Beach County Park office "afraid, upset, and in tears," and informed Park Manager Theresa Bailey that Plaintiff was chasing him and that he had called the police.  (*Id*.).  According to Ms. Bailey's written report following the incident, she then contacted Defendant Smith to inform him of the incident and Plaintiff's behavior.  (*See* ECF No. 40-2).  While waiting for the police to arrive, Ms. Bailey further asserts that

Plaintiff began yelling and swearing at both her and Mr. Wright.  Plaintiff allegedly told Ms. Bailey, "[T]hat fucking idiot [Mr. Wright] on the fucking e-bike needs a ticket now" and that he should "stay the fuck off of our trail."  (ECF No. 40 at PageID.558). When Deputies Freriks and Kalinowski arrived at the scene, they de-escalated the situation. Plaintiff apparently refused to provide his name to the deputies for their report, stating, "I don't have to give you anything."  (*Id*. at PageID.559).

The parties appear to agree on the following facts.  Later that day, Plaintiff received a phone call from Defendant Nicholas Smith, the Director of Parks and Recreation for Newaygo County, who informed Plaintiff that, based on his conduct on the Dragon Trail earlier that day, he was prohibited from entering all Newaygo County Parks.  Plaintiff asserts that he asked for a hearing, but he was denied.  Four days later, Plaintiff received a letter ("the August 5th Letter") from Defendant Smith on behalf of the Newaygo County Park & Recreation Commission ("the Commission") "reiterating" that Plaintiff may not enter any property owned or operated by the Commission.  (ECF No. 1-1).  It further explained that, on August 5, 2022, Plaintiff violated Newaygo County Parks Ordinance #01/20201, Section 18 b & c (the "Ordinance"), which provides that "No person shall":

> b.    Engage in any violent, abusive, loud, boisterous, vulgar, lewd, wanton, obscene, or otherwise disorderly conduct tending to create a breach of the peace, or disturb or annoy others, while on any Commission property.

> c.    Interact in a violent, abusive, loud, boisterous, vulgar, lewd, wanton, obscene, or otherwise disorderly manner towards

> Commission Staff, park customers, or other members of the public on Commission property.

(*Id.*).   The August 5th Letter finally stated that if Plaintiff entered Commission-owned property, "it will be considered trespassing, law enforcement will be contacted, and you will be prosecuted."   (*Id.*).

## PROCEDURAL HISTORY

On August 16, 2022, Plaintiff filed his complaint alleging violations of the First, Fourth, Fifth, and Fourteenth Amendments (ECF No. 1), and he filed motions for a temporary restraining order (TRO) and preliminary injunction (ECF No. 4).   On August 18, the Court granted Plaintiff's application to proceed *in forma pauperis* (ECF No. 6), and on August 22, the Court denied Plaintiff's motion for a TRO (ECF No. 7).

On October 24, 2022, Defendants filed a motion for sanctions, pursuant to Rule 11, asserting that Plaintiff's claims were frivolous and intended to harass them. (ECF No. 26 at PageID.257).   Defendants supported their motion with hundreds of pages of communication between Plaintiff and them, in which Plaintiff communicated in an inappropriate and concerning manner.   (*See* ECF Nos. 26, 27, 28, 40, 44, 57). The Court denied the motion on December 22, 2022.   (ECF No. 61).[2]   Although the Court noted that Plaintiff's communications were "bizarre, outlandish, and concerning," they "[did] not quite cross the line from protected speech to unprotected speech."   (*Id.*

---

[2] The Court also denied Plaintiff's motion to amend the complaint (ECF No. 37), which purported to add 29 more defendants and seven new claims (*see* ECF No. 37-1).   The Court denied the motion on the grounds that the amended complaint was futile and that it "appears [to have been] filed in bad faith."   (ECF No. 61 at PageID.851).

at PageID.861).    The Court explicitly noted that its denial of the motion was without prejudice, and it ordered Plaintiff "to conduct himself in a civil and professional manner in this litigation henceforth."   (*Id.* at PageID.862).    The Court warned Plaintiff that, if he failed "to conduct himself civilly and professionally in this litigation, the Court will not hesitate to sanction Plaintiff, including in the form of dismissing this matter."   (*Id.* at PageID.861; *see also id.* (noting that Plaintiff's *pro se* status does not shield him from the consequence of his actions, nor does it excuse misbehavior (citing *Nguyen v. Biter*, Case No. 1:11-cv-0809, 2015 WL 366932, at *7 (E.D. Cal. Jan. 27, 2015)).

On August 22, 2023, the Court granted Defendants' motion for summary judgment and terminated the case.   (ECF No. 87, 88).    The Sixth Circuit Court of Appeals affirmed the decision, with the exception that it reversed and remanded as to Plaintiff's Fourteenth Amendment procedural due process claim.    *Myers v. Wren*, Case No. 22-2148/23-1807 (the decision is found in this case at ECF No. 92).

Plaintiff thereafter filed a motion to amend his complaint.   (ECF No. 98).    The Court granted that motion, in part, allowing Plaintiff to assert a *Monell* claim against Newaygo County.   (ECF No. 105).    The Court entered a new case management order on November 14, 2024, setting a discovery deadline of April 30, 2025, a dispositive motion deadline of June 16, 2025, and a January 27, 2026, trial date.    (ECF No. 121).

On March 21, 2025, Defendants filed the pending motion for sanctions. (ECF No. 131). Defendants filed a motion to compel discovery three days later.[3] (ECF No. 134). Defendants noted that efforts to obtain discovery responses from Plaintiff were met with "homophobic slurs" directed to defense counsel, as well as Plaintiff's statement that he had previously provided "generic bullshit answers" to discovery requests. (*Id.* at PageID.1298 (citing ECF No. 131-5, PageID.1286)). Plaintiff also refused to cooperate with defense counsel's efforts to schedule Plaintiff's deposition. (ECF No. 134 at PageID.1298). Plaintiff failed to respond to either motion. Accordingly, and giving Plaintiff the benefit of the doubt, the Court issued an order on May 14, 2025, requiring Plaintiff to show cause by May 23, 2025, "as to why the Court should not treat these motions as unopposed." (ECF No. 139). Plaintiff has not responded to that order.

## **DISCUSSION**

Plaintiff's conduct in this case has moved well beyond bizarre and outlandish, and has become abusive and threatening. He has blatantly and contemptuously defied this Court's December 22, 2022, order "to conduct himself civilly and professionally," and to avoid contacting any named defendant regarding this case. (ECF No. 61 at PageID.863). As such, he has also abused the privilege of proceeding *in forma pauperis*. These are each independently sufficient bases for dismissing this case.

---

[3] In light of the recommendation to dismiss this case, the Court dismissed the motion to compel (ECF No. 134) without prejudice. (ECF No. 142).

## I.    Plaintiff Has Blatantly Defied This Court's Order of December 22, 2022.

In its December 22, 2022, Opinion and Order, the Court ordered Plaintiff "to conduct himself at all times in this litigation in a civil and professional manner." (ECF No. 61 at PageID.863).   The Court further specifically ordered that

> Plaintiff shall not harass, berate, demean, threaten, or use abusive language in communicating with defense counsel, and he shall treat defense counsel with civility at all times.   Plaintiff may communicate with [defense counsel] Ethan Wright for the sole purpose of discovery, but he shall also treat Mr. Wright with civility at all times.   Plaintiff is prohibited from directly contacting any named Defendant regarding this litigation and the related factual issues.

(*Id.*).   The Court plainly warned Plaintiff that "[f]ailure to comply with this order may result in sanctions, including dismissal of this litigation."   (*Id.*).

There is abundant evidence that Plaintiff has blatantly defied the Court's order.[4] For example, in a January 13, 2025, profanity-laced email, Plaintiff referred to defense counsel as a "scum ass lawyer" and a "moron."   In the same communication, Plaintiff threatened counsel that, unless he settled the case in seven days, he was going to make a YouTube video about defense counsel, accusing him of stealing taxpayer money and lying, which would result in "hundreds of BAR complaints" and "hundreds of calls and emails a day from concerned citizens."   (ECF No. 131-2).   Plaintiff made good on his

---

[4] In addition to being abusive to Defendants and defense counsel, Plaintiff has demeaned the Court's staff.   For example, he referred to the Court's ADR Administrator as a "dumb cunt" who is "retarded and incompetent."   (ECF No. 131-2 at PageID.1272). Several court staff complained to the undersigned judicial officer about Plaintiff's abusive language on the telephone, leading to the undersigned directing staff to limit their communications with Plaintiff to email.

threat, resulting in a number of harassing telephone calls to county officials.    (ECF No. 131 at PageID.1253).    Plaintiff, himself, left several abusive voicemails with Defendants.    In one of which Plaintiff left Defendant Chris Wren a message stating that Mr. Wren does not "understand what the fuck [he] got himself into" by complaining about the deluge of phone calls prompted by Plaintiff's YouTube video, and noting that he (Plaintiff) could contact Mr. Wren, if he wanted, because Mr. Wren is a public official. Plaintiff twice called Deb Berger, a female employee of Newaygo County, in one of which he threatened to confront her in the parking lot with cameras and "paparazzi."    (Exhibit C, ECF No. 131-4).[5]

On March 17, 2025, Plaintiff sent defense counsel a series of emails containing vulgar, abusive, and homophobic comments.    In the first, Plaintiff responded to Defendants' offer of settlement by telling defense counsel to "Eat a dick faggot" and stating that he was never going to submit to a deposition.    (ECF No. 131-5 at PageID.1286).    About three hours later, Plaintiff sent a follow-up email to defense counsel, stating:  "Don't contact me again.   Unless it is through a court order."  (*Id.* at PageID.1286-87).    Six minutes after that – and after being reminded of the Court's December 22, 2022, order regarding civility – Plaintiff sent counsel a third email calling him a "fucking cunt" and a "big pussy." (*Id.* at PageID.1285).    In a separate email to

---

[5] The Court granted Defendants' motion to file Exhibit C in the traditional manner. (ECF No. 141).   The audio exhibit was made available to the Court on a thumb drive, and the undersigned has listened to the voicemails.

defense counsel, which was sent between the second and third email, Plaintiff stated the following:

> This is your ex parte notice of a TRO being filed as well as a Rule 11 motion.  The rule 11 will be provided later today to start the 28 day countdown.  The TRO is being filed against the new update ordinance.  See you in court motherfuckers, where I'm going to fukcing (sp) destroy your hopes and dreams.

(ECF No. 131-6).

Given Plaintiff's contemptuous disregard for the Court's December 22, 2022, order, terminating sanctions are warranted.   It is settled law that federal courts have the inherent authority to punish those who violate court orders.   *See, e.g., Int'l Union, United Mine Workers of Am. v. Bagwell*,  512 U.S. 821, 831 (1994).   "Courts independently must be vested with 'power to impose silence, respect, and decorum, in their presence, and submission to their lawful mandates, and . . . to preserve themselves and their officers from the approach and insults of pollution.' "  *Id.* (quoting *Anderson v. Dunn*, 6 Wheat. 204, 227 (1821)).

Among the available sanctions is dismissal of the complaint with prejudice.   *See Fathi v. Saddleback Valley Unified School Dist.*, Case No. 8:20-cv-544-SB-DFM, 2020 WL 7315462, at *6 (C.D. Cal. Oct. 28, 2020) ("Where a party has conducted [himself] in bad faith, sanctions may be available.").   While dismissal "is a harsh penalty imposed only in extreme circumstances," courts "have dismissed cases when 'a party has engaged deliberately . . . in conduct utterly inconsistent with the orderly administration of justice'."  *Id.* (quoting *Leon v. IDX Sys. Corp.*, 464 F.3d 951, 959 (9th Cir. 2006), and

citing cases); *see also Halaco Engineering Co. v. Costle*, 843 F.2d 376, 380 (9th Cir. 1988) ("Dismissal under a court's inherent powers is justified in extreme circumstances, in response to abusive litigation practices, and to insure the orderly administration of justice and the court's orders." (citations omitted)).   "Parties and counsel have a duty to behave civilly and respectfully toward one another, and conduct to the contrary is sanctionable where it undermines the integrity of judicial proceedings."   *Nguyen v. Biter*, Case No. 1:11-cv-0809, 2015 WL 366932, at *7 (E.D. Cal. Jan. 27, 2015).[6]

Some courts have adopted factors to be considered in deciding whether abusive litigation tactics warrant terminating sanctions.   *See, e.g., Dreith v. Nu Image, Inc.*, 648 F.3d 779, 788 (9th Cir. 2011).   These include " '(1) the public's interest in expeditious resolution of litigation; (2) the court's need to manage its docket; (3) the risk of prejudice to the other party; (4) the public policy favoring the disposition of cases on their merits; and (5) the availability of led drastic sanctions.' "   *Id.* (quoting *Adriana Int'l Corp. v. Thoeren*, 913 F.2d 1406, 1412 (9th Cir. 1990)).   While these are not mandatory here, the factors overwhelmingly support dismissal of this case.

Plaintiff's abusive and contumacious conduct has significantly delayed the litigation of this case and it has needlessly interfered with the Court's ability to manage its docket.   Plaintiff appears more interested in denigrating and humiliating

---

[6] The Court cited the *Fathi* and *Nguyen* cases in its December 22, 2022, order denying Defendants' motion for sanctions under Rule 11, noting that these cases were not dismissed under Rule 11.   (*See* ECF No. 61, at PageID.861, n.1).   Rule 11 is no longer at issue here, but rather, Plaintiff's abusive and contumacious conduct.   As such, *Fathi* and *Nguyen* are now apposite.

Defendants and opposing counsel than in litigating the merits of his case.   In fact, he has failed to comply with his discovery obligations with respect to Defendants' interrogatories and documents requests, and he has stubbornly refused to be deposed. (*See* ECF No. 134 at PageID.1298; ECF No. 131-5 at PageID.1286).   He has also failed to respond to several motions (ECF No. 131, 133, and 134), as well as the Court's show-cause order (ECF No. 139).   Moreover, Plaintiff was specifically warned that continued harassment or use of abusive language in his communications with defense counsel "may result in sanctions, including dismissal of this litigation."   (ECF No. 61 at PageID.863).

This warning appears to have had no effect.   It is time to put an end to Plaintiff's use of this litigation to inflict pain and humiliation on Defendants and their counsel.

## II.    Plaintiff Has Abused His *In Forma Pauperis* Status.

It must not go unnoticed that Plaintiff was given the privilege of bringing this action *in forma pauperis*.   (ECF No. 6).   "Proceeding *in forma pauperis* is a privilege, not a right."   *Banks v. Reid*, Case No. 1:25-cv-355, 2025 WL 1398674, at *2 (N.D. Ohio May 14, 2025) (citing, inter alia, *Wilson v. Yaklich*, 148 F.3d 596, 603 (6th Cir. 1998); *Weaver v. Toombs*, 948 F.2d 1004, 1008 (6th Cir. 1991)).   Because the *in forma pauperis* statute, 28 U.S.C. § 1915(a), permits a litigant to commence a lawsuit without paying the filing fee, costs which are assumed by the public, Courts may revoke the privilege if the litigant uses it for harassment or malicious purposes.   *See Neitzke v. Williams*, 490 U.S. 319, 324 (1989); *see also Crawford-El v. Britton*, 523 U.S. 574, 600 (1998) (dismissal

under 28 U.S.C. § 1915(e)(2) is a "tool[] . . . available in extreme cases to protect public officials from undue harassment.").[7]

It is evident from a review of the docket in this case that Plaintiff is engaged in a malicious vendetta against the Defendants and their counsel.    He is more interested in inflicting emotional pain and humiliation than seeking redress of any purported constitutional violation.

This matter is similar to that in *Nelson v. Eaves*, 140 F. Supp. 2d 319 (S.D.N.Y. 2001), in which the court dismissed the claims of a *pro se* plaintiff, proceeding *in forma pauperis*, after concluding that the litigant was "prosecuting th[e] case maliciously."    *Id.* at 322.    In reaching this conclusion, the court noted that the plaintiff had "written abusive, demeaning, and threatening letters" to an assistant Attorney General who had represented the defendants earlier in the case, the language of which "reveals malice and an intent to harass."    *Id.*

This Court should likewise dismiss Plaintiff's complaint for the same reasons.

_____

[7] Section 1915(e) applies to *in forma pauperis* proceedings in general, not simply to suits by prisoners.    *See Simmons v. Beardslee*, Case No. 1:21-cv-0896, 2021 WL 5754994, at *1 (W.D. Mich. Dec. 3, 2021) ("[Section 1915(e)] clearly permits courts to dismiss cases brought by plaintiffs proceeding in forma pauper, and not just to prisoners' complaints.").

## <u>CONCLUSION</u>

For the reasons articulated herein, the undersigned judicial officer recommends that Defendants' motion for sanctions (ECF No. 131) be granted and that Plaintiff's amended complaint be dismissed with prejudice.

OBJECTIONS to this Report and Recommendation must be filed with the Clerk of Court within fourteen days of the date of service of this notice.    28 U.S.C. § 636(b)(1)(C).    Failure to file objections within the specified time waives the right to appeal the District Court's order.    *See Thomas v. Arn*, 474 U.S. 140 (1985); *United States v. Walters*, 638 F.2d 947 (6th Cir. 1981).

Respectfully submitted,

Date: August 21, 2025

/s/ Phillip J. Green
PHILLIP J. GREEN
United States Magistrate Judge

-14-